UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
BRIAN JOSEPH GREF,                              :
                                                :   **No. 20-CV-_____**
                    Plaintiff,                  :
                                                :   **NOTICE OF REMOVAL**
            -against-                           :
                                                :
AMERICAN INTERNATIONAL INDUSTRIES,              :
BRENNTAG NORTH AMERICA, BRENNTAG                :
SPECALITIES, INC.; CYPRUS AMAX MINERALS         :
CO.; CYPRUS MINES CORPORATION; DANA             :
CLASSIC FRAGRANCES, INC.; IMG HOLDINGS,         :
INC.; JOHNSON & JOHNSON; JOHNSON &              :
JOHNSON CONSUMER COMPANIES, INC.;               :
KOLMAR LABORATORIES, INC.; LUZENAC              :
AMERICA INC., PATRIACH PARTNERS, LLC,           :
JOHN DOE 1 through JOHN DOE 75 (fictitious)     :
                                                :
                    Defendants.                 :
------------------------------------------------------------------ x

TO:   THE JUDGES FOR THE UNITED STATES DISTRICT
      <u>COURT FOR THE SOUTHERN DISTRICT OF NEW YORK</u>:

PLEASE TAKE NOTICE that Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc. (f/k/a "Johnson & Johnson Consumer Companies, Inc.") (collectively "Removing Defendants"), under 28 U.S.C. §§ 1332, 1441, and 1446, by and through their undersigned counsel, hereby remove the action entitled *Gref. v. American International Industries, et al.*, filed in the Supreme Court of the State of New York, County of New York and bearing Index No. 190178/2020, to the United States District Court for the Southern District of New York.  As required by 28 U.S.C. § 1446(a), Removing Defendants set forth below a short and plain statement of the grounds for removal:

## INTRODUCTION

1.   Plaintiff Brian Joseph Gref commenced this action on or about July 8, 2020 by filing a Summons and Complaint in the Supreme Court of the State of New York, County of New

York. Copies of all pleadings, processes, and orders in the state court are attached hereto as **Exhibit A**.

2. In his Summons and Complaint, Plaintiff seeks money damages for personal injuries arising from Plaintiff's alleged exposure to asbestos and/or asbestos-containing products. (*See* Ex. A, Complaint, ¶3.) Removing Defendants deny Plaintiff's allegations.

3. On information and belief, defendants American International Industries, Brenntag North America, Brenntag Specialties, Inc., Cyprus AMAX Minerals Company, Cyprus Mines Corporation, Dana Classic Fragrances, Inc., IMG Holdings Inc., Kolmar Laboratories, Inc., Luzenac America Inc., and Patriarch Partners LLC have not yet been properly joined or served in this action, and therefore need not consent to removal. *See* 28 U.S.C. § 1446(b)(2)(A).

## GROUNDS FOR REMOVAL

4. This action may be removed under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1). On information and belief, there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Moreover, this action may be removed under 28 U.S.C. § 1441(b)(2) because, on information and belief, no defendant properly joined and in this action is a citizen of the State of New York. *See Gibbons v. Bristol-Myers Squibb Co.*, 919 F3d 699, 707 (2d Cir. 2019).

**I.    There is Complete Diversity of Citizenship Between the Parties**

5. Upon information and belief, at the time Plaintiff commenced this civil action, and at all times since, Plaintiff was and is a resident and a citizen of Jacksonville, Florida. (*See* Ex. A, Complaint ¶1.)

6. At the time Plaintiff commenced this civil action, and at all times since, Defendant Johnson & Johnson was and is a corporation organized and existing under the laws of

the State of New Jersey, with its principal place of business located in the State of New Jersey, and therefore is a citizen of the State of New Jersey for purposes of complete diversity. *See* 28 U.S.C. § 1332(c)(1).

7. At the time Plaintiff commenced this civil action, and at all times since, Defendant Johnson & Johnson Consumer Inc. was and is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business located in the State of New Jersey, and therefore is a citizen of the State of New Jersey for purposes of complete diversity. *See* 28 U.S.C. § 1332(c)(1).

8. At the time Plaintiff commenced this civil action, and at all times since, Defendant American International Industries was and is, on information and belief, a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of California and therefore is a citizen of the State of California and Delaware for purposes of complete diversity. *See* 28 U.S.C. § 1332(c)(1). Upon information and belief, and based upon a review of the state court's docket, American International Industries has not been properly joined and served in this action. *See* 28 U.S.C. § 1441(b)(2).

9. At the time Plaintiff commenced this civil action, and at all times since, Defendant Brenntag North America was and is, on information and belief, a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Pennsylvania and therefore is a citizen of the State of Pennsylvania and Delaware for purposes of complete diversity. *See* 28 U.S.C. § 1332(c)(1). Upon information and belief, and based upon a review of the state court's docket, Brenntag North America has not been properly joined and served in this action. *See* 28 U.S.C. § 1441(b)(2).

10. At the time Plaintiff commenced this civil action, and at all times since,

Defendant Brenntag Specialties, Inc. was and is, on information and belief, a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of New Jersey and therefore is a citizen of the State of New Jersey and Delaware for purposes of complete diversity. *See* 28 U.S.C. § 1332(c)(1). Upon information and belief, and based upon a review of the state court's docket, Brenntag Specialties, Inc. has not been properly joined and served in this action. *See* 28 U.S.C. § 1441(b)(2).

11. At the time Plaintiffs commenced this civil action, and at all times since, Defendant Cyprus AMAX Minerals Co. was and is, on information and belief, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Arizona, and therefore is a citizen of the States of Delaware and Arizona for purposes of complete diversity. *See* 28 U.S.C. § 1332(c)(1). Upon information and belief, and based upon a review of the state court's docket, Cyprus AMAX Minerals Co. has not been properly joined and served in this action. *See* 28 U.S.C. § 1441(b)(2).

12. At the time Plaintiffs commenced this civil action, and at all times since, Defendant Cyprus Mines Corporation was and is, on information and belief, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Arizona, and therefore is a citizen of the States of Delaware and Arizona for purposes of complete diversity. *See* 28 U.S.C. § 1332(c)(1). Upon information and belief, and based upon a review of the state court's docket, Cyprus Mines Corporation has not been properly joined and served in this action. *See* 28 U.S.C. § 1441(b)(2).

13. At the time Plaintiffs commenced this civil action, and at all times since, Defendant Dana Classic Fragrances, Inc. was and is, on information and belief, a corporation organized and existing under the laws of the State of Delaware with its principal place of business

in the State of New York, and therefore is a citizen of the States of Delaware and New York for purposes of complete diversity.  *See* 28 U.S.C. § 1332(c)(1).  Upon information and belief, and based upon a review of the state court's docket, Dana Classic Fragrances, Inc. has not been properly joined and served in this action.  *See* 28 U.S.C. § 1441(b)(2).

14.     At the time Plaintiffs commenced this civil action, and at all times since, Defendant IMG Holdings Inc. was and is, on information and belief, a corporation organized and existing under the laws of the State of New York with its principal place of business in the State of New York, and therefore is a citizen of the State of New York for purposes of complete diversity.  *See* 28 U.S.C. § 1332(c)(1).  Upon information and belief, and based upon a review of the state court's docket, IMG Holdings Inc. has not been properly joined and served in this action.  *See* 28 U.S.C. § 1441(b)(2).

15.     At the time Plaintiffs commenced this civil action, and at all times since, Defendant Kolmar Laboratories, Inc. was and is, on information and belief, a corporation organized and existing under the laws of the State of New York with its principal place of business in the State of New York, and therefore is a citizen of the State of New York for purposes of complete diversity.  *See* 28 U.S.C. § 1332(c)(1).  Upon information and belief, and based upon a review of the state court's docket, Kolmar Laboratories, Inc. has not been properly joined and served in this action.  *See* 28 U.S.C. § 1441(b)(2).

16.     At the time Plaintiffs commenced this civil action, and at all times since, Defendant Luzenac America, Inc. was and is, on information and belief, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California, and therefore is a citizen of the States of Delaware and California for purposes of complete diversity.  *See* 28 U.S.C. § 1332(c)(1).  Upon information and belief, and based upon

a review of the state court's docket, Luzenac America, Inc. has not been properly joined and served in this action.  *See* 28 U.S.C. § 1441(b)(2).

17. At the time Plaintiffs commenced this civil action, and at all times since, Defendant Patriarch Partners, LLC was and is, on information and belief, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York, and therefore is a citizen of the States of Delaware and New York for purposes of complete diversity.  *See* 28 U.S.C. § 1332(c)(1).  Upon information and belief, and based upon a review of the state court's docket, Patriarch Partners, LLC has not been properly joined and served in this action.  *See* 28 U.S.C. § 1441(b)(2).

18. Accordingly, this action involves "citizens of different States." 28 U.S.C. § 1332(a)(1).  Plaintiff is, on information and belief, a citizen of the State of Florida, and because no defendant properly joined and served in this action is a citizen of the State of Florida, removal of this action is proper under 28 U.S.C. § 1441(b)(2).

**II.     The Amount-In-Controversy Requirement is Satisfied**

19. The amount-in-controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from the face of Plaintiff's Summons and Complaint that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

20. A removing defendant need only show "a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount" of $75,000.  *United Food & Comm'l Workers Union v. Centermark Properties Meriden Square, Inc.*, 30 F.3d 298, 304-05 (2d Cir. 2004) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 2004)).

21. In determining the amount in controversy, a district court should first review the plaintiff's allegations.  *Samuels v. Elrac, Inc.*, 2006 U.S. Dist. LEXIS 72641 at *3 (E.D.N.Y. Oct.

5, 2006) (*citing Davenport v. Procter & Gamble Mfg. Co.*, 241 F.2d 511, 514 (2d Cir. 1957)). Here, Plaintiff seeks monetary damages for personal injuries caused by asbestos. (*See* Ex. A, Complaint). Such injuries are sufficient to create a "reasonable probability" that the amount in controversy exceeds $75,000. *See, e.g.*, *Felipe v. Target Corp.*, 572 F. Supp. 2d 455, 459 (S.D.N.Y 2008) (finding "reasonable probability" standard met where plaintiff did not specify amount of damages but alleged serious injury).

### III. Additional Procedural Matters

22. In addition to satisfying the requirements of diversity jurisdiction, Removing Defendants have satisfied all other requirements for removal.

23. Removal is timely because less than 30 days have passed since Plaintiff filed his Summons and Complaint on July 8, 2020. *See* 28 U.S.C. § 1446(b).

24. Plaintiff's Summons and Complaint provide a sufficient basis for removal of this action because it is clear from the face of that document that the requirements of 28 U.S.C. § 1332(a) are satisfied. *See generally Christian, Klein & Cogburn v. NASD*, 970 F. Supp. 276, 278 (S.D.N.Y. 1997) ("an initial document, by whatever name, which contains enough information to allow defendant to intelligently ascertain removability qualifies as an initial pleading" for purposes of 28 U.S.C. § 1446(b)) (internal quotations omitted)).

25. In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders in the state court action is attached hereto collectively as **Exhibit A**.

26. In accordance with 28 U.S.C. § 1446(d), Removing Defendants will promptly provide written notice of the filing of this Notice of Removal to Plaintiffs and shall file a copy of this Notice along with a Notice of Removal to Federal Court with the Clerk of the Supreme Court of the State of New York, County of New York, where this action currently is pending.

27. Based upon the allegations in Plaintiff's Summons and Complaint, the proper

venue for removal of this action under 28 U.S.C. § 112(b) is the United States District Court for the Southern District of New York because this District embraces the Supreme Court of the State of New York, County of New York, the forum in which the removed action was pending.

28. Should any question arise as to the propriety of the removal of this action, the Removing Defendants request the opportunity to brief any disputed issues and to present oral argument in support of their position.

WHEREFORE, Removing Defendants give notice that this matter in the Supreme Court of the State of New York, County of New York, bearing Index No. 190178/2020, is hereby removed to the United States District Court for the Southern District of New York, and request that this Court retain jurisdiction for all further proceedings in this matter.

Dated:   July 20, 2020

Respectfully Submitted,

PATTERSON BELKNAP WEBB & TYLER LLP

By: /s/ Thomas P. Kurland
       John D. Winter
       Thomas P. Kurland
1133 Avenue of the Americas
New York, NY 10036
Telephone:  (212) 336-2000
Facsimile:  (212) 336-2222
Email:  jwinter@pbwt.com
             tkurland@pbwt.com

*Attorneys for Defendants Johnson & Johnson, and Johnson & Johnson Consumer Inc.*