UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
BRIAN JOSEPH GREF,                                              :
                                      Plaintiff,       :
                  --against--                              :
                                                                   :
AMERICAN INTERNATIONAL INDUSTRIES,                              :
*individually and as successor-in-interest for the*             :
CLUBMAN BRAND, and to THE NESLEMUR                              :
COMPANY and PINAUD COMPANY; BRENNTAG                            :
NORTH AMERICA, BRENNTAG SPECIALTIES, INC.                       :
*as successor-in-interest to* MINERAL PIGMENT                   :
SOLUTIONS, INS., *as successor-in-interest to*                  :
WHITAKER CLARK & DANIELS, INC.; COLGATE-                        :
PALMOLIVE COMPANY, *as successor-in-interest to*                :
THE MENNEN COMPANY; CYPRUS AMAX                                 :
MINERALS COMPANY, *sued individually, doing*                    :
*business as, and as successor to* AMERICAN TALC                :
COMPANY, METROPOLITAN TALC CO. INC., and                        :
CHARLES MATHIEU, INC and SIERRA TALC                            :
COMPANY and UNTIED TALC COMPANY; CYPRUS                         :  **CONFIDENTIALITY**
MINES CORPORATION *individually, doing business as,*            :  **STIPULATION AND**
*and as successor-in-interest to* AMERICAN TALC                 :  **[PROPOSED] PROTECTIVE**  *DF*
COMPANY, METROPOLITAN TALC CO. INC.,                            :  **ORDER**
CHARLES MATHIEU INC., CYRPRUS INDUSTRIAL                        :
MINERALS COMPANY, WINDSOR MINERALS INC.,                        :  Case No. 1:20-CV-05589
and VERMONT TALC; DANA CLASSIC                                  :
FRAGRANCES, INC.; IMG HOLDINGS, INC.;                           :
JOHNSON & JOHNSON; JOHNSON & JOHNSON                            :
CONSUMER COMPANIES, INC.; KOLMAR                                :
LABORATORIES, INC.; LUZENAC AMERICA INC.,                       :
PATRIACH PARTNERS, LLC; SHULTON, INC.;                          :
THE NESLEMUR COMPANY;                                           :
THE PROCTER & GAMBLE MANUFACTURING                              :
COMPANY *as successor-in-interest to* SHULTON INC.;             :
WHITTAKER CLARK & DANIELS, INC.;                                :
WHITTAKER CLARK & DANIELS, INC. *Individually*                  :
*and as successor to* CHARLES MATHIEU, INC. and                 :
METROPOLITAN TALC CO.; JOHN DOE 1 through                       :
JOHN DOE 75 (fictitious),                                       :
                                        Defendants.      :
------------------------------------------------------------------x

1

WHEREAS, all parties to this action (collectively, the "Parties" and individually, a "Party") desire to enter into a stipulation and request that this Court enter an order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information produced by Defendant Patriarch Partners, LLC (the "Producing Party") that it may need to disclose in connection with discovery in this action;

WHEREAS, the parties intend this stipulation to apply to "Discovery Material" (*i.e.*, information of any kind produced or disclosed by the Producing Party in the course of discovery in this action only), and entry into this stipulation is not a concession that any of the information stipulated as confidential is a finding of confidentiality by this or any Court;

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned Parties through their respective counsel, that:

1. With respect to Discovery Material Producing Party has designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to this Confidentiality Stipulation and Protective Order, no person subject to this Confidentiality Stipulation and Protective Order may disclose such Discovery Material to anyone else except as this Confidentiality Stipulation and Protective Order expressly permits.

2. The Producing Party, when producing or disclosing Discovery Material, may designate as "Confidential" only the portions of such material that it reasonably and in good faith believes consists of non-public, confidential or proprietary information. The Producing Party may designate as "Highly Confidential – Attorneys' Eyes Only" only the portions of Discovery Material that the Producing Party reasonably and in good faith believes to contain trade secrets, highly confidential financial information, marketing strategies, and other categories of information the disclosure of

which to another Party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

3. With respect to the Confidential or Highly Confidential – Attorneys' Eyes Only portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party may designate such portion as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by: (a) stamping or otherwise clearly marking as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility; and (b) when appropriate, producing for future public use another copy of said Discovery Material with the confidential information redacted.

4. The Producing Party may designate deposition exhibits or portions of deposition transcripts as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential or Highly Confidential – Attorneys' Eyes Only information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it with the appropriate designation, or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential" and "Highly Confidential – Attorneys' Eyes Only in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Highly Confidential – Attorneys' Eyes Only.

5. If at any time before the trial of this action the Producing Party realizes that it should have designated as Confidential or Highly Confidential – Attorneys' Eyes Only some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Confidentiality Stipulation and Protective Order will treat such designated portion(s) of the Discovery Material as Confidential or Highly Confidential – Attorneys' Eyes Only.

6. Nothing contained in this Confidentiality Stipulation and Protective Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7. Where the Producing Party has designated Discovery Material as Confidential, other persons subject to this Confidentiality Stipulation and Protective Order may disclose such information only to the following persons:

  (a) the Parties to this action, their insurers, and counsel to their insurers;

  (b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

  (c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

  (d) any mediator or arbitrator that the Parties engage in this matter or that

|     |     |
| --- | --- |
|     | this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; |
| (e) | as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy; |
| (f) | any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; |
| (g) | any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; |
| (h) | stenographers engaged to transcribe depositions the Parties conduct in this action; and |
| (i) | this Court, including any appellate court, its support personnel, and court reporters. |

8. Where the Producing Party has designated Discovery Material as Highly Confidential – Attorneys' Eyes Only, persons subject to this Confidentiality Stipulation and Protective Order may disclose such information only to the categories of persons identified in paragraph 7 above except for the Parties, as referenced in paragraph 7(a), and witnesses identified in paragraph 7(f).

9. Before disclosing any Confidential Discovery Material to any person

5

referred to in subparagraphs 7(d), 7(f), or 7(g) above or Highly Confidential Material to any person referred to in subparagraphs 7(d) or 7(g) above, counsel must provide a copy of this Confidentiality Stipulation and Protective Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Confidentiality Stipulation and Protective Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

10. Any party seeking to file a document designated Confidential or Highly Confidential – Attorneys' Eyes Only with the Court or to file a document including redacted portions that contain Discovery Material designated Confidential or Highly Confidential – Attorneys' Eyes Only shall follow this Court's procedures for the filing of documents under seal and redacted documents as detailed in paragraph I.D. of the Individual Rules and Practices of Judge George B. Daniels (the Court's Rules") and paragraph III. B of the Individual Practices of Magistrate Judge Debra Freeman to the extent not inconsistent with the Court's Rules, which Court's Rules shall control.

11. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection, and counsel shall attempt to resolve such conflict in good faith. If the Parties cannot reach agreement promptly, the Producing Party shall, within thirty (30) days of the initial objection, request by letter motion that the Court maintain "Confidential" designation. Any such materials shall be treated as Confidential until the parties resolve the conflict or the Court issues its ruling

6

regarding the conflict.

12. Recipients of Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material under this Confidentiality Stipulation and Protective Order may use such material solely for the prosecution and defense of this action and any appeals therefrom, and not for any business, commercial, or competitive purpose or in any other litigation or arbitral proceeding. Nothing contained in this Confidentiality Stipulation and Protective Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action, or with respect to any information to which a Party has an independent lawful right.

13. Nothing in this Confidentiality Stipulation and Protective Order will prevent any Party from producing any Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure, to the fullest extent legally permissible. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

14. Each person who has access to Discovery Material designated as Confidential or Highly Confidential – Attorneys' Eyes Only pursuant to this Confidentiality Stipulation and Protective Order must take all due reasonable precautions to prevent the unauthorized or inadvertent disclosure of such material.

15. If, in connection with this litigation, and despite having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, the Producing Party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

16. If the Producing Party makes a written claim of inadvertent disclosure, all receiving persons shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

17. If a receiving Party thereafter moves the Court for an order compelling production of the Inadvertently Disclosed Information, that motion shall be filed under seal, and shall not assert as a ground for entering such an order the mere fact of the inadvertent production. The Producing Party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Confidentiality Stipulation and Protective Order shall limit the right of any party to request an *in camera review* of the Inadvertently Disclosed Information.

18. Within 60 days of the final disposition of this action – including all appeals – all recipients of Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or

8

destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material.  Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material.  Any such archival copies that contain or constitute Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material remain subject to this Confidentiality Stipulation and Protective Order.

19. This Confidentiality Stipulation and Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material is produced or disclosed.

20. The Parties agree that money damages may not be a sufficient remedy for any breach of this Confidentiality Stipulation and Protective Order and that they may be irreparably harmed in the event of such a breach.  Accordingly, in addition to any other remedies to which it may be entitled by law or in equity, the Parties shall have the right to seek specific performance and injunctive or other equitable relief as a remedy for any breach of this Confidentiality Stipulation and Protective Order (regardless of whether damages may or may not be readily quantifiable and without posting a bond or other security).  Further, the remedies provided for herein are cumulative and not exclusive of any remedies provided by law or in equity.

21. This Court will retain jurisdiction over all persons subject to this Confidentiality Stipulation and Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof. For the avoidance of doubt, this Confidentiality Stipulation and Protective Order shall constitute a stipulation enforceable upon the Parties without regard to whether the Court enters it as an Order.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.]

[SIGNATURE PAGE TO FOLLOW]

SO STIPULATED AND AGREED as of this 29th day of July, 2021.

SIMMONS HANLY CONROY

By: _____
    James M. Kramer

112 Madison Avenue, 7th Floor New York,
New York 10016
(212) 784-6412

*Counsel for Plaintiff*

HAWKINS PARNELL YOUNG, LLP

By: _____
    Alfred J. Sargente

600 Lexington Avenue, 8th Floor
New York, New York 10022

*Counsel for Defendant American International Industries*

GOLDBERG SEGALLA

By: *David E. Rutkowski*
    David E. Rutkowski
1037 Raymond Boulevard, Suite 1010
Newark, New Jersey 07102

*Counsel for The Procter & Gamble Company and Shulton, Inc.*

CLYDE & CO US LLP

By: _____
    Jeffrey Fegan
405 Lexington Avenue, 16th Floor
New York, New York 10174

*Counsel for Kolmar Laboratories, Inc.*

ALLEGAERT BERGER & VOGEL LLP

By: _____
    David A. Berger
111 Broadway, 20th Floor
New York, New York 10006
(212) 571-0550

*Counsel for Defendant Patriarch Partners, LLC*

GORDON REES SCULLY MANSUKHANI LLP

By: _____
    Virginia Squitieri
1 Battery Park Plaza, 28th Floor
New York, New York 10004

*Counsel for Defendant Colgate Palmolive Company*

LANDMAN CORSI BALLAINE & FORD P.C.

By: *Janelle N. Winters*
    Janelle N. Winters
One Gateway Center, 4th Floor
Newark, New Jersey 07102-5311
*Counsel for Whittaker Clark & Daniels, Inc.*

Hoagland Longo Moran Dunst & Doukas, LLP

By: _____

*Counsel for Brenntag Specialities, Inc.*

SO ORDERED.   10/5/2021

_____
Debra Freeman
United States Magistrate Judge

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
BRIAN JOSEPH GREF,                               :
                       Plaintiff,      :
          --against--                       :
 :
AMERICAN INTERNATIONAL INDUSTRIES,               :
*individually and as successor-in-interest for the*  :
CLUBMAN BRAND, and to THE NESLEMUR               :
COMPANY and PINAUD COMPANY; BRENNTAG             :
NORTH AMERICA, BRENNTAG SPECIALTIES, INC. :
*as successor-in-interest to* MINERAL PIGMENT    :
SOLUTIONS, INS., *as successor-in-interest to*   :
WHITAKER CLARK & DANIELS, INC.; COLGATE-         :
PALMOLIVE COMPANY, *as successor-in-interest to* :
THE MENNEN COMPANY; CYPRUS AMAX                  :
MINERALS COMPANY, *sued individually, doing*     :
*business as, and as successor to* AMERICAN TALC :
COMPANY, METROPOLITAN TALC CO. INC., and         :
CHARLES MATHIEU, INC and SIERRA TALC             :
COMPANY and UNTIED TALC COMPANY; CYPRUS :   **NON-DISCLOSURE**
MINES CORPORATION *individually, doing business as,* : **AGREEMENT**
*and as successor-in-interest to* AMERICAN TALC  :
COMPANY, METROPOLITAN TALC CO. INC.,             :   Case No. 1:20-CV-05589
CHARLES MATHIEU INC., CYRPRUS INDUSTRIAL         :
MINERALS COMPANY, WINDSOR MINERALS INC., :
and VERMONT TALC; DANA CLASSIC                   :
FRAGRANCES, INC.; IMG HOLDINGS, INC.;            :
JOHNSON & JOHNSON; JOHNSON & JOHNSON             :
CONSUMER COMPANIES, INC.; KOLMAR                 :
LABORATORIES, INC.; LUZENAC AMERICA INC., :
PATRIACH PARTNERS, LLC; SHULTON, INC.;           :
THE NESLEMUR COMPANY;                            :
THE PROCTER & GAMBLE MANUFACTURING               :
COMPANY *as successor-in-interest to* SHULTON INC.; :
WHITTAKER CLARK & DANIELS, INC.;                 :
WHITTAKER CLARK & DANIELS, INC. *Individually*   :
*and as successor to* CHARLES MATHIEU, INC. and  :
METROPOLITAN TALC CO.; JOHN DOE 1 through        :
JOHN DOE 75 (fictitious),                        :
 :
                     Defendants.   :
------------------------------------------------------------------x

2

I,_____, acknowledge that I have read and understand the Confidentiality Stipulation and Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential Attorneys' Only by Defendant Patriarch Partners, LLC and/or its counsel.  I agree that I will not disclose such Confidential or Highly Confidential Attorneys' Eyes Only Discovery Material to anyone other than those specifically authorized by the Confidentiality Stipulation and Protective Order and will not use any of this information other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it.  By acknowledging these obligations under the Confidentiality Stipulation and Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Confidentiality Stipulation and Protective Order could subject me to punishment for contempt of Court.

_____

Dated: