# EXHIBIT V

```
 1              CIVIL DISTRICT COURT
            FOR THE PARISH OF ORLEANS
 2              STATE OF LOUISIANA
                     - - -
 3
    VITA C. CHENET,        : No. 2018-12536
 4        Plaintiff,       : Section 6
                           : Division "L"
 5        V.               :
                           :
 6  COLGATE-PALMOLIVE      :
    CO., et al.,           :
 7        Defendants.      :
 8                   - - -
 9              MARCH 4, 2021
10                   - - -
11
12           Remote deposition of
13  JACQUELINE MOLINE, M.D., commencing at
14  11:06 a.m., on the above date, before
15  Margaret Peoples, a Registered
16  Professional Reporter and Notary Public
17  in and for the States of Pennsylvania,
18  New York and Connecticut.
19
20
                     - - -
21
22     GOLKOW LITIGATION SERVICES
       877.370.3377 ph/917.591.5672 fax
23           deps@golkow.com
24
```

Golkow Litigation Services                                      Page 1

```
 1   A P P E A R A N C E S :
 2   THE CHEEK LAW FIRM
     BY: LINDSEY CHEEK, ESQUIRE
 3   650 Poydras Street
     Suite 2310
 4   New Orleans, Louisiana 70130
     (504) 304-4333
 5   lcheek@thecheeklawfirm.com
     Counsel for the Plaintiff
 6   (via Zoom)
 7
     KING & SPALDING
 8   BY: MORTON D. DUBIN, II, ESQUIRE
     1185 Avenue of the Americas
 9   34th Floor
     New York, New York 10036
10   (212) 790-5343
     mdubin@kslaw.com
11   Counsel for the Defendant Johnson &
     Johnson
12   (via Zoom)
13
     FOLEY & MANSFIELD
14   BY: PETER M MULARCZYK, ESQUIRE
     300 South Grand Avenue
15   Suite 2800
     Los Angeles, California 90071
16   (213) 283-2153
     pmularczyk@foleymansfield.com
17   Counsel for the Defendant
     Colgate-Palmolive Company
18   (via Zoom)
19
     GALLOWAY
20   BY:  JEFFREY J. SIEMANN, ESQUIRE
     701 Poydras Street, 40th Floor
21   New Orleans, Louisiana 70139
     (504) 525-6802
22   jsiemann@gallowaylawfirm.com
     Counsel for the Defendant K&B Louisiana
23   Corporation
     (via Zoom)
24                         -  -  -
```

```
 1          I'm going to keep going, and then
 2          I guess we can make a record on
 3          this.
 4   BY MR. MULARCZYK:
 5          Q.   All right.  Dr. Moline, I'm
 6   showing you your expert report in the
 7   Betty Bell case that's dated May 5, 2016.
 8          Do you see that?
 9          A.   Yes.
10          MS. CHEEK:  Object to the
11          form.  I'm going to object to this
12          entire line of questioning.  And I
13          think you're borderline blowing
14          some privacy issues here also.
15          Leah Kagan needs to be on
16          the call if you're going to ask
17          questions in a deposition that
18          anyone can get a copy of, that I
19          do not represent.
20          MR. MULARCZYK:  I guess,
21          what's the distinction between
22          this and Dr. Moline being
23          cross-examined on any one of her
24          other prior cases in any other
```

1 case?
2 MS. CHEEK: Counsel for this
3 plaintiff is not here. And this
4 case has -- Betty Bell is not the
5 plaintiff. We are here on Vita
6 Chenet.
7 So you sitting here and
8 trying to go into something for a
9 totally different person that I
10 know nothing about, it's
11 detrimental to my case and to my
12 client and to my time.
13 MR. MULARCZYK: So do you
14 require counsel to be present on
15 any prior case that your experts
16 get cross-examined on?
17 MS. CHEEK: I'm not
18 testifying today. All right. I'm
19 telling you this is inappropriate.
20 I don't see the point. It's
21 irrelevant to this case.
22 I get what you're trying to
23 do. But this is a -- you're
24 trying to do a trial cross here,

1   and this is not the time to do
2   that.
3           And you're not licensed in
4   Louisiana, and I'm not going to --
5   which I have an agreement with,
6   but this is --
7           MR. MULARCZYK:  I guess I'm
8   still not hearing what the
9   objection is.
10          MS. CHEEK:  Relevance.  Way
11  outside the scope of the
12  deposition notice.  I don't know
13  anything about this case.  There's
14  no foundation.  A plethora of good
15  objection basis there, too.
16          You can ask her questions.
17  And if she wants to answer, that's
18  her prerogative.  I'm telling you
19  this is inappropriate.
20  BY MR. MULARCZYK:
21      Q.   Dr. Moline, let me ask you
22  broadly speaking.  Based on what you know
23  about Ms. Betty Bell's case and her
24  occupational history, would this have

1  been a case that you would have included
2  or excluded from the paper?
3           MS. CHEEK:  Object to the
4      form.
5           THE WITNESS:  I'm not going
6      to discuss that because that's
7      identifying whether someone might
8      or might not be in the paper.
9  BY MR. MULARCZYK:
10      Q.    Okay.  Let me show you a
11  different report.
12           Dr. Moline, I'm now showing
13  you your expert report in the case of
14  Doris Jackson, dated May 3, 2016.
15           Do you see this?
16      A.    Yes.
17      Q.    Based on the circumstances
18  that you're aware of for Ms. Jackson's
19  case, would this have been a case that
20  you would have excluded or included as --
21           MS. CHEEK:  Object --
22           MR. MULARCZYK:  Sorry.  I
23      wasn't done yet.
24  BY MR. MULARCZYK:

1       Q.    Would this have been a case
2   that you would have included or excluded
3   under the umbrella of no known exposure
4   to asbestos from your paper?
5              MS. CHEEK:  Object to the
6        form.
7              THE WITNESS:  I am not going
8        to go through every case I have
9        ever written a report about and
10       tell you whether I would have
11       included or excluded them in a
12       backward fishing expedition for
13       you to get me to identify who
14       might be in the paper.
15             So I will not answer
16       questions about individual cases
17       in the context of whether they
18       would have been included or not in
19       the paper.
20             MR. MULARCZYK:  Just to make
21       the record clear, I'm asking these
22       questions because in Ms. Chenet's
23       case there have been essentially
24       33 other cases that have been

```
 1                C E R T I F I C A T E
 2

                 I HEREBY CERTIFY that the
 3    witness was duly remotely sworn by me and
      that the remote deposition is a true
 4    record of the testimony given by the
      witness.
 5

 6

 7

 8
                        [signature: Margaret A. Peoples]
 9         _____
           Margaret Peoples, RPR
10         Dated: March 4, 2021
11
12
13
14
15
16
17
18
19              (The foregoing certification
20    of this transcript does not apply to any
21    reproduction of the same by any means,
22    unless under the direct control and/or
23    supervision of the certifying reporter.)
24
```