UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| BRIAN JOSEPH GREF, | x<br>:<br>: | Case No.: 1:20-cv-5589 |
| Plaintiff, | :<br>: | |
| -against- | :<br>: | |
| AMERICAN INTERNATIONAL INDUSTRIES, et al., | :<br>:<br>: | |
| Defendants. | :<br>:<br>x | |

**DEFENDANT WHITTAKER CLARK & DANIELS' MEMORANDUM
OF LAW IN OPPOSITION TO NON-PARTY NORTHWELL
HEALTH MOTION TO "MODIFY" SUBPOENA, and IN SUPPORT OF
WHITTAKER'S CROSS-MOTION TO ENFORCE THE SUBPOENA**

On the Brief:

>    Christopher S. Kozak, Esq.
>    LANDMAN CORSI BALLAINE & FORD P.C.
>    Attorneys for Defendant Whittaker Clark & Daniels
>    One Gateway Center, 22nd Floor
>    Newark, NJ 07102
>    (973) 623-2700 (P)
>    (973) 623-4496 (F)

4875-5219-1807v.1

**PRELIMINARY STATEMENT**

Whittaker Clark & Daniels (WCD) hereby opposes Northwell Health's Motion to "Modify" WCD's October 14, 2022 Subpoena *Duces Tecum*, and Cross-Moves for the Enforcement of that Subpoena pursuant to Fed. R. Civ. P. 45. (*See* **Exh. A** to Declaration of Christopher S. Kozak ("Kozak Declaration"), WCD's Subpoena).

Northwell also filed a nearly identical Motion to Modify with respect to a Subpoena served on it by defendant A-I-I (American International Industries) in this matter on or about September 28, 2022. (*See* **Exh. B** to Kozak Declaration, A-I-I's Subpoena). A-I-I's Subpoena sought very similar information as WCD's Subpoena, except to the extent that WCD's Subpoena arguably calls for a more broad disclosure of the materials reviewed and litigation reports prepared by Northwell's employee Dr. Jacqueline Moline.

Because the arguments are so similar, and to conserve judicial time and resources, WCD adopts the Preliminary Statement, Statement of Facts (including all submitted supporting Exhibits), and Legal Arguments filed today by A-I-I in its Opposition to Northwell's Motion against its Subpoena and in support of its Cross-Motion to Compel Enforcement of its Subpoena. For all those reasons, including those added or emphasized below or in oral argument (if permitted), WCD asks the Court to deny Northwell's Motion to Modify WCD's Subpoena, and to grant the Cross-Motion to Enforce compliance with WCD's Subpoena.

**STATEMENT OF ADDITIONAL FACTS**

WCD adopts and joins A-I-I's discussion of the facts, which it filed today.

As additional information, on October 14, 2022, WCD served a Subpoena, which, among other things, sought the names of subjects and all data, transcripts, and litigation materials (including the legal causation reports written by Dr. Jacqueline Moline) that related to a 2020

article entitled, *"Mesothelioma Associated with the Use of Cosmetic Talc"* (hereinafter "Article"). Except for providing a handful of invoices, Northwell has not complied with the Subpoena and, for that reason, WCD moves here to compel its enforcement pursuant to Fed. R. Civ. P. 45.

Instead of complying with the Subpoena, on November 4, 2022, Northwell moved to "modify" it in order to prevent disclosure of the names of the 33 individuals discussed in the Article, and to block the need to produce any underlying documentation upon which the Article is based. Because all of the material upon which the Article is based already has been disclosed, used, and shared in the 33 individual's lawsuits throughout the country, WCD seeks the names of the individuals that correspond with the numbers assigned to them in the Article, as well as the underlying information upon which Dr. Moline relied for the conclusions she reached. WCD is seeking this information so that it may explore whether Dr. Moline made mistakes, ignored data, or failed to perform thorough investigations when she concluded that those 33 individuals had no asbestos exposures in their lifetimes.

As further background, the action before this Court arises out of a lawsuit by Plaintiff Brian Gref, asserting that his alleged use of talcum products caused him to develop peritoneal mesothelioma. One of the most hotly contested issues in this case will be causation, and, specifically, general causation – whether normal consumer use of cosmetic talc is capable of causing cancer. Plaintiff has hired Dr. Moline to be his causation expert. She intends to rely on her own Article as evidence that cosmetic talc is capable of causing peritoneal mesothelioma.

Indeed, at depositions and Trials since January 2020, Dr. Moline (and others) have pointed to the Article as proof that routine talcum use is capable of causing cancer and emphasize that the litigants in the Article, because Dr. Moline says so, had no asbestos exposures. When defendants have asked Dr. Moline to identify the litigants in order to investigate their backgrounds and explore whether she left anything out or failed to perform thorough investigations as to any or all of the 33

3

cases included in her Article, she has refused, contending that their names are not hers to disclose and referred to parties to her employer Northwell Health. This unfairly restricts defendants' ability to cross examine Dr. Moline in this case.

With the information sought in its Subpoena, WCD intends to cross examine Dr. Moline by showing that each and every one of the subjects in her Article either had proven exposures to asbestos that she failed to report or that there were dozens of potential sources of exposure that she failed to consider. Unfortunately, without the identities of those individuals, without their Responses to Interrogatories, without their sworn testimonies, and without Dr. Moline's litigation reports in those matters, WCD will be unable to effectively explore those issues with her.

Notably also, Northwell relied almost exclusively on the December 18, 2020 Affidavit by Dr. Moline, which contains no documentary support from Northwell to support the statements Dr. Moline made in the following paragraphs: ¶10, 16, 17, 18, 19, 20 (Dr. Moline's "application" for IRB approval, nor the IRB proof of "approval"), ¶11 (documentation relative to the Northwell HRPP's scope, policies, practices, procedures); nor, ¶12, 14, 15, 24 (documentation relative to the Northwell IRB's scope, policies, practices, procedures). (*See* **Exh. C** to Kozak Declaration, Dr. Moline's 12/18/20 Affidavit). Moreover, in ¶21-23, & 25 Dr. Moline stated that since the Article was written, she has kept information to herself about the identities of the litigants she had previously been hired to advocate for, but in ¶8 (stating "The Article was based on our analysis of thirty-three individuals with malignant mesothelioma who had no known asbestos exposure other than to cosmetic talcum powder") she said nothing about the fact that each of those individuals had filed lawsuits related to those conditions and that she had written litigation reports in each of those cases. *Id.*

Despite the lack of forthcomingness by Dr. Moline in her Affidavit, Northwell argues that the 33 litigants "would not" have disclosed their health information were in not for the fact that

4

they were part of Dr. Moline's research study. Of course, that is not accurate because each and every one of those people discussed in the study *already* *had* waived any privacy interests they may have had when they sought compensation for their conditions in courts around the county. The timing of those litigation waivers and the information / materials already disclosed in those other lawsuits by the individuals, their counsel, and Dr. Moline in those other matters is dispositive here.

## LEGAL ARGUMENT

WCD adopts and joins A-I-I's legal arguments, which it filed today.

## CONCLUSION

Based upon the foregoing, as well as the arguments and evidence submitted in support of defendant A-I-I's Opposition and Cross-Motion to Enforce its Subpoena *Duces Tecum*, WCD respectfully requests that the non-party Northwell Health's Motion to Modify be denied and that WCD's Cross-Motion to Compel Enforcement of its Subpoena be granted pursuant to Fed. R. Civ. P. 45.

By: /s/ *Christopher S. Kozak*
/s/ *Janelle N. Winters*
Christopher S. Kozak, Esq.
Janelle N. Winters, Esq.
LANDMAN CORSI BALLAINE & FORD P.C.
Attorneys for Defendant WCD
One Gateway Center, 22nd Floor
Newark, NJ 07102
(973) 623-2700 (P)
(973) 623-4496 (F)
ckozak@LCBF.com
jwinters@LCBF.com

Dated: November 21, 2022

**AFFIRMATION OF SERVICE**

I, Christopher S. Kozak, certify that on this day, the 21st of November, 2022, a true and correct copy of WCD's Memorandum in Opposition to non-party Northwell Health's Motion to Modify and in support of its Cross-Motion to Compel Subpoena Enforcement was electronically filed and served upon the following counsel of record for the non-party Northwell and for Plaintiff:

        James M. Kramer, Esq.
        Simmons Hanly Conroy
        112 Madison Avenue
        New York, NY 10016

        Nathan A. Huff, Esq.
        K&L Gates LLP
        430 Davis Drive
        Morrisville, NC 27560

By:   /s/ *Christopher S. Kozak*
       Christopher S. Kozak, Esq.
       LANDMAN CORSI BALLAINE & FORD P.C.
       Attorneys for Defendant WCD
       One Gateway Center, 22nd Floor
       Newark, NJ 07102
       (973) 623-2700 (P)
       (973) 623-4496 (F)
       ckozak@LCBF.com

Dated: November 21, 2022

4875-5219-1807v.1