IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **BRIAN JOSEPH GREF,**<br><br>Plaintiff,<br><br>v.<br><br>**AMERICAN INTERNATIONAL INDUSTRIES,** *et al.***,**<br><br>Defendant. | No. 1:20-cv-005589-GBD-DCF<br><br>**CONSOLIDATED RESPONSE IN OPPOSITION TO SUBPOENAING DEFENDANTS' NOVEMBER 21, 2022 CROSS-MOTIONS TO ENFORCE SUBPOENAS** |

Pursuant to Federal Rule of Civil Procedure 45(d)(3), Local Civil Rules 5.2(b), 6.1(a) and 7.1, and Your Honor's Individual Rules, non-party Northwell Health, Inc. ("Northwell") hereby responds in opposition to Defendants American International Industries, Inc.'s ("AII") and Whittaker, Clark & Daniels, Inc.'s ("WCD") (together, "Subpoenaing Defendants") respective November 21, 2022 cross-motions to enforce their subpoenas ("Cross-Motions").[1]  The Court should disallow the Cross-Motions given that they would effectively permit Subpoenaing Defendants to file improper sur-replies.  Alternatively, the Court should deny the Cross-Motions for the reasons articulated by Northwell in its motions to modify the subpoenas and supporting papers.

---

[1] WCD's Cross-Motion "adopts the Preliminary Statement, Statement of Facts (including all submitted supporting Exhibits), and Legal Arguments filed . . . by [AII] in its Opposition to Northwell's Motion against its Subpoena and in support of its Cross-Motion to Compel Enforcement of its Subpoena."  (ECF No. 280, p. 2; ECF No. 281, p. 2)  Accordingly, for simplicity and to preserve judicial resources, Northwell files this single, consolidated response in opposition.

314161777.4

## I.   BACKGROUND

AII and WCD served subpoenas on Northwell on September 28, 2022 and October 14, 2022, respectively ("Subpoenas"). (ECF No. 265-1, Exs. A and B)  In response, on October 12, 2022 and October 31, 2022, respectively, Northwell filed objections to the Subpoenas. (*See, e.g.*, ECF No. 282-3)

On November 4, 2022, pursuant to a mutually agreed extension, Northwell filed separate motions to modify the Subpoenas pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure ("Motions to Modify," ECF Nos. 264, 267), seeking an Order enjoining Subpoenaing Defendants from compelling Northwell to identify research subjects referenced in any of Dr. Moline's Institutional Review Board ("IRB")-approved research articles ("Research Subjects"), or to produce documentation from which the identities of such subjects can be ascertained.[2]  Northwell premised its Motions to Modify on various privacy and confidentiality grounds that recognize Research Subjects' entitlement to anonymity. (*See* ECF No. 266, p. 3; ECF No. 269, p. 3) Contemporaneously with its Motions to Modify, Northwell made a responsive document production to the extent the Subpoenas did not call for disclosure of the Research Subjects' identities (and to the extent they Subpoenas were otherwise non-objectionable).

Subpoenaing Defendants filed separate responses in opposition to Northwell's Motions to Modify (the "Responses") on November 21, 2022.[3] (ECF Nos. 279-81)  However, the Responses do not simply oppose Northwell's Motions to Modify; they include Cross-Motions seeking to

---

[2] AII's Subpoena seeks documents pertaining to Dr. Moline's IRB-approved, peer-reviewed article entitled "Mesothelioma Associated with the Use of Cosmetic Talc." (*See* ECF No. 265-1, pp. 5, 8-14)  WCD's Subpoena seeks these documents as well, but also seeks documents "relating to any publication authored or co-authored by Dr. Moline while employed by Northwell . . . ."  (ECF No. 268-2, p. 2)

[3] Pursuant to this Court's November 16, 2022 Order (ECF No. 276), Northwell will separately reply to Subpoenaing Defendants' Responses by December 2, 2022.

2

compel Northwell to disclose the identities of the Research Subjects.  (ECF No. 279, pp. 27-28; ECF No. 280, p. 2; ECF No. 281)  Subpoenaing Defendants did not separately brief their Cross-Motions, but instead merely cross-referenced the facts and arguments from their Responses.  (*See* ECF No. 279, pp. 27-28; ECF No. 280, p. 5)

## II.     ARGUMENT

### A.     Subpoenaing Defendants' Cross-Motions Would Effectively Allow Improper Sur-Replies to Northwell's Motions to Modify, and Should be Disallowed.

AII's Cross-Motion—and therefore WCD's Cross-Motion (which adopted wholesale AII's legal arguments, *see supra* n.1)—consists of a solitary paragraph, wherein Subpoenaing Defendants vaguely request that the Court "compel[] Northwell to comply with" their Subpoenas based solely on the verbatim arguments and facts from AII's Response.  (*See* ECF No. 279, pp. 27-28; ECF No. 280, p. 2; ECF No. 281)  Given that Subpoenaing Defendants did not separately brief their Cross-Motions and instead rely entirely on the arguments contained in their Responses, any replies in support of the Cross-Motions would be inappropriate, as they would effectively constitute sur-replies to Northwell's Motions to Modify.  *See SEC v. Xia*, 2022 WL 2784871, at *1 (E.D.N.Y. July 15, 2022) ("Sur-replies are appropriate only in 'the exceptional though rare case' when a 'party demonstrates to the court that papers to which it seeks to file a reply raise new issues which are material to the disposition of the question before the court,' or when '[the court] determines . . . that it wishes further briefing . . . and orders the submission of additional papers.'" (quoting *United States v. Int'l Bus. Machines Corp.*, 66 F.R.D. 383, 384 (S.D.N.Y. 1975))).  Neither the Federal Rules of Civil Procedure, the Local Civil Rules, nor your Honor's Individual Practices contemplate non-movants' ability to make such a filing.  The Court should disallow the Cross-Motions—which are indistinguishable from Subpoenaing Defendants'

3

Responses—because they would, in effect, allow Subpoenaing Defendants to file improper sur-replies. *See id.* Moreover, the Court should strike and/or not consider any documents Subpoenaing Defendants may file in reply to this opposition, given that Northwell has raised no new issues outside those set forth in its Motions to Modify.

**B.     Alternatively, for the Reasons Stated in Northwell's Motions to Modify and Memoranda in Support, the Court Should Deny the Cross-Motions.**

Subpoenaing Defendants failed to separately brief their Cross-Motions. *See* Local Civil Rule 7.1(a)(2) ("[A]ll motions shall include . . . [a] memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined. . . ."). As referenced, they simply incorporated their Responses by reference. As such, the Cross-Motions are a legal nullity; granting them would provide the same relief that would obtain if the Court denied Northwell's Motions to Modify. In an abundance of caution—and to the extent the Court considers the Cross-Motions at all—Northwell incorporates by reference the memoranda in support of its Motions to Modify as its opposition to the Cross-Motions, together with any supporting documents. (ECF Nos. 264-69) As stated in those filings:

1. the parties and controlling facts of the *Bell* case are *very* different than those here; thus, the bases for that court's release of one of the thirty-three Research Subject's identities are inapplicable here (ECF No. 266, p. 6; ECF No. 269, p. 6);

2. the *Bell* court refused to release the identities of the remaining thirty-two Research Subjects (ECF No. 266, p. 6; ECF No. 269, p. 6);

3. at least two trial courts have refused similar requests to compel Dr. Moline to disclose the identities of the Research Subjects (ECF No. 266, pp. 6-7; ECF No. 269, pp. 6-7);

4. Subpoenaing Defendants will not be prejudiced by the proposed modification (ECF No. 266, pp. 13-14; ECF No. 269, p. 14); and

4

5. federal courts, including the 2nd Circuit Court of Appeals, regularly protect the confidentiality of the research process, affording special discovery protections to research scholars and their research publications. Thus, collateral estoppel does not apply and Subpoenaing Defendants have not met their burden as the moving party to overcome Northwell's Motion to Modify (ECF No. 266, pp. 11-13; ECF No. 269, pp. 11-13).

### III.   CONCLUSION

For the foregoing reasons, Northwell respectfully requests that the Court disallow Subpoenaing Defendants' Cross-Motions. Alternatively, Northwell respectfully requests that the Court deny the Cross-Motions.

This the 29th day of November, 2022.

**K&L GATES LLP**

/s/ Nathan A. Huff
Nathan A. Huff (*pro hac vice*)
North Carolina State Bar No. 40626
Anderson M. Shackelford (*pro hac vice*)
North Carolina State Bar No. 49510
430 Davis Dr., Suite 400
Morrisville, North Carolina 27560
Telephone:  (919) 789-5703
Facsimile:  (919) 789-5301
E-mail: nate.huff@klgates.com
E-mail: anderson.shackelford@klgates.com

Kodey M. Haddox
599 Lexington Ave.
New York, New York 10022
Telephone:  (212) 536-3920
Facsimile:  (212) 536-3901
E-mail: kodey.haddox@klgates.com

*Counsel for Non-Party Northwell Health, Inc.*