# HAWKINS PARNELL
Hawkins Parnell & Young, LLP

275 Madison Avenue, 10th Floor
New York, NY, 10016

Direct: 646-598-8714
Email: asargente@hpylaw.com

December 2, 2022

BY E-File
The Honorable Valerie Figueredo
Magistrate Judge
U.S. District Court
Southern District of New York
500 Pearl Street
New York, NY 1007

      **Re: Brian Joseph Gref v. American International Industries, et al.**
                     <u>**Case No. 1:20-CV-05589-GBD**</u>

Dear Judge Figueredo,

      On November 21, 2022, Plaintiff requested that this Court intervene in a subpoena dispute pending in the United States District for the Eastern District of Virginia ("EDVa"). (ECF 283). A-I-I submits this letter in response. In essence, Plaintiff is seeking to quash A-I-I's third-party subpoena to Peninsula Pathology Associates and to Theresa Swain Emory, MD. Such a request is improper. Not only does Plaintiff lack standing, but discovery has not concluded.

<u>Plaintiff Has No Standing to Quash A-I-I's Subpoena</u>

      As a preliminary matter, Plaintiff has no standing to make his motion. "[T]he weight of authority in this Circuit dictates that a party must claim a personal right or privilege in the subpoenaed documents in order to have standing to challenge a subpoena served on a third party." *Somaxon Pharms., Inc. v. Actavis Elizabeth LLC*, No. 22 MISC. 162 (KPF), 2022 WL 3577904, at *2 (S.D.N.Y. Aug. 18, 2022); citing *Est. of Ungar v. Palestinian Auth.*, 332 F. App'x 643, 645 (2d Cir. 2009); *Sali v. Zwanger & Pesiri Radiology Grp., LLP*, No. 19 CV 275 (FB) (CLP), 2022 WL 1085508, at *17 (E.D.N.Y. Jan. 10, 2022), *report and recommendation adopted*, No. 2:19-CV-00275-FB-CLP, 2022 WL 819178 (E.D.N.Y. Mar. 18, 2022). Plaintiff does not have any personal right or privilege to the requested documents in A-I-I's subpoena. He is not claiming to have been treated by Peninsula Pathology or Dr. Emory. He does not represent the facility or the individual. He has not even retained Dr. Emory as an expert witness in this case. As such, he has no standing to quash A-I-I's third-party subpoena.

<u>Fact Discovery Continued After November 30, 2021</u>

Similarly, A-I-I's subpoena cannot be considered "untimely" when discovery in this matter has not concluded. Despite his reliance on the claimed fact discovery closure date of November 20, 2021, Plaintiff is well aware that the discovery deadline was continued multiple times and even acknowledges that the subpoenas were served within the discovery period. Additionally, Plaintiff ignores that he both engaged and participated in fact discovery well into 2022.

The depositions of Plaintiff's treating physicians took place on January 11 and 12, 2022. (*See* **Exhibit 1**, Deposition Notice of Dr. Suprith Badarinath for January 11, 2022; **Exhibit 2**, Deposition Notice of Dr. Ehsan Shirazi for January 12, 2022).

Likewise, A-I-I and Plaintiff were actively engaged in fact discovery into 2022. A-I-I informed the Court of ongoing fact discovery issues on January 3, 2022, and Plaintiff responded to A-I-I's letter on January 6, 2022. (ECF 202, ECF 208). Continuing, Plaintiff served supplemental interrogatories to A-I-I on January 19, 2022, to which A-I-I responded on February 18, 2022. (*See* **Exhibit 3**, Plaintiff's Supplemental Interrogatory to A-I-I; **Exhibit 4**, Defendant A-I-I's Response to Supplemental Interrogatory). A-I-I also served supplemental discovery to Plaintiff on 4/7/2022 and 5/6/2022, to which Plaintiff responded on 5/9/2022 and 6/6/2022, respectively. (*See* **Exhibit 5**, A-I-I's Request for Admissions to Plaintiff; **Exhibit 6**, A-I-I's Second Request for Production of Documents; **Exhibit 7**, Plaintiff's Responses to A-I-I's Supplemental Request for Admissions; **Exhibit 8**, Plaintiff's Responses to A-I-I's Second Request for Production of Documents). The November 30, 2021, "deadline" referenced by Plaintiff in his November 21, 2022, letter was not asserted in response to any of the fact discovery outlined above.

Similarly, as Your Honor is aware, parties are still in the process of collecting military records from the National Personnel Records Center. A-I-I subpoenaed the NPRC on March 22, 2022, to which the NPRC did not respond until October 20, 2022. A-I-I requested the subpoena be updated on October 27, 2022, and Your Honor signed this updated subpoena for military records on October 31, 2022. (ECF 258 and 259). Plaintiff did not object to either subpoena. Nor has the NPRC responded to date (the parties are still awaiting a production).

<u>Expert Discovery Is Ongoing, and Plaintiff's Experts Rely on Dr. Emory's Study</u>

Importantly, expert discovery is ongoing. Plaintiff and defendants jointly requested an extension to complete expert depositions on July 29,2022. (ECF 250). Following this request, the Court adjourned a scheduled pretrial conference "until discovery is completed in this case." (ECF 252). The Court requested the parties notify the Court "[o]nce discovery is complete." (ECF 252). As of the writing of this letter, several expert depositions are to be completed, and defendants have attempted to compel the continuation of several others.[1]

---

[1] The following depositions have not yet been completed: Dr. Mossman, R. Adams, Dr. Oury, Dr. Gunter, A. Segrave, Dr. Poye, Dr. Feingold (started on 11/17), Dr. Attanoos (started on 12/1), Dr. Carder (started on 12/2) and Dr. Diette. Further, the depositions of Drs. Longo and Moline were adjourned by Plaintiff prior to completion of examination by defense. The Court has scheduled a discovery conference for December 12, 2022, regarding A-I-I's motion to compel the continuation of Dr. Moline's deposition. Defendants will also be moving to compel the continuation of Dr. Longo's deposition.

**HAWKINS PARNELL**
Hawkins Parnell & Young, LLP

December 2, 2022
Page 3

No party has notified the Court discovery is complete. Indeed, it is not.

Likewise, several of Plaintiff's experts have testified this year to relying on Dr. Emory's 2020 article in formulating their case-specific opinions. Dr. Moline relies on Dr. Emory's 2020 study as well, citing the study in her October 2021 report and offering testimony about the study during her deposition taken on July 6 and September 23, 2022.

Specifically, Dr. Moline testified this year that she could not "speak to Emory" regarding whether the subjects of Emory's study could be compared or contrasted to Plaintiff's alleged exposure history. (*See* **Exhibit 9**, Deposition of Dr. Jacqueline Moline, July 6, 2022 at pp. 143:12-145:3, *pertinent pages*).

Dr. Finkelstein also offered testimony about Emory this year and relied on her study to formulate his case-specific opinions. (*See* **Exhibit 10**, Deposition of Dr. Murray Finkelstein, June 22, 2022, at pp. 67:22-68:16, *pertinent pages attached hereto*).

As both Moline and Emory's studies use litigation files, A-I-I needs to know if they overlap or if one rejected a plaintiff that the other included in their respective studies. Similarly, given Plaintiff's experts' reliance on Dr. Emory's study, A-I-I also needs to determine if any of the subjects of her study are actually comparable to Plaintiff to fully explore this "theory upon which [Plaintiff's] witness[es] rel[y]." 30(d), 2000 Advisory Committee Notes.

If Your Honor requires any additional information, A-I-I will expeditiously provide it.

Respectfully submitted,

Alfred Sargente
Hawkins Parnell & Young, LLP
275 Madison Avenue, 10th Floor
New York, NY 10016
T: (212) 897-9655
F: (646) 589-8700
Attorneys for Defendant
American International Industries, LLP