**SIMMONS HANLY CONROY**
A NATIONAL LAW FIRM

SIMMONSFIRM.COM
(800) 479-9533

December 8, 2022

**VIA ECF**
Hon. Valerie Figueredo
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    *Gref v. Am. Int'l Indus.,* et al., 20-cv-05589

Dear Judge Figueredo:

      We represent Plaintiff in the above-referenced action and write regarding Defendant American International Industries' ("AII") request that the December 12th discovery conference be conducted via Zoom. Although Plaintiff is not generally opposed to the conference being conducted via video, we are concerned that, based on exchanges with AII's counsel preceding this request (and AII's failure to inform the Court of these exchanges), that AII intends to present the Court with documents that are outside the record regarding the Motion to Continue the Deposition of Dr. Moline. Because this would constitute unfair surprise to Plaintiff, we request that, if the Court grants AII's request, it be with the instruction that any document presented to the Court must be an exhibit to the pending motion.

      It is unfortunate that the circumstances are such that Plaintiff must write this letter. This afternoon, counsel for AII wrote to Plaintiff's counsel asking if there was any objection to the conference being conducted via video, noting that AII "may want to show some documents to the judge." *See* Email Exchange between A. Sargente and J. Kramer, dated Dec. 8, 2022, attached as **Exhibit 1**. Plaintiff's counsel promptly responded, asking what documents AII intended to show and if they were exhibits to AII's motion papers. *Id*. AII's counsel replied that he did not know what documents would be shown, and that the request was initiated by another attorney for AII.[1] *Id*. Plaintiff's counsel advised that he could not consent to the conference being held via video without knowing what AII intends to display. AII then filed its letter with the Court requesting the conference be held via Zoom (or other video-enabled platform) omitting that it had attempted to obtain consent of Plaintiff for this request, but that it failed to do so by being unnecessarily opaque regarding the documents it intends to show. Shortly thereafter, at a meet and confer between the parties on an unrelated issue, Plaintiff's counsel asked AII about the letter, to which counsel for AII[2] replied that Plaintiff's consent was not required to request the conference by video, nor was AII required to inform Plaintiff of what would be shown to the Court. When Plaintiff's counsel specifically asked which documents AII intended to use at the hearing, counsel for AII flatly refused to provide them.

      AII's persistent refusal to agree to remain within the record at the December 12th conference indicates to Plaintiff that AII intends to present surprise documents that are not exhibits

---

[1] The attorney was co-counsel for AII, Robert E. Thackston, who is appearing in this matter *pro hac vice*.
[2] The attorney who appeared at the meet and confer for AII was Kurt W. Greve, another attorney who is appearing in this matter *pro hac vice*.

SIMMONS HANLY CONROY
A NATIONAL LAW FIRM

SIMMONSFIRM.COM
(800) 479-9533

to any motion paper and that Plaintiff's counsel may have never seen before. Presenting such documents to the Court in support of the claims that Plaintiff has otherwise demonstrated are unsupported by law or evidence would constitute unfair surprise and effectively ask the Court to decide Defendants' motion on documents outside the record. *See generally Flores v. Stanford*, 2021 WL 4441614, at *7 fn 7 (S.D.N.Y. Sept. 28, 2021) (arguments raised for the first time at oral argument are generally rejected "out of both fairness and a concern for efficiency"). Accordingly, if the Court is inclined to conduct the December 12th conference via video, Plaintiff respectfully requests that it be with the instruction that the parties be limited to supporting their arguments with exhibits attached to the motion papers.

Respectfully submitted,

James M. Kramer