

**VIA ECF**
Hon. Valerie Figueredo
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1660
New York, NY 10007

> SO ORDERED
> /s/ Valerie Figueredo
> VALERIE FIGUEREDO
> United States Magistrate Judge
> Dated: 12-23-2022
>
> Plaintiff's letter motion at ECF No. 296 is **DENIED**. The parties are directed to meet and confer about scheduling the deposition of Dr. Feingold, and the completion of Dr. Longo's deposition, for dates in January 2023. Once the parties have scheduled a date for Dr. Longo's deposition, the parties are directed to schedule subsequent depositions of Drs. Segrave, Gunter, and Poye in February 2023. The deposition of Dr. Diette can proceed on March 3, 2023. The parties are directed to submit a joint letter updating the Court on the status of the expert deposition schedule by no later than **Friday, January 13, 2023**. The Clerk of Court is directed to terminate the motion at ECF No. 296.

Re: *Gref v. Am. Int'l Indus.*, et al., 20-cv-05589

Dear Judge Figueredo:

Pursuant to Your Honor's Rules of Practice § II(c)(2), Plaintiff Brian Gref writes to respectfully request your immediate intervention regarding a discovery dispute, which, if left unaddressed, will cause Plaintiff irreparable prejudice.

As Your Honor is aware, Mr. Gref is living with mesothelioma, a rapidly-progressing terminal illness. It is his expressed intent to live long enough to see the claims asserted against the Defendants in this case be resolved by a jury trial. Despite these exigencies, Defendants have, for the last five months, taken the legally unsupported position that they will not produce their experts for deposition until the depositions of Plaintiff's experts are completed. Notwithstanding the baselessness of this position, Plaintiff has attempted to accommodate Defendants by promptly making available his experts for deposition so that this case can proceed to trial. *See e.g.* Email dated Aug. 17, 2022, attached as **Exhibit 1** (objecting to Defendants' position as to the order of depositions and requesting a date for Dr. Carder as her testimony would not be affected by depositions of Plaintiff's remaining experts). However, at this juncture, it is has become clear that Plaintiff's efforts are to no avail. As demonstrated by the details of the illustrative exchanges set forth below, which represent dozens of communications between the parties over the last six months, Defendants are more intent on holding this case hostage than they are resolving discovery issues with Plaintiff in good faith.

As per the previous scheduling order, expert depositions began in this case in the Summer of 2022. With as little rescheduling as possible, depositions of Plaintiff's experts were completed on June 15, 2022 (Dr. Brody, cell biology), June 29, 2022 (Dr. Compton, microscopy and mineralogy), June 22, 2022 (Dr. Finkelstein, epidemiology), June 21, 2022, Sept. 9, 2022, and Sept. 19, 2022 (Dr. Krekeler, geology, mineralogy, and microscopy), June 8, 2022 (Dr. Kucsma, economics), Sept. 19, 2022 and Nov. 16, 2022 (Dr. Longo, mineralogy, microscopy, and material science), June 27, 2022 (Dr. Markowitz, state-of-the-art), July 6, 2022 and Sept. 23, 2022 (Dr. Moline, occupational and environmental medicine), and July 8, 2022 (Dr. Zhang, pathology and occupational medicine). As it stands, although Defendants have a request pending before the Court to continue the deposition of Dr. Moline for an unspecified length of time (regarding a number of subjects that Plaintiff has explained are patently improper) and the parties are negotiating a limited continuance of Dr. Longo's deposition, Plaintiff's experts have all been deposed in accordance with Rule 30 of the Federal Rules of Practice and Defendants are fully on notice of their opinions.

Since late July 2022, Plaintiff has been attempting to schedule depositions of Defendants' 19 experts as promptly as possible. In nearly every instance, Plaintiff's requests went unanswered and required multiple follow-ups with defense counsel. *See* Email dated Aug. 10, 2022, attached as **Exhibit 2** (Plaintiff requesting dates for Defendant American International Industries' ("AII") expert dermatologist, Dr. Cardner, and other experts); Email dated Aug. 19, 2022, attached as **Exhibit 3** (Plaintiff followed up for dates of Defendants' experts).

As of August 29, 2022, AII and Defendant Shulton, Inc. ("Shulton") still had not provided dates for five of their experts: Mr. Segrave, Dr. Mundt, Dr. Mossman, Mr. Adams, and Mr. Poye. *See* Email dated Aug. 29, 2022, attached as **Exhibit 4**.

As of October 14, 2022, depositions for Mr. Segrave, Dr. Carder, Dr. Gunter, and Dr. Diette were still *not* scheduled. *See* Email dated Oct. 14, 2022, attached as **Exhibit 5**. Plaintiff followed-up again for dates of these depositions on October 24, 2022, as well as dates to conclude the depositions of Dr. Attanoos and Dr. Mundt. *See* Email dated Oct. 24, 2022, attached as **Exhibit 6**.

On November 3, 2022, Plaintiff wrote to all counsel of record regarding Defendants' repeated failure to provide deposition dates for more than half-a-dozen of their respective experts, including Dr. Attanoos (for completion), Dr. Carder, Dr. Diette, Dr. Feingold, Dr. Mundt (for completion), and Mr. Segrave. *See* Letter to ACR dated Nov. 3, 2022, attached as **Exhibit 7**.

On November 10, 2022, AII advised Dr. Carder was available for a deposition on November 18, 2022, and offered Dr. Feingold, a medical causation expert, for only 2 hours on November 17, 2022. *See* Email dated Nov. 10, 2022, attached as **Exhibit 8**.

On November 16, 28, and December 6, 2022, Plaintiff made additional follow-up requests for deposition dates for Mr. Segrave, Dr. Gunter, Dr. Diette, and the completion of Dr. Feingold's deposition. *See* Email dated Nov. 16, 2022, attached as **Exhibit 9**; Email dated Nov. 28, 2022, attached as **Exhibit 10**; Email dated Dec. 6, 2022, attached as **Exhibit 11**.

As of this writing, after months of requesting to take their depositions (or complete their depositions), Plaintiff is still awaiting a date for Mr. Segrave, Dr. Gunter, Dr. Diette, and Dr. Feingold.

Equally problematic, once Defendants have scheduled depositions of their experts, they routinely unilaterally cancel the depositions within days of the date, sometimes without any explanation, claiming that a new date will be provided but often failing to follow through. *See e.g.* Email dated Oct. 4, 2022, attached as **Exhibit 12** (unilaterally adjourning Dr. Gunter's deposition on Oct. 7); Email dated Dec. 16, 2022, attached as **Exhibit 13** (Plaintiff's response to Colgate unilaterally adjourning Dr. Diette's deposition on Dec. 16, 2022). For example, just last week, notwithstanding that Plaintiff's medical causation expert, Dr. Jacqueline Moline, was deposed for about 7.5 hours and Defendant Colgate-Palmolive Company ("Colgate"), as successor-in-interest to The Mennen Company, has indicated it has a very limited basis on which to further question Dr. Moline, Colgate pulled the deposition of its medical causation expert, Dr. Diette, a week before it was scheduled to take place on December 22, 2022, claiming that Dr. Diette cannot be deposed before Dr. Moline's deposition is completed.

In addition to being contrary to the Federal Rules of Practice and governing case law, the unilateral withdrawal of Dr. Diette's long-awaited deposition has caused irreparable prejudice to Plaintiff, as Colgate has advised that he is not available again until March 3, 2023. Indeed, making Dr. Diette (or any other expert) unavailable to Plaintiff until long after expert discovery should have concluded places Plaintiff in the untenable position of either (i) agreeing to further delay the setting of a trial date and risk Mr. Gref passing before a jury is seated, or (ii) forgoing discovery of defense expert opinions in advance of trial.

In Plaintiff's good faith efforts to resolve matters without court intervention, numerous meet-and-confers surrounding Plaintiff's repeated follow-up for deposition dates of Defendants' experts have taken place. Most recently, on Thursday, December 8, 2022, the issue of Dr. Feingold's outstanding deposition was raised during an approximately 30-minute meet and confer with all Defendants. There, Defendants yet again indicated, without any authority, that they would remain steadfast in their position that their experts would not need to be deposed until all depositions of Plaintiff's experts are completed. This borders on frivolous. Neither Your Honor's Individual Practices nor the Local Rules of the Southern District of New York provide that a party can delay its expert witness depositions until after its adversary's expert witnesses depositions have first been completed. Further, none of the scheduling orders entered in this case suggest, let alone state, that Plaintiff's expert depositions must be completed before Defendants' can be scheduled. This is unsurprising, given that "[t]he federal courts do not provide either party with priority on depositions." *Fernandez v. Calvary Mennonite Church*, 1996 WL 197711, *1 (S.D.N.Y Apr. 23, 1996); *see also Rodal v. Massachusetts Mut. Life Ins. Co.*, 2020 WL 3448278, *1 (E.D.N.Y. Apr. 23, 2020) ("[t]here is no priority of depositions in the federal system."). Instead, depositions should proceed in the order in which they were noticed. *See Alheid v. Target Corp.*, 2017 WL 4174929 (S.D.N.Y. Aug. 29, 2017) (holding that "[t]o the extent defendants suggest that they are entitled to take plaintiff's deposition before plaintiff deposes defendants, defendants' objection is frivolous" because "there is no priority of depositions in federal practice."). Simply stated, Defendants' excuse for not proceeding with expert discovery should be characterized for exactly what it is: nothing more than a baseless tactic to needlessly delay resolution of this case.

In light of the foregoing, Plaintiff respectfully requests that the Court direct Defendants to provide by December 23, 2022, deposition dates falling no later than January 31, 2023 for all defense experts whose depositions have not yet been completed or, in the alternative, that the Court schedule a Local Rule 37.2 conference to address the issues raised in Plaintiff's letter. Plaintiff's counsel stands ready should the Court have any questions.

Respectfully submitted,

James M. Kramer