**SIMMONS HANLY CONROY**
A NATIONAL LAW FIRM

SIMMONSFIRM.COM
(800) 479-9533

*From the desk of:*
*James M. Kramer, Esq.*

January 5, 2023

**VIA ECF**
Hon. Valerie Figueredo
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re:    *Gref v. Am. Int'l Indus.,* et al., 20-cv-05589

Dear Judge Figueredo,

    Plaintiff in the above-captioned case writes to supplement the record pertaining to Defendants' pending motion to compel the continuation of the deposition of Plaintiff's expert Dr. Jacqueline Moline ("Motion to Compel") (Doc. Nos. 263 and 282). As Your Honor may recall, during oral argument of the Motion to Compel held on December 12, 2022, Plaintiff's counsel informed the Court that there was related motion practice ongoing in the United States District Court for the Eastern District of Virginia pertaining to Defendant American International Industries' ("AII") subpoena to non-party Peninsula Pathology Associates, Department of Pathology ("Peninsula"), which sought documents and information concerning the peer-reviewed, published article which Dr. Theresa Emory co-authored in 2020. At that time, Your Honor stated that the Court would not weigh in on that pending motion practice, and instead, would allow it to be resolved by the Eastern District of Virginia. *See* **Exhibit 1**, 12/2 Tr. at 42-43.

    Subsequent to the oral argument on AII's Motion to Compel, the Eastern District of Virginia resolved the ongoing motion practice pertaining to Dr. Emory. More specifically, on December 16, 2022, the Eastern District of Virginia granted Peninsula's motion to quash the subpoena issued upon it by Defendant AII and awarded sanctions against AII, finding that AII did not take reasonable steps to avoid issuing a subpoena that was unduly burdensome. Given the discussion of Peninsula's motion during oral argument, as well as the significant overlapping issues raised in the instant Motion to Compel, Plaintiff respectfully submits for completeness the Eastern District of Virginia's order granting Peninsula's motion to quash, as well as the transcript of the motion hearing. *See* **Exhibits 2** and **3**.

    Notably, as Your Honor found during oral argument of the Motion to Compel, the *Bell* decision upon which Defendants principally rely for the disclosure of the subjects of Dr. Moline's study in this case allowed for the disclosure of Ms. Bell's identity because she was a litigant in that action; the *Bell* order did not allow for discovery of the other 32 subjects, which Judge Osteen recognized were confidential. *See* **Exhibit 3**, at 15. The Eastern District of Virginia found exactly the same, noting that in *Bell*, Judge Osteen did not order the identity of the other 32 subjects, and for this reason, their identities were redacted by Northwell. *See* **Exhibit 3**, at 13. Additionally, Plaintiff argued in opposition to the Motion to Compel that for more than two years in litigation throughout the country, Defendants, led by AII, have improperly and unsuccessfully attempted to

discover the identity of the human subjects involved in Dr. Moline's study. *See* Doc. No. 282 at 8. In granting Peninsula's motion to quash AII's subpoena seeking the identity of Dr. Emory's subjects, the Eastern District of Virginia also found as much, aptly noting that AII has "[t]aken this opportunity to file a subpoena and ***ask another judge to weigh in on the same questions that you've already gotten negative answers to from multiple other judges in order to try and pry open the survey***." *See* **Exhibit 3** at 51 (emphasis added). Plaintiff submits that the Eastern District of Virginia's finding in this regard further supports Plaintiff's argument that Defendants' attempt to question Dr. Moline on the subjects of her study is patently improper and is merely part of Defendants' continuing campaign to needlessly harass Dr. Moline.[1]

For these reasons, Plaintiff respectfully requests that the Court consider the Eastern District of Virginia's ruling in deciding the Motion to Compel. Plaintiff's counsel stands ready should the Court have any questions.

Respectfully submitted,

James M. Kramer

---

[1] The Eastern District of Virginia also noted that, even assuming, *arguendo*, AII's overbroad requests held some relevance, the fact remains that the articles in question are minimally mentioned in either Dr. Moline or Dr. Finkelstein's reports in the instant matter, and that the articles on their faces supply defendants with all the fodder they need for cross-examination, as they are very transparent with regard to the affiliations of the authors, as well as the sources of the case studies. *See* **Exhibit 3**, at 11, 35