

2101 Cedar Springs Road
Suite 1400
Dallas, TX  75201
Main: 469.983.6100

Lathrop GPM LLP
lathropgpm.com

**Robert E. Thackston**
Partner
robert.thackston@lathropgpm.com
469.983.6023

January 9, 2023

VIA ECF

The Honorable Valerie Figueredo
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY  10007-1312

RE:   Gref v. American International Industries, et al. - Case No. 20-cv-05589

Dear Judge Figueredo:

Plaintiff filed his Second Supplemental Opposition letter motion on January 5, 2023 (ECF 305). A-I-I files this letter as a Reply to that Second Supplemental Opposition.

First, Plaintiff's Second Supplemental Opposition Motion is untimely pursuant to Your Honor's Individual Practices Rules II(c)(3). ECF 305 was filed approximately 62 days after Defendant's Motion to Compel the Continuation of Dr. Jaqueline Moline and approximately 45 days after Plaintiff's Opposition to the Motion to Compel. (*See* ECF 263 and ECF 282).[1] Likewise, also contrary to Your Honor's practice rules II(c)(1) and (2), Plaintiff did not meet and confer to discuss this supposed "supplement" of the record with documents related the hearing with Peninsula Pathology Associates ("PPA") or the Eastern District of Virginia ("EDVA") order prior to filing ECF 305.

Plaintiff's attempts to supplement the record with this untimely letter rely on incomplete and misstated facts. This supplemental information is irrelevant to Plaintiff's arguments, as this information does not come from any judgment, but rather from statements made during hearings. Based on this lack of compliance and the letter's irrelevancy, A-I-I moves to strike Plaintiff's Second Supplement Motion (ECF 305) in its entirety.

Notably, despite submitting his letter "for completeness", Plaintiff fails to include the Magistrate Judge's December 23, 2022 Order. (*See Peninsula Pathology Associates v. American International Industries*, Case No. 4:22-mc-1, Order ECF 11, December 23, 2022, attached as **Exhibit A**). Rather than rely on this written, separate document as the Magistrate Court's judgment, *see* Fed. R. Civ. P. 58(a), Plaintiff relies on comments from the bench in an attempt to mislead the Court.

---

[1] As A-I-I noted in its response letter to Plaintiff's first supplement to his opposition, (*see* ECF 289 and ECF 294), Plaintiff has again filed untimely motions related to discovery issues despite his prior objections to defendants' alleged untimely motions. (*See, e.g.,* ECF 290).

The Honorable Valerie Figueredo
January 9, 2023
Page 2

As such, despite the implications by Plaintiff on the breadth of this Order, which A-I-I addresses below, the EDVA Magistrate Judge does not reference the decision of any Court in making his judgment. (Ex. A). Similarly, neither the *Bell* Court nor the EDVA Magistrate Judge found, held, or recognized that the subjects of Dr. Moline's article are "confidential." (Ex. A).

EDVA Magistrate Judge Miller's Order rests mainly on the fact neither Dr. Emory nor PPA were parties to Plaintiff Gref's litigation. (Ex. A). Based on this he weighed several factors before determining: (1) Dr. Emory's article is cited to "minimally" by Plaintiff Gref's experts; (2) Plaintiff Gref was not one of Dr. Emory's subjects; (3) A-I-I has "comparable information" with which to impeach Plaintiff Gref's experts; and (4) the subpoena was unduly burdensome based on claims made by PPA's president and Dr. Emory. (Ex. A at 4-7). These points do not go for the contentions raised by Plaintiff in his letter motion about the *Bell* Order or the confidentiality of Dr. Moline's subjects. A-I-I also notes it disagrees with the EDVA's ruling and is objecting and appealing the Order pursuant to Fed. R. Civ. P. 72.

The first misstatement by Plaintiff in his second supplemental letter is claiming that either Your Honor or the *Bell* Court determined 32 of the 33 subjects of Dr. Moline's article "were confidential." (ECF 305 p.1).[2] As noted, Plaintiff does not cite to the December 23 Order from the Magistrate Judge of the EDVA, and rather Plaintiff cites to arguments by counsel for PPA in the transcript of the hearing for PPA's Motion to Quash A-I-I's subpoena. (ECF 305 at 1). As noted, the EDVA Magistrate Judge's Order provides his reasoning for quashing A-I-I's motion, and his reasoning does not involve the *Bell* Order.

Tellingly, Plaintiff does not cite Judge Osteen's unsealed and easily accessible order from the *Bell* case, which Plaintiff claims "recognized" the remaining 32 individuals "were confidential." (ECF 305 at 1). Judge Osteen in the *Bell* case <u>never</u> ruled on the confidentiality of the 32 individual plaintiffs other than Mrs. Bell. *See Bell v. Am. Int'l Indus.,* No. 1:17CV111, 2022 WL 16571057 (M.D.N.C. Sept. 13, 2022). Rather, Judge Osteen weighed several factors in determining to vacate the protective order sealing Mrs. Bell's identity as one of the 33 individual plaintiffs used by Dr. Moline in her article,

---

[2] A-I-I is uncertain where Plaintiff's citation comes from. While Ex. 3 – the transcript of the hearing for PPA's Motion to Quash – has differing page numbers (ECF and original), there is no reference on either to keeping 32 of Dr. Moline's subjects "confidential" or the *Bell* Order generally outside of A-I-I's arguments that Judge Osteen's holding demonstrates the importance from a *Daubert* and public policy standpoint that defendants are entitled to know the facts underlying an expert's opinion. A-I-I can only surmise that Plaintiff intended to cite to his Exhibit 1, the transcript of the hearing before Your Honor on December 12, 2022, where Your Honor noted the *Bell* decision "didn't allow for discovery of the 32 other individuals," which, as A-I-I noted after, was because A-I-I "didn't ask for the other 32 [individuals] in the *Bell* case." (Ex. 1 to ECF 305 at 15).

comparing and contrasting Mrs. Bell to the remaining 32 individual plaintiffs. *Id*. at *11-12.³

Plaintiff next misstates the EDVA Magistrate Judge's holding while claiming "The [EDVA] found exactly the same, noting that in *Bell*, Judge Osteen did not order the identity of the other 32 subjects for this reason, their identities were redacted by Northwell." (ECF 305 at 1). A-I-I is again uncertain where Plaintiff determined this. The only interjection by the EDVA during the hearing on page 13 is when the Magistrate Judge noted the reason for 32 of the 33 names were redacted on the list provided to A-I-I in *Bell* was because the *Bell* Court had not ordered their disclosure. Nowhere in the transcript – or the Magistrate's Order (Ex. A), which, as noted, Plaintiff does not attach or cite – does the EDVA Magistrate Judge "find" or "recognize" that 32 of the 33 subjects in Moline's Article were confidential.

Finally, the EDVA Magistrate Judge's statements and inquiries during the hearing are not judgments pursuant to Fed. R. Civ. P. 58. *See In re Bird*, 229 B.R. 90, 93 (S.D.N.Y. 1999) ("comments" made during hearing are not "intended to settle the issue" and are merely nonbinding *dicta*). Despite this, Plaintiff only cites the transcript rather than the December 23 Magistrate Judge's Order set out in a separate document. Plaintiff relies on statements from the EDVA bench that A-I-I "already" received "negative answers from multiple other judges" on the issues of Dr. Emory's 75 subjects (the subject of A-I-I's subpoena in the EDVA). (ECF 305 at 2). However, Plaintiff leaves out A-I-I's clarification that the issue of providing the list of all 75 plaintiffs used in Dr. Emory's article had <u>not</u> come before any court, as well as the EDVA Magistrate Judge's response. (Ex. 3 to ECF 305 at 51-55). Regarding his ruling on the motion to quash A-I-I's subpoena, the EDVA unequivocally stated: "And I want to be clear about the limitations my rule. I am not saying that it would never be appropriate. [….] If [Dr. Emory] were testifying, it might be a different question." (*Id*. at 55). The EDVA Magistrate Judge reiterated this in his Order, stating

> I make no findings about the relevance of Dr. Emory's article to talc litigation generally, whether the subpoena would be proper in a different talc case, or whether the subpoena would be proper if Dr. Emory or one of her co-authors had been named as an expert witness in the *Gref* litigation.

(Ex. A at 5, fn. 2). Nowhere in the Magistrate Judge's Order does he discuss or rely on decisions of other courts involving Dr. Moline or Dr. Emory, including the *Bell* Court's decision. (Ex. A). Plaintiff notably relegates the Magistrate Judge's actual holding in his order to a footnote. (ECF 305 at 2, fn. 1).

---

³ Judge Osteen noted in *dicta* some individual plaintiffs "may have" greater confidentiality protections based on whether they were "human subject research." However, he stated he was "hesitant" to give such protections weight in the case of deceased individuals. *Bell*, 2022 WL 16571057 at *11. He noted he was also unable to substantiate the number of deceased individual plaintiffs used in Dr. Moline's article. *Id*. at 10, fn. 9.

The Honorable Valerie Figueredo
January 9, 2023
Page 4

Given its untimeliness, misrepresentations, and irrelevancy, A-I-I requests this Court strike Plaintiff's Second Supplemental Motion, and A-I-I renews Defendants' request for an order compelling the continuation of Dr. Moline's Deposition.

If needed, A-I-I will provide any additional information required by your Honor.

Sincerely,

Lathrop GPM LLP


Robert E. Thackston
Partner


RET:tls
cc:  All Parties of Record (via ECF)