**SIMMONS HANLY CONROY**
A NATIONAL LAW FIRM

SIMMONSFIRM.COM
(800) 479-9533

*From the desk of:*
*James M. Kramer, Esq.*

February 28, 2023

**VIA ECF**
Hon. Valerie Figueredo
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

  Re: *Gref v. Am. Int'l Indus.*, et al., 20-cv-05589

Dear Judge Figueredo,

  Plaintiff writes in accord with Your Honor's request that the parties provide a joint case update.

  First, Plaintiff wishes to bring to the Court's attention that Plaintiff has made Defendants aware of a bottle of Clubman talc just recently discovered within a box stored in the garage of Plaintiff's mother's residence. The parties are in the process of coordinating the inspection and testing of the bottle and will keep the Court apprised.[1]

  With respect to the status of the expert deposition schedule in this matter, Plaintiff regrets to inform the Court that multiple defense experts' depositions have not concluded despite the Court's directive that defense counsel secure dates in February 2023 for completion of the depositions of Drs. Gunter and Poye. (ECF. Doc. 306). By way of further specificity, in just the past week, defense counsel advised Plaintiff on the eve of Dr. Gunter's formally noticed deposition that he would not be appearing on the date Defendants had offered and which Plaintiff's notice commanded he appear. (*See* **Exhibit 1**, Plaintiff's Seventh Amended Notice of Deposition of Dr. Mickey Gunter). To date, no explanation for Dr. Gunter's failure to appear has been provided, nor has an alternate date been offered. In similar fashion, testing expert Lee Poye's noticed deposition has been rescheduled due to attorney coverage issues. In the spirit of cooperation, Plaintiff has agreed to depose Mr. Poye on March 10, 2023.[2]

---

[1] In view of the recent discovery of this evidence, Plaintiff reserves the right to amend his expert disclosures and designations.

[2] It is Plaintiff's understanding that Mr. Segrave, whose deposition still needs to be completed, will be made available once the parties have had an opportunity to coordinate the inspection/testing of the newly discovered bottle of Clubman talc.

*We stand for our clients.*

| HEADQUARTERS | NEW YORK | CHICAGO | SAN FRANCISCO | LOS ANGELES | ST. LOUIS |
|---|---|---|---|---|---|
| One Court Street | 112 Madison Avenue | 230 W. Monroe | 455 Market | 100 N. Sepulveda Blvd. | 231 S. Bemiston |
| Alton, IL 62002 | New York, NY 10016 | Suite 2221 | Suite 1150 | Suite 1350 | Suite 525 |
| TEL: (618) 259-2222 | TEL: (212) 784-6400 | Chicago, IL 60606 | San Francisco, CA 94105 | El Segundo, CA 90245 | St. Louis, MO 63105 |
| FAX: (618) 259-2251 | FAX: (212) 213-5949 | TEL: (312) 759-7500 | TEL: (415) 536-3986 | TEL: (310) 322-3555 | TEL: (800) 479-9533 |
| | | FAX: (312) 759-7516 | FAX: (415) 537-4120 | FAX: (310) 322-3655 | |

Defendant AII's position concerning the immediately preceding paragraph is as follows:

Multiple defense experts' depositions have not concluded due to Plaintiff's belated attempt at introducing new evidence and Plaintiff's claim he has a right to "amend his expert disclosures and designations" based on this newly disclosed evidence. In the past week following Plaintiff's disclosure of a newly "found" bottle of Clubman Talc counsel for American International Industries advised Plaintiff on the eve of Dr. Gunter's formally noticed deposition that he would not be appearing on the date Defendants had offered and which Plaintiff's notice commanded he appear. (*See* **Exhibit 1**, Plaintiff's Seventh Amended Notice of Deposition of Dr. Mickey Gunter). To date, no alternate date been offered.

Of further note, Plaintiff states he has been informed by defense counsel that Dr. Gregory Diette (whose deposition was to proceed on March 3, 2023 in accord with the Court's December 23, 2022 order (ECF Doc. 306)), will not be appearing as previously tendered by defense and noticed by Plaintiff because Dr. Jacqueline Moline's continued deposition is still an issue before the Court. Dr. Diette's deposition will instead commence on May 5, 2023. Also in non-conformance with the Court's order pursuant to which Dr. Feingold's deposition was to conclude in January 2023 (ECF Doc. 306), defense counsel has refused to offer any dates for Dr. Feingold's continued deposition since the parties' last status update of January 13, 2023 despite Plaintiff's repeated requests.[3] (*See* **Exhibit 2**, Plaintiff's Correspondence requesting Dr. Feingold's availability for deposition on six separate occasions since the 1/13/23 status update).

Defendant AII's position concerning the immediately preceding paragraph is as follows:

Of further note, Plaintiff has been informed by defense counsel that Dr. Gregory Diette (whose deposition was to proceed on March 3, 2023 in accord with the Court's December 23, 2022 order (ECF Doc. 306)), will not be appearing as previously tendered by defense and noticed by Plaintiff because Dr. Jacqueline Moline's continued deposition is still an issue before the Court. Dr. Diette's deposition will instead commence on May 5, 2023. Also, Plaintiff ignored offers of two January 2023 dates to continue Dr. Feingold's deposition emailed to Plaintiff on January 6, 2023. (See Exhibit 2, email correspondence dated January 6, 2023). Despite Plaintiff's unwillingness to respond to the offer of dates that would conform with this Court's order, (ECF Doc. 306), Plaintiff requested additional dates 13 days later, to which defendant offered dates in March 2023, inquiring as to which

---

[3] Plaintiff states that the reasons for the failure to comply are not only unclear, but also troubling in view of the fact that Dr. Feingold is being offered for deposition in other cases within the litigation without caveat or delay. What is clear, however, is Defendant AII's disregard of the Court's order, as well as the Federal Rules of Civil Procedure, which impose on a party seeking to rely on expert testimony the obligation to make its expert witness available for deposition. AII's serial refusal to meet its obligation leaves Plaintiff no choice but to consider Court intervention in the form of a motion to strike Dr. Feingold and/or for other appropriate discovery sanctions.

We stand for our clients.

| HEADQUARTERS | NEW YORK | CHICAGO | SAN FRANCISCO | LOS ANGELES | ST. LOUIS |
|---|---|---|---|---|---|
| One Court Street | 112 Madison Avenue | 230 W. Monroe | 455 Market | 100 N. Sepulveda Blvd. | 231 S. Bemiston |
| Alton, IL 62002 | New York, NY 10016 | Suite 2221 | Suite 1150 | Suite 1350 | Suite 525 |
| TEL: (618) 259-2222 | TEL: (212) 784-6400 | Chicago, IL 60606 | San Francisco, CA 94105 | El Segundo, CA 90245 | St. Louis, MO 63105 |
| FAX: (618) 259-2251 | FAX: (212) 213-5949 | TEL: (312) 759-7500 | TEL: (415) 536-3986 | TEL: (310) 322-3555 | TEL: (800) 479-9533 |
| | | FAX: (312) 759-7516 | FAX: (415) 537-4120 | FAX: (310) 322-3655 | |



dates were acceptable to Plaintiff. (*See* **Exhibit 3**, email correspondence dated February 9-13, 2023). Plaintiff ignored defendant's request for acceptable dates in March, demanding February 2023 dates despite American International Industries' prior explanation that Dr. Feingold was not available in February. (*Id.*).

In closing, Plaintiff will be scheduling with Defendants a telephonic meet and confer. In the event that those discussions are not fruitful, Plaintiff will request formal judicial intervention.

As always, we stand ready to provide additional information or answer any questions the Court may have.

Respectfully submitted,

James M. Kramer

cc: All Counsel of Record (via ECF)

We stand for our clients.

| HEADQUARTERS | NEW YORK | CHICAGO | SAN FRANCISCO | LOS ANGELES | ST. LOUIS |
|---|---|---|---|---|---|
| One Court Street | 112 Madison Avenue | 230 W. Monroe | 455 Market | 100 N. Sepulveda Blvd. | 231 S. Bemiston |
| Alton, IL 62002 | New York, NY 10016 | Suite 2221 | Suite 1150 | Suite 1350 | Suite 525 |
| TEL: (618) 259-2222 | TEL: (212) 784-6400 | Chicago, IL 60606 | San Francisco, CA 94105 | El Segundo, CA 90245 | St. Louis, MO 63105 |
| FAX: (618) 259-2251 | FAX: (212) 213-5949 | TEL: (312) 759-7500 | TEL: (415) 536-3986 | TEL: (310) 322-3555 | TEL: (800) 479-9533 |
| | | FAX: (312) 759-7516 | FAX: (415) 537-4120 | FAX: (310) 322-3655 | |