

2101 Cedar Springs Road
Suite 1400
Dallas, TX  75201
Main: 469.983.6100

Lathrop GPM LLP
lathropgpm.com

**Robert E. Thackston**
Partner
robert.thackston@lathropgpm.com
469.983.6023

May 8, 2023

VIA ECF

The Honorable Valerie Figueredo
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY  10007-1312

RE:     Gref v. American International Industries, et al. - Case No. 20-cv-05589

Dear Judge Figueredo:

Pursuant to Your Honor's May 4, 2023 Order, please accept this letter as American International Industries' ("A-I-I") further reply to Plaintiff's May 5, 2023 "response" letter regarding his illusory offer to "not rely" on Dr. Moline's 2020 article. (ECF Nos. 337, 340, and 342). Plaintiff now attempts to paint Dr. Moline and Northwell as pitiful victims and her 2020 Article as irrelevant.

Even following his most recent May 5 letter, Plaintiff's offer to "withdraw" his experts' use of the 2020 article "offensively" is nothing more than a litigation trick for the unwary. After Northwell and Plaintiff's counsel have caused the Court and Defendants to expend tremendous time and effort trying to untangle this issue, the only meaningful offer Plaintiff could make would be that none of his experts could mention the 2020 Article in any way, shape or form under any circumstances. Even then, however, the underlying materials would be discoverable because they go to Dr. Moline's bias and credibility.

Plaintiff also attempts to portray Dr. Moline as a victim that A-I-I is "attacking…throughout the country." This, again, is disingenuous. As noted in the Johnson & Johnson *amicus* letter, Dr. Moline has given interviews in national publications, testified before Congress, and made public statements all related to the importance of her 2020 Article. (May 3, 2023 Letter on Behalf of Johnson & Johnson, ECF No. 338, *attached as* **Exhibit A**). Additionally, both she and Northwell have made millions of dollars through Dr. Moline's work as an expert witness. As such, they and Plaintiff cannot now claim her article is unimportant and no one is allowed to question this work from which these parties benefited. Even for articles involving actual physicians and researchers with no connection to litigation, the Second Circuit determined the data underlying their research is subject to disclosure if relied on by a testifying expert. *Application of Am. Tobacco Co.,* 880 F.2d 1520, 1529–30 (2d Cir. 1989).

A-I-I has repeatedly demonstrated Plaintiff's experts in ***this*** case relied on Moline's 2020 article for their opinions. (ECF Nos. 319 at 4-6 and 340). Claiming that the article may have been less significant in other cases is an irrelevant distraction. Contrary to his claims that A-I-I is "aggrandiz[ing]" the Moline article's importance," Plaintiff's experts chose to cite her article in their reports and/or testimony in ***this*** case. Despite his experts explicitly relying on this article for their opinions in ***this*** case, Plaintiff now claims his withdrawal of the 2020 article "does nothing to change the opinions that they will express at trial."

The Honorable Valerie Figueredo
March 8, 2023
Page 2

Apparently, however, his experts will now rely on Dr. Moline's new article published this year, which, like her 2020 Article, relies on undisclosed litigation cases. Clearly Plaintiff is seeking to create a game of "whack-a-mole" where Plaintiff moves the target any time Defendants attempt to discover the bases for his experts' litigation-driven articles.

Further, although Plaintiff mentions the 2023 Article as though his experts could simply rely on it for their opinions at trial, this 2023 Article has not been disclosed as the source of any of their opinions. None of his experts cited this Article in their reports or deposition testimony. Plaintiff, simply put, is attempting to substitute this new article to support his experts' theory that "cosmetic talc causes mesothelioma" despite it not being published when his experts' reports were written. As such, the 2023 Article is not at-issue in this case, and the 2020 Article is still relevant for all the reasons cited in A-I-I's May 4, 2023 letter. (ECF No. 340).

Plaintiff's request is thus demonstrative that his new "offer" is nothing more than a sleight of hand request to amend his experts' disclosures and opinions while not allowing for additional cross-examination into opinions. If the Court were to somehow allow Plaintiff to supplement his experts' reports and depositions to add new reliance material—which shows he has no rush to get to trial—then A-I-I requests the same disclosures for this 2023 Article that it requested for the 2020 Article. The 2023 Article states it included additional cases to the 33 cases used in the first article; A-I-I did not argue otherwise. Rather, A-I-I noted in its earlier letter that the 2023 Article incorporated her 2020 Article to conclude: "[p]ublished case reports and case series have identified over 100 individuals whose sole exposure to asbestos was through cosmetic talcum powder usage." (Moline 2023 at 11, *attached as* **Exhibit B**). As noted in prior briefings, this contention is demonstrably false based on the inclusion of the *Bell* case in Moline 2020. (*See* ECF No. 319 at 3-4).

Ironically, Dr. Moline argued against disclosure of her 2020 Article's underlying data claiming Mr. Gref was "not one of the subjects." (ECF No. 315 at 3). Yet, that may well not be true of the 2023 Article. There are at least two cases listed in her 2023 article with biographical similarities to Plaintiff Gref. (Ex. B at 7-9). Therefore the argument for disclosure of the underlying data used for Dr. Moline's 2023 Article is even stronger in the present matter.

Finally, Plaintiff make another plea for expediency based on unsupported claims about the health of Plaintiff Gref. Plaintiff Gref was in remission and no longer receiving treatment for his alleged injury in 2021, and Plaintiff has not produced any evidence his status has changed. (*See* Deposition of Brian Gref, May 13, 2021 at 220-221, *pertinent pages attached as* **Exhibit C**). If concern for delays was of principle concern for Plaintiff, he would not have waited until now to make offers—without meeting-and-conferring with defendants as required—concerning his experts' opinions and reliance materials.

Because Plaintiff's offer has no effect on his experts' reliance on Dr. Moline's 2020 Article, and because its withdraw and replacement with her 2023 article would inevitably delay proceedings further, A-I-I respectfully requests Your Honor deny Plaintiff's Letter Motion.

The Honorable Valerie Figueredo
March 8, 2023
Page 3

Sincerely,
LathropGPM LLP

Robert E. Thackston, Partner
RET:tls
cc:  All Parties of Record (via ECF)