# K&L GATES

Nathan A. Huff
nate.huff@klgates.com

T +919-314-5636

May 9, 2023

**Via ECF**

The Honorable Valerie Figueredo
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

> **Re:**   **Nonparty Northwell Health's Motions to Modify in *Brian Joseph Gref v. American International Industries, et al.*, No. 1:20-cv-05589-GBD-VF**

Dear Judge Figueredo,

As allowed by your May 4, 2023 Order, nonparty Northwell Health, Inc. ("Northwell") submits this letter in further support of its pending Motions to Modify and in light of Plaintiff's withdrawal of his reliance on the Moline Article.  Though Northwell "has no vested interest in the outcome of this . . . litigation,"[1] it writes because the withdrawal of the Article impacts both of Northwell's Rule 45(d)(3) arguments ( or "pathways").

Whether the Court is considering *sua sponte*[2] invoking its discretion under 45 C.F.R. § 164.512 (pathway 1), or evaluating the undue burden[3] imposed on Northwell (pathway 2), the analysis boils down to the same question:  Does the Subpoenaing Defendants' alleged need for the identities and

---

[1] ECF 288 p. 6.

[2] Defendants have never explicitly moved for an order to produce pursuant to 45 C.F.R. § 164.512.  Nor have Subpoenaing Defendants ever addressed, let alone moved to overcome, the majority of the objections Northwell raised in its responses to the subpoenas.

[3] *See* Fed. R. Civ. P. 26(b)(1); *Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 190 (4th Cir. 2019) ("The text of Rule 26 confirms that "burden" means more than the financial costs of compliance . . . ."); *see also Fappiano v. City of New York*, 640 F. App'x 115, 121 (2d Cir. 2016) (affirming trial court's order incorporating the witnesses "interest in maintaining her privacy" into the burden analysis); Order, *Peninsula Pathology Associates*, No. 4:22-mc-1 (**quashing AII's motion**, imposing sanctions, and explaining "[w]hen assessing the burden to the recipient, courts should consider the financial cost of producing the information as well as 'other cognizable burdens,' such as (1) the impact of production on privacy or confidentiality interests; (2) interests-including business interests- of the recipient and others who might be affected; and (3) whether the subpoena is overbroad and would require 'tailoring' by the nonparty.").

K&L GATES LLP
POST OFFICE BOX 14210   RESEARCH TRIANGLE PARK   NC 27709-4210   430 DAVIS DRIVE   SUITE 400   MORRISVILLE   NC 27560
T +1 919 466 1190   F +1 919 831 7040   klgates.com
314843065.6

The Honorable Valerie Figueredo
May 9, 2023
Page 2

PHI of the 33 research subjects outweigh the burden imposed on nonparty Northwell?  With the withdrawal of the Article, the answer is clearly "no."

What was already a "minimal[]" need of Subpoenaing Defendants[4] has now been reduced to zero. Thus, the burdens imposed on Northwell—which must be afforded "special weight"—clearly outweigh Subpoenaing Defendants' alleged need.  This Court should grant Northwell's motions and modify the subpoenas to protect Northwell and the research subjects.

Best regards,

/s/ Nathan A. Huff

Nathan A. Huff

---

[4] The timing of Subpoenaing Defendants' subpoenas to Northwell belies their alleged need for the information/documents they seek, as they served their subpoenas more than two years into this litigation and after the two-day deposition of Dr. Moline.  *See* Huff Decl., Ex. T (Order, *Peninsula Pathology Associates*, No. 4:22-mc-1 (E.D. Va. Dec. 23, 2022) (concluding that the information sought by AII's subpoena was only "minimally beneficial," in part because, as here, AII "waited . . . over two years into the *Gref* litigation" to serve the subpoena)).

314843065.6