**SIMMONS HANLY CONROY**
A NATIONAL LAW FIRM

SIMMONSFIRM.COM
(800) 479-9533

*From the desk of:*
*James M. Kramer, Esq.*

May 24, 2023

**VIA ECF**
Hon. Valerie Figueredo
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re:    *Gref v. Am. Int'l Indus.*, et al., 20-cv-05589

Dear Judge Figueredo,

    Plaintiff writes in response to Defendant American International Industries' ("AII") letter dated May 23, 2023, requesting additional time to file opposition papers to Plaintiff's pending motion for sanctions. While Plaintiff is amenable to meeting and conferring with AII to arrive at a mutually agreeable briefing schedule, Plaintiff objects to AII's attempt to assert baseless substantive arguments in its request for an extension of time.

    In its letter, AII argues that because "Plaintiff's motion is a disguised Motion for Rule 11 Sanctions that was not served to AII before it was filed with the Court," Plaintiff should withdraw the motion or the Court should strike it. AII is wrong. As Plaintiff's motion makes abundantly clear, Plaintiff's request for sanctions is premised upon AII's abuse of the discovery process by improperly seeking discovery related to the 2020 Moline Article. Federal Rule of Civil Procedure 11(d), titled "Inapplicability to Discovery," states that "this rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rule 26 through 37." Given that Plaintiff's motion squarely raises allegations of discovery misconduct, AII cannot credibly claim that Federal Rule of Civil Procedure 11 has any relevance whatsoever.

    Based upon the foregoing, Plaintiff submits that the Court should disregard the substantive arguments which AII improperly raises in its request for an extension of time and direct the parties to meet and confer to discuss a stipulated briefing schedule. Plaintiff's counsel stands ready should the Court have any questions.

Respectfully submitted,

James M. Kramer