

2101 Cedar Springs Road
Suite 1400
Dallas, TX  75201
Main: 469.983.6100

Lathrop GPM LLP
lathropgpm.com

**Robert E. Thackston**
Partner
robert.thackston@lathropgpm.com
469.983.6023

June 2, 2023

VIA ECF

The Honorable Valerie Figueredo
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY  10007-1312

RE:    Gref v. American International Industries, et al. - Case No. 20-cv-05589

Dear Judge Figueredo:

Please accept this letter briefing on behalf of Defendant American International Industries ("A-I-I") respectfully requesting Your Honor clarify your May 19, 2023, ruling on three topics.[1]

First, it appears Plaintiff intends to use Moline 2020 at trial (while avoiding discovery) with the vague commitment to not use it "offensively." Following the Court's ruling, A-I-I sought clarity from Plaintiff by sending a proposed stipulation about the limitations he was agreeing to with his commitment. (*See* **Exhibit A**, Email and Response, May 24, 2023, and Proposed Stipulation.) Plaintiff's response, however, makes clear that there are no real limitations—other than Plaintiff and his witness will not mention the article first while fully anticipating mentioning it after claiming defendants triggered some necessity to discuss the article. That means Plaintiff, Northwell, and Dr. Moline avoid discovery by presenting the façade of a concession while, in reality, making no concession at all. Although Plaintiff claimed his offer made this issue "now moot," his response following the conference makes clear this issue is not moot.

From the Conference, the Court appeared to understand Plaintiff's offer as a real compromise: No use of Moline 2020 means no discovery about it. Although A-I-I believed issues related to Dr. Moline's credibility were discoverable, the Court overruled this position based on Plaintiff's claimed "offer." Plaintiff's response to A-I-I after the May 19 conference, however, confirms there is no understanding on what the alleged compromise entails.

Plaintiff's offer was merely to not use Moline 2020 "offensively." This claim was reiterated at the hearing where Plaintiff offered only to not use the article "on direct" or not use "the cases" with his experts. (ECF No. 337; Hr'g. Tr. May 19, 2023 at 8:12-15, 21:2-11.) Under

---

[1] The purpose of this briefing is to seek clarification over ambiguities following the May 19, 2023, hearing, not to alter or amend the ruling. *See United States v. Philip Morris USA, Inc.*, 793 F. Supp. 2d 164, 168 (D.D.C. 2011).

The Honorable Valerie Figueredo
June 2, 2023
Page 2


Plaintiff's terms, his experts can rely on Moline 2020 during cross-examination and re-direct, they can allude to the article albeit not by name, and they can rely on it to "counter" epidemiology opinions of defendants' experts (i.e., not an "offensive" use).

For expert briefing purposes, and for the trial judge, clarity on this issue is necessary so all parties understand whether Moline 2020 can be mentioned by Dr. Moline, any of Plaintiff's witnesses, or counsel. Although A-I-I sought clarity with Plaintiff's counsel, Plaintiff rejected any proposed clarifying stipulation and offered nothing in return.

Because A-I-I does not know whether and when Plaintiff can use Moline 2020, preparing for Dr. Moline's additional deposition, pre-trial expert motions, and the trial is impossible. Therefore, A-I-I respectfully requests clarification on the Court's May 19, 2023, ruling as it relates to the use of Moline 2020. A-I-I believes the attached order reflects what the Court understood the offer to be, which prompted the Court not to rule on defendants' motions to compel material from Northwell that had been extensively briefed and argued by Plaintiff, Northwell, A-I-I, and other defendants for many months. (**Exhibit B**, Proposed Order.)

Second, A-I-I seeks clarification on Plaintiff's potential use of materials that incorporate Moline 2020 given Your Honor's statements that Plaintiff will "not at all [be] using or relying on Dr. Moline's 2020 article." (Hr'g Tr. May 19, 2023 at 12:14-24.) As noted in prior briefing, articles written after Moline 2020 incorporate her work to reach the newer articles' ultimate conclusions. Dr. Theresa Emory explicitly references and cites to Moline 2020. Dr. Emory begins her article by claiming it presents "additional" subjects to Moline 2020 and concludes that "together" with Moline 2020, there are now "more than 100" individuals whose only source of asbestos exposures was through cosmetic talc.[2] (**Exhibit C**, Emory, et al., "Malignant mesothelioma following repeated exposures to cosmetic talc: A case series of 75 patients," Am. J. of Indus. Med., 2020, 63:484 ("Emory 2020").)

Moline's new article, published after A-I-I's subpoena was served to Northwell and after A-I-I's motion to compel was filed, likewise explicitly refers to and cites Moline 2020 for its ultimate conclusions. (**Exhibit D**, Moline, et al., "Exposure to cosmetic talc and mesothelioma" Journal of Occupational Medicine and Toxicology, Vo. 18, No. 1 (2023) ("Moline 2023").) Moline 2023 (i) states its conclusions are "consistent with prior case series of patients" (referring to and citing Moline 2020 and Emory 2020), (ii) cites Moline 2020 for its implication that hairdressers are at an increased risk of mesothelioma based on their use of cosmetic talc, and (iii) cites Moline 2020 for its conclusion that "[p]ublished case reports and case series have identified over 100 individuals whose sole exposure to asbestos was through cosmetic talcum powder usage." (*Id*.)

Further underscoring how intertwined these articles are, Dr. Moline explicitly relies on and incorporates Moline 2020, Emory 2020, and Moline 2023 for her conclusions that

---

[2] While not the subject of this motion for clarification, A-I-I notes that there is no way to currently verify whether Moline 2020, Moline 2023, or Emory 2020 have cross-over subjects.

The Honorable Valerie Figueredo
June 2, 2023
Page 3

cosmetic talc can cause mesothelioma in a letter published this month. (**Exhibit E**, Moline, J., "Response to the Letter to the Editor From Jeffrey Brent, MD, PhD. Re: Mesothelioma Associated With the Use of Cosmetic Talc", JOEM v. 65, n. 23, May 2023.) A-I-I therefore seeks clarification on how the Court's ruling affects material that incorporates Moline 2020, so it may prepare its defenses in this case.

Third, because Your Honor's ruling focused on a lack of relevancy to defendants due to Plaintiff's claims of "mootness," did the Court intend to make substantive rulings regarding whether, and under what circumstances, Dr. Moline's litigation files on which she relied for Moline 2020, by virtue of being stored on her employer's server, became Protected Health Information under HIPAA? A-I-I respectfully requests clarification on the scope of the Court's ruling. Our proposed order states the Court's ruling was based on lack of relevancy following Plaintiff's proposed withdrawal, and the ruling did not address the merits of any parties' substantive arguments regarding the discoverability of Dr. Moline's reliance materials for her article.

If Your Honor requires additional information or further briefing, please do not hesitate to request it. Thank you for your consideration.

Sincerely,

LathropGPM LLP

Robert E. Thackston, Partner

RET:tls

cc:  All Parties of Record (via ECF)

3