**SIMMONS HANLY CONROY**
A NATIONAL LAW FIRM

SIMMONSFIRM.COM
(800) 479-9533

*From the desk of:*
*James M. Kramer, Esq.*

June 7, 2023

**VIA ECF**
Hon. Valerie Figueredo
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *Gref v. Am. Int'l Indus.*, et al., 20-cv-05589

Dear Judge Figueredo,

Plaintiff writes in response to Defendant American International Industries' ("AII") letter dated June 2, 2023, requesting "Your Honor clarify your Honor's May 19, 2023, ruling." As discussed below, not one of the three issues highlighted by AII requires clarification. The transcript of the May 19, 2023 conference reflecting Plaintiff's withdrawal of his experts' reliance on Dr. Moline's 2020 Study and Your Honor's ruling on related motions speaks for itself. None of the issues AII raises is appropriate for further comment or ruling at this juncture. AII's letter should be denied in its entirety.

First, AII improperly states that Plaintiff intends to use Moline's 2020 article at trial, and ignores that AII explicitly recognized discovery regarding the Moline 2020 article would not be an issue if Dr. Moline "does not . . . rely on the article and testify about the cases on direct." (Dkt. 263 at p. 5). As Plaintiff has stated now on numerous occasions, including in his May 1, 2023 letter to the Court (Dkt. 337), at the May 19, 2023 conference (Dkt. 353 at 8:12-15), in an email to AII on May 24, 2023 (Dkt. 360, Exhibit A), and at a meet and confer held yesterday morning, Plaintiff is not going to introduce the article into evidence or argument at trial and Plaintiff's experts will not rely on the Moline 2020 article in their direct examinations. Plaintiff's counsel will not ask Dr. Moline (or any other expert) about the 2020 article, nor will Dr. Moline (or any other expert) discuss the 2020 article in response to any question on direct examination. Given that AII previously acknowledged that "Dr. Moline is of course free to keep all [identities of the subjects involved in her article] private" if she does not rely on the article or testify about it in direct, any discussion of these issues should have ended weeks ago. The fact that they have not underscores the reason that Plaintiff moved for sanctions against AII.[1]

---

[1] Plaintiff asks the Court to take judicial notice of AII's June 2, 2023, letter seeking clarification and requiring this response.

1

We stand for our clients.

| HEADQUARTERS | NEW YORK | CHICAGO | SAN FRANCISCO | LOS ANGELES | ST. LOUIS |
|---|---|---|---|---|---|
| One Court Street | 112 Madison Avenue | 230 W. Monroe | 455 Market | 100 N. Sepulveda Blvd. | 231 S. Bemiston |
| Alton, IL 62002 | New York, NY 10016 | Suite 2221 | Suite 1150 | Suite 1350 | Suite 525 |
| TEL: (618) 259-2222 | TEL: (212) 784-6400 | Chicago, IL 60606 | San Francisco, CA 94105 | El Segundo, CA 90245 | St. Louis, MO 63105 |
| FAX: (618) 259-2251 | FAX: (212) 213-5949 | TEL: (312) 759-7500 | TEL: (415) 536-3986 | TEL: (310) 322-3555 | TEL: (800) 479-9533 |
| | | FAX: (312) 759-7516 | FAX: (415) 537-4120 | FAX: (310) 322-3655 | |

Obviously, Plaintiff cannot predict AII's defense strategy and, therefore, cannot make any representations about what may come out during cross-examination if AII chooses to ask a witness about the 2020 Study. Certainly, if AII specifically asks about the 2020 Study, then the witness may answer, and Plaintiff may be left with no choice but to conduct an appropriate re-direct. However, neither Plaintiff nor his experts will bring the 2020 Study up on their own.

Given the foregoing, AII cannot credibly claim that it "does not know whether and when Plaintiff can use Moline 2020," and there is no basis for the Court to provide further comment or to enter AII's proposed order. AII is also wrong to suggest that the Court did not rule on Defendants' motions to compel discovery sought from Northwell. The Court ruled on all motions related to the discovery sought of human research subjects involved in the 2020 study. Based on Plaintiff's representations regarding his expert's non-reliance on the study, the Court found that it is impossible for defendants to meet their burden to discover information protected under HIPAA and the common rule. (Dkt. 353 at 12:14-24, 13:12-15, 13:23-14:6). Accordingly, the Court granted Northwell's motions to modify AII and Whittaker Clark & Daniels, Inc.'s subpoenas, and denied the related motions to compel. (Dkt. 353, at 20:16-21, 25:4-7).

Second, AII's feigned confusion regarding the use of reliance materials that "incorporate Moline 2020" is without merit. It is premature at this juncture to predict what, if any, exhibit or reliance material may be at issue. However, consistent with Plaintiff's representations, Plaintiff will redact any document shown to the jury that contains a reference to the 2020 Moline study.

AII's concern about Plaintiff's use of reliance materials that reference Dr. Moline's 2020 study is unwarranted. In general, any issue with respect to what may be presented as evidence at trial should be addressed at the appropriate time through motion practice submitted to the trial judge. AII fails to raise any legitimate discovery issue warranting further discussion and ruling by the Court now.

The same is true with respect to Dr. Moline's 2023 article. These article presents 166 cases distinct from the 33 she presented in her 2020 study. These 166 cases are of individuals with mesothelioma who had substantial asbestos exposure to cosmetic talc products. Insofar as the 2023 article examines individuals who had asbestos exposures from both cosmetic talc and other sources, it speaks to issues that Defendants have criticized the Moline 2020 study for and stands on its own as an item of reliance material for Dr. Moline and any other expert.

AII's third request for clarification is nonsensical. AII's summary of the Court's ruling – "Your Honor's ruling focused on a lack of relevancy to defendants due to Plaintiff's claims of mootness" – indicates that AII does not understand the ruling, even though the Court's decision

and reasoning was perfectly clear. Again, the Court's ruling speaks for itself. To the extent AII seeks the Court to make further comment, such would constitute improper advisory opinion.

Respectfully submitted,

James M. Kramer

We stand for our clients.

| HEADQUARTERS | NEW YORK | CHICAGO | SAN FRANCISCO | LOS ANGELES | ST. LOUIS |
|---|---|---|---|---|---|
| One Court Street | 112 Madison Avenue | 230 W. Monroe | 455 Market | 100 N. Sepulveda Blvd. | 231 S. Bemiston |
| Alton, IL 62002 | New York, NY 10016 | Suite 2221 | Suite 1150 | Suite 1350 | Suite 525 |
| TEL: (618) 259-2222 | TEL: (212) 784-6400 | Chicago, IL 60606 | San Francisco, CA 94105 | El Segundo, CA 90245 | St. Louis, MO 63105 |
| FAX: (618) 259-2251 | FAX: (212) 213-5949 | TEL: (312) 759-7500 | TEL: (415) 536-3986 | TEL: (310) 322-3555 | TEL: (800) 479-9533 |
| | | FAX: (312) 759-7516 | FAX: (415) 537-4120 | FAX: (310) 322-3655 | |