**Lathrop GPM**

Lathrop GPM LLP
lathropgpm.com

Pierre Laclede Center
7701 Forsyth Boulevard, Suite 500
Clayton, MO 63105
Main: 314.6132540

Counsel
neil.schonert@lathropgpm.com
314.613.2540

June 8, 2023

Hon. Valerie Figueredo
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

  Re: *Gref v. American International Industries, et al*.; United States District Court for the Southern District of New York; Case No. 1:20-cv-05589

Dear Judge Figueredo:

  Please accept this letter in reply to Plaintiff's filing (ECF No. 361) concerning Defendant American International Industries' ("A-I-I") motion for clarification. (ECF No. 360.)

  As in his Motion for Sanctions (ECF No. 348), Plaintiff improperly attempts to portray a rhetorical statement in A-I-I's motion to compel—intended to contrast Dr. Moline's role as a litigation consultant to actual researchers—as some offer or request. (ECF No. 263.) Given Plaintiff never viewed this statement as anything other than an argument for the past six months of briefing and hearings on the issue (and prior to the publication of Moline 2023), Plaintiff is now grasping at justifications for his experts' reliance on Moline 2020 in any way other than by name, and again only during direct examination.[1]

  Indeed, as Your Honor stated at the May 19, 2023, hearing, the Court's understanding was that Plaintiff is "not at all using or relying on Dr. Moline's 2020 article" meaning "there just isn't a basis to conclude the article is relevant." (Hr'g. Tr. at 12:14-24.) Now, Plaintiff is admitting his only understanding is that neither counsel nor Plaintiff's experts will "rely on the Moline 2020 article <u>in their direct examination</u>" and they will not "discuss the 2020 article in response to any question <u>on direct examination</u>." (ECF No. 361.) Plaintiff also states that, although neither he nor his experts will "bring the 2020 [article] up on their own," they will "conduct an appropriate re-direct" if the 2020 article is discussed during cross-examination. (*Id*.) Apparently, under Plaintiff's understanding of Your Honor's ruling, Plaintiff's experts can mention "studies" or "articles" linking cosmetic talc to mesothelioma without mentioning the 2020 article by name, and, if Defendants attempt to impeach these witnesses about their reliance materials by examining flaws in the Moline 2020 article, Plaintiff and his witnesses are allowed to discuss Moline 2020 without restriction.

---

[1] A-I-I will file its opposition to Plaintiff's Motion for Sanctions (ECF No. 348) pursuant to this Court's orders. Additionally, given the flagrant misrepresentations of expert opinions in *Bell*, expert testimony in unrelated actions, and this case's procedural history, along with procedural deficiencies, A-I-I served Plaintiff with a Safe Harbor letter pursuant to FRCP 11 requesting Plaintiff withdraw his motion for sanctions.

       This lack of clarity is further underscored by Plaintiff's claim that he can simply "redact any document" referencing the Moline 2020 article to allow for its use at trial. (*Id.*) This is demonstrative of why A-I-I filed its motion for clarification: Plaintiff believes the only restriction on his use of the Moline 2020 article is that he simply cannot show or mention the Moline 2020 article by name, though his experts can utilize information inextricably tied to Moline 2020.

       As noted previously, Moline 2020 is cited directly in Moline 2023's conclusion for the claim that, "[p]ublished case reports and case series have identified over 100 individuals whose sole exposure to asbestos was through cosmetic talcum powder usage." (ECF No. 360-4 at 11.) Indeed, in the Moline 2023's five-pages of text (excluding the six-pages making up "Table 2" and the reference list), Moline 2020 is cited multiple times, including for the contention that there is a "high proportion of peritoneal mesothelioma tumors relative to pleural tumors, consistent with prior case series of patients with malignant mesothelioma after cosmetic talc use," which is especially relevant in this matter given Mr. Gref's diagnosis of peritoneal mesothelioma. (ECF No. 360-4 at 2.).

       Additionally, Plaintiff states in his June 7, 2023, letter:

> AII's third request for clarification is nonsensical. AII's summary of the Court's ruling – "Your Honor's ruling focused on a lack of relevancy to defendants due to Plaintiff's claims of mootness" – indicates that AII does not understand the ruling, even though the Court's decision and reasoning was perfectly clear.

       Plaintiff's statements make the necessity for clarification all the more apparent: Plaintiff's written "offer" regarding Moline 2020, which he claims "fully captured" his position and was "duly acknowledged" by Your Honor, states issues of discovery associated with Moline 2020 are "moot" no less than three times in the four-paragraph (with one footnote) court submission on this issue. (ECF No. 337.) Based on these claims, Your Honor stated there is "no relevance hook […] if Dr. Moline is not relying on her article" to outweigh the alleged burden in complying with the subpoena. (ECF No. 337; May 19, 2023; Hr'g. Tr. at 12:14-24.) Apparently—though Plaintiff does not attempt to explain why—Plaintiff disagrees that Your Honor's ruling was based on a lack of relevancy and claims of mootness.[2] Given Plaintiff's failure to explain his disagreement with A-I-I, we are uncertain of Plaintiff's understanding of the Ruling, highlighting the need for clarification.

---

[2] The Court's full statement in ruling there was no relevancy for the materials sought in Defendants' subpoena, which was also cited by Plaintiff, was:

> I'm not going to give you a written decision because it's pretty clear, given Mr. Kramer's statements on the record, **that they're not at all using or relying on Dr. Moline's 2020 article**, that there just isn't a basis to conclude that the article is relevant. And for the reasons we've discussed at length at two conferences, the burden on Northwell Health here, there's no way defendants can overcome the showing of burden **if there's no relevance hook**. And if Dr. Moline is not relying on her article, **there is no relevance hook**.

(May 19, 2023, Hr'g. Tr. at 12:14-24.)

A-I-I is available to provide any additional information the Court requests.

Best,

**Lathrop GPM LLP**

*/s/ Neil Schonert*
Neil Schonert
Counsel