

2101 Cedar Springs Road
Suite 1400
Dallas, TX  75201
Main: 469.983.6100

> **Application Granted**
>
> _/s/ Valerie Figueredo_
> Valerie Figueredo, U.S.M.J.
> DATED: 6-21-2023
>
> Defendant AII's response to non-party Northwell's Motion to Quash Subpoena is due by no later than July 14, 2023. **SO ORDERED.**

June 20, 2023

<u>VIA ECF</u>
The Honorable Valerie Figueredo
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY  10007-1312

**RE:**   *Gref v. American International Industries, et al*. - **Case No. 20-cv-05589**

Dear Judge Figueredo:

Defendant American International Industries ("A-I-I") respectfully submits this letter requesting that the Court strike non-party Northwell Health, Inc.'s ("Northwell") Motion to Quash Subpoena Served by Defendant A-I-I (ECF Nos. 364-366) for failure to comply with Your Honor's Individual Practice Rules. In the alternative, A-I-I respectfully requests additional time to respond to Northwell's Motion to Quash.

Your Honor's Individual Practice Rule II(c)(1) requires any "moving party (**including a non-party seeking relief**)" to "first confer[] in good faith with any adverse party to resolve" a dispute. (emphasis added.) Despite briefing, arguing, and attending hearings with A-I-I for months, Northwell did not attempt to meet and confer with A-I-I prior to filing its Motion to Quash Subpoena. Therefore, A-I-I requests that Northwell's Motion to Quash Subpoena by stricken.

Alternatively, given Northwell's failure to comply with the Court's rules and Northwell's misstatements of procedural history in this case, A-I-I requests additional time to respond to Northwell's Motion to Quash Subpoena—beyond the seven days provided in Local Rule 6.1. Northwell falsely claims the information sought "would be of no value to this litigation" despite (i) its refusal to state whether Plaintiff Gref is one of the litigation cases used by Dr. Moline in her study (May 19, 2023 Hr'g. Tr. at 23:18-24:21), and (ii) seemingly acquiescing to Plaintiff's statements at the May 19, 2023, hearing that Dr. Moline and other of Plaintiff's experts plan to rely on the article on which A-I-I sought discovery through its subpoena. (*Id*. at 25:13-27:20; ECF No. 337 at 1; ECF No. 342 at 2.)

Additionally, Northwell again misstates the purposes of HIPAA protections—even acknowledging that the various plaintiffs in the sought litigation cases already publicly disclosed their medical conditions that Northwell claims is now "protected:" that each litigation case involves someone who was diagnosed with mesothelioma. (ECF No. 365 at 7; *see, e.g., Jin v. Choi*, No. 120CV09129MKVSDA, 2021 WL 3159808, at *1 (S.D.N.Y. June 17, 2021) (denying request to seal filings making "reference to Plaintiff's medical

The Honorable Valerie Figueredo
June 20, 2023
Page 2

condition" because "the same general information is described in [the] Complaint, which is publicly available.")

Finally, Northwell, once more, claims responding to this subpoena will create a "chilling effect" on research—an argument completely undercut by the fact that Dr. Moline's new article was submitted for publication *after* the unsealing of Mrs. Bell's identity from her 2020 article and *after* A-I-I served its subpoena to Northwell relating to her earlier article. (ECF No. 365 at 11-12.)

In light of the foregoing, A-I-I requests additional time to respond to Northwell's Motion to Quash Subpoena to July 14, 2023. A-I-I will provide any additional information to Your Honor upon request.

Thank you for your consideration.

Regards,

Lathrop GPM LLP

Robert E. Thackston, Partner

RET:nas

cc:  All Parties and Non-Parties of Record (via ECF)