**VIRGINIA SQUITIERI**
212.453-0772 (DIRECT)
VSQUITIERI@GRSM.COM



June 29, 2023

**VIA ECF**
Honorable Valerie Figueredo
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1660
New York, New York 10007

      **Re:**    *Brian Joseph Gref v. American Int'l Industries, et al.*
              **Case No. 1:20-cv-05589-GDB-VF (SDNY)**

Dear Judge Figueredo:

     Our office represents Defendant, Colgate-Palmolive Company, as a successor-in-interest to The Mennen Company ("Mennen"), in the above-entitled action. Mennen respectfully submits this letter motion for a discovery conference and an Order pursuant to Fed. R. Civ. P. 26 (b)(1) and (2), 30(d), and 37 enlarging the time to complete the deposition of Plaintiff's expert Dr. Jacqueline Moline, scheduled for July 10th, 2023, beyond the three (3) hours offered by Plaintiff.[1] Mennen makes this request to ensure sufficient time during the deposition to explore Dr. Moline's new opinions and methodologies regarding her quantitative dose calculations and her 2023 study "*Exposure to Cosmetic Talc and Mesothelioma*" ("Moline 2023 Article"). The parties have met and conferred, and been unable to come to an agreement.

**I.**    **INTRODUCTION**

     Dr. Moline was produced for deposition on July 6, 2022 and September 23, 2022. During questioning by Plaintiff's counsel on September 23rd, shortly before the expiration of the seven hour time limit, Dr. Moline for the first time offered dose estimates quantifying the numbers of fibers per cc of asbestos purportedly released from each of the talcum powder products that Mr. Gref used.[2] Plaintiff did not previously disclose those calculations, and Dr. Moline testified that she prepared them the week before her deposition and had not written them down.[3] Plaintiff's counsel elicited these calculations during the September 2022 deposition session despite Dr. Moline's testimony in July 2022 that she is not offering a quantitative dose analysis of any product in this case.[4] Shortly after eliciting Dr. Moline's belated dose opinions, following brief follow-up questioning, Plaintiff's counsel abruptly ended Dr. Moline's deposition, presumably because the combined July and September sessions had gone beyond seven (7) hours.[5] After meeting and conferring with Plaintiff, Defendants filed a joint motion to compel the continuation of Dr. Moline's deposition, which Plaintiff opposed. (ECF 263 and 282).

---

[1] Mennen respectfully requests the Court's permission to exceed Your Honor's 3-page limit for Letter-Motions for Discovery Conferences as stated in your Individual Practices §II(c)(2) in the interests of judicial economy to ensure that the parties can proceed with Dr. Moline's deposition on July 10, 2023.
[2] *See* **Ex. 2**, Depo Trans. Dr. J. Moline Vol. II at p. 296.
[3] *Id.* at pp. 273-274.
[4] *Id.* at pp. 293-296; *see also* **Ex. 1**, Depo. Trans. J. Moline Vol. I at p. 172.
[5] **Ex. 2**. at p. 311.

As the Court is aware, while Defendants' motion was pending, the parties had a separate dispute regarding a subpoena served by co-defendant American International Industries ("A-I-I"), seeking the production of documents concerning Dr. Moline's Article "*Mesothelioma Associated with the Use of Cosmetic Talc*" Journal of Occupational Medicine, Vol. 62, No. 1, Jan. 2020 ("Moline 2020 Article"). On May 4, 2023, after extensive briefing and multiple conferences regarding the subpoena, Plaintiff advised the Court (ECF 337) that Plaintiff would, for the sake of efficiency, withdraw the article and that Plaintiff's experts would not rely on it.[6] Plaintiff also agreed to produce Dr. Moline for a limited, three (3) hour deposition on her dose calculations and any relevant literature she was relying on that she had authored since the date of her deposition.

Defendants did not know at the time Plaintiff withdrew the Moline 2020 Article that Plaintiff was simply planning to swap out that article for another one that Dr. Moline published in January 2023. Plaintiff revealed that plan for the first time during a conference before this Court on May 19, 2023. As the Court observed, the Moline 2023 Article has never been discussed by the parties. In the 2023 Article, Dr. Moline claims to analyze 166 individuals who allegedly "had substantial asbestos exposure to cosmetic talc products as well as some who had potential or documented additional exposures to other asbestos-containing products and who subsequently developed mesothelioma."[7] As with the 2020 Article, all subjects were previously referred to Dr. Moline by plaintiffs' attorneys "as part of a medicolegal review" in tort litigation. Because Plaintiff disclosed their intention for Dr. Moline, and possibly other experts, to rely on this article for the first time on May 19, 2023, none of the Defendants has had an opportunity to depose Dr. Moline concerning this newly introduced article in this case.

At the Court's direction, the parties met and conferred on June 6, 2023.[8] Plaintiff offered to produce Dr. Moline on July 10, 2023, for no more than three hours. The undersigned confirmed with Plaintiff's counsel that Plaintiff's initial offer of three hours was meant to cover only Dr. Moline's dose calculations. Plaintiff now claimed that the same three hour period would be sufficient to cover both Dr. Moline's dose calculations and her 2023 Article. Additionally, Plaintiff advised that he might amend Plaintiff's expert Dr. Murray Finkelstein's reliance materials to include the 2023 Article, but that Plaintiff would not agree to re-open Dr. Finkelstein's deposition to address this change. Defendants accepted the July 10th deposition date, but objected to the three hour limit, and to Plaintiff's plan to revise the reliance materials of Plaintiff's other experts.

Mennen advised Plaintiff's counsel that we are at an impasse and would be seeking a conference and moving for an Order extending the time to conduct Dr. Moline's deposition.

## II.     <u>MENNEN HAS SHOWN GOOD CAUSE FOR EXTENDING THE DEPOSITION</u>

If Plaintiff is not precluded from adding the Moline 2023 Article as reliance material (*see* Section III, *infra*), Mennen respectfully requests additional time for deposition. While the Federal

---

[6] **Ex**. **3**, Letter from Plaintiff's counsel to Hon. Valerie Figueredo, dated May 4, 2023 (ECF 337 and 339).
[7] **Ex. 4**, Moline, J. et al., "Exposure to Cosmetic Talc and Mesothelioma," Journal of Environmental Medicine and Toxicology, Vol. 18, No. 1, January 2023, at 1.
[8] The parties participating in the conference were James Kramer of Simmons Hanly on behalf of Plaintiff and Virginia Squitieri of Gordon Rees on behalf of Mennen along with counsel for other defendants. The ZOOM conference was approximately twenty minutes in length. A further telephonic meet and confer was held between the undersigned and Mr. Kramer on June 28, 2023 regarding the same topics, but the parties' positions remained unchanged.

Rules of Civil Procedure generally set a seven hour time limit for depositions, that is not a hard-and-fast rule, and extensions may be granted for "good cause." Fed. R. Civ. P. 26; 30(D)(2); *see also* FRCP 30 2000 Notes of Advisory Committee at ¶3 ("party seeking a court order to extend the examination … is expected to show good cause to justify such an order."). Such relief may be warranted, for instance, when a witness will be questioned about numerous or lengthy documents, and, for expert witnesses in particular, "there may more often be a need for additional time – even after the submission of the report required by Rule 26(a)(2) – for a full exploration of the theories upon which the witness relies." *See* 2000 Notes to FRCP 30 at ¶4.

Mennen has demonstrated good cause for extending Dr. Moline's deposition for more than the currently allotted three hours. Plaintiff himself conceded the need for additional deposition time by agreeing to the additional three hour period solely for examination concerning Dr. Moline's newly announced dose calculations. But Plaintiff has refused to any additional time to permit Defendants to question Dr. Moline with respect to another, at least equally significant, recent development – Plaintiff's newly announced plan to substitute Dr. Moline's 2023 Article for the 2020 Article Plaintiff had previously withdrawn. The very reason Plaintiff agreed to withdraw that article was purportedly to streamline discovery and avoid an ongoing dispute over the scope of Dr. Moline's disclosure obligations concerning the subjects of her study.[9] As it turns out, however, Plaintiff is now trying to swap in a similar article, implicating all of the same disclosure issues, while depriving Plaintiffs of any meaningful discovery concerning that belatedly added article whatsoever. If Dr. Moline is permitted to rely on the 2023 Article, Mennen should be afforded an opportunity to fully question her on it; otherwise, Mennen cannot adequately prepare its defense.

Accordingly, Mennen respectfully requests that the Court direct Plaintiff to make Dr. Moline available for a full day deposition (not limited to three hours) to address both her newly announced dose calculations, and her newly announced intention to rely on the 2023 Article.

### III.   ALTERNATIVELY, MENNEN REQUESTS THAT THE 2023 ARTICLE BE PRECLUDED

Mennen respectfully requests, as alternative relief, that the Court preclude Plaintiff from introducing the 2023 Article as reliance material for Dr. Moline and/or any of Plaintiff's other experts. Such a result would promote efficiency. Indeed, Mennen will not require additional time to depose Dr. Moline, beyond the three hours Plaintiff is presently offering to address the newly announced dose calculations, if the 2023 Article is precluded. Moreover, it is well within the Court's discretion to grant that relief. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) (District courts have "broad discretion over the management of pre-trial activities, including discovery and scheduling."); *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990) ("Matters pertaining to discovery are committed to the sound discretion of the district court.").

Plaintiff's expert reports were due in this matter on or before December 15, 2021 (ECF 161). There is no good reason that Plaintiff should be permitted to add the 2023 Article after that closing date, and there are at least two compelling reasons that he should not. *First*, Plaintiff

---

[9] *See* **Ex. 3**, ECF 337 and 339; **Ex. 5**, Transcript of Proceedings Before the Honorable Valerie Figueredo on May 19, 2023 at 6:3-8:18.

withdrew the 2020 Article for the purported purpose of promoting efficiency and avoiding a continuing dispute concerning Dr. Moline's obligations to disclose the identities of her study subjects. By now seeking to introduce the 2023 Article in place of the withdrawn study, Plaintiff is creating and increasing the very inefficiencies he purportedly sought to avoid. Like the subjects of the 2020 Article, the subjects of the 2023 Article appear to have been plaintiffs in public litigation filed against talc defendants. Accordingly, defendant A-I-I served a subpoena on Northwell Health, Inc., seeking production of the identities of those subjects, on similar grounds as it had previously sought the identities of the subjects of the 2020 Article. For its part, Northwell Health, Inc. has entered a motion to quash. Thus, predictably, Plaintiff's belated effort to introduce the 2023 Article as a substitute for the 2020 Article has not promoted efficiency, but has triggered a new dispute concerning the same disclosure issues before the Court previously.

*Second*, for reasons detailed in a decision issued less than two weeks ago, the 2023 Article would not be relevant even if it had been timely introduced, and therefore, for the sake of efficiency, it can and should be precluded now. *See* Order, *Weiss v. Albertson's Companies Inc.*, et al., CV 2021-090946 (Ariz. Super. Ct. June 23, 2023) at 23 ("Dr. Moline's case series," specifically including the 2023 Article, "are anecdotal and provide no reliable, scientific support for the notion that asbestos in talc causes mesothelioma."), annexed hereto as **Ex. 6**. As the *Weiss* Court explained, in a decision precluding Dr. Moline as an expert witness in a talc case, Dr. Moline's 2020 and 2023 Articles are "not controlled scientific studies of disease causation." *Id.* at 9.[10] The Court elaborated on why Dr. Moline's studies, including specifically her 2023 Article, were "completely irrelevant" and/or "anecdotal in nature":

> Dr. Moline's own case series do not demonstrate a causal link between talcum powder and mesothelioma. Both of her case series involved patients who had mesothelioma. There certainly was no comparison to a "control group." Dr. Moline did not conduct a rigorous scientific analysis of the cause of the disease in the subjects of her studies. Indeed, she appears to have paid little, if any, attention to alternative causes.

> Dr. Moline's approach appears to be that, if she finds that a person who has mesothelioma was exposed to asbestos in talc, she concludes that the talc asbestos was the cause of the mesothelioma. The fact, however, that a person with mesothelioma was exposed to talcum powder asbestos does not establish a causal connection between the asbestos and the mesothelioma.

*Id.* at 37. As the *Weiss* Court concluded, "[t]he fact that a mesothelioma patient was exposed to talcum powder for a brief period of time each day does not establish a causal connection," rendering Dr. Moline's reliance on case studies like her own 2023 Article "pure speculation, without any scientific basis." *Id.* at 42.

---

[10] There are ample grounds for Dr. Moline to be precluded in this action as well, and Mennen reserves the right to seek that relief once expert depositions are concluded. *See also Nemeth v. Brenntag North America*, 38 N.Y.3d 336 (2022) (precluding Dr. Moline as an expert on causation in talc matter). For present purposes, Mennen is seeking only to preclude Plaintiff from belatedly introducing the 2023 Article as reliance material for Dr. Moline and any other experts.

      This case has been pending since July 2020 (ECF 1), with Plaintiff's medical expert reports and reliance materials exchanged in December 2021. Dr. Moline has been deposed in two sessions, and, but for Plaintiff's introduction of new dose opinions and the 2023 Article, that deposition would have been concluded more than six months ago. Moreover, Plaintiff introduced that 2023 Article only after purporting to avoid further delays in this action through the withdrawal of Dr. Moline's 2020 Article. The result of this maneuver is the opposite of increased efficiency: Plaintiff's effort to substitute one article for the other ensures a new round of disputes over Dr. Moline's disclosure obligations. On top of all that, the article that Plaintiff is now seeking to introduce is irrelevant for reasons another court detailed in a thoroughly reasoned decision just last week. The need for additional deposition time, and the developing dispute concerning Dr. Moline's disclosure obligations, can and should be short circuited with an order precluding the article now.

                                                Respectfully submitted,

                                                Virginia Squitieri, Esq.

cc:      Counsel of Record (*Via ECF*)