

August 8, 2023

**SO ORDERED**

VALERIE FIGUEREDO
United States Magistrate Judge

Dated: 8-11-2023

Northwell's motion to strike Defendant AII's response in opposition to Northwell's motion to quash is DENIED. Northwell's motion in the alternative for an extension of its deadline to submit its reply brief is GRANTED. The reply brief is due by no later than **September 19, 2023**. The Clerk of Court is directed to terminate the motion at ECF No. 393.

**Via ECF**

Hon. Valerie Figueredo
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:   *Brian Joseph Gref v. American International Industries, Inc., et al.*
             Case No.: 1:20-cv-05589-GBD-VF
             <u>Motion to Strike Defendant American International Industries, Inc.</u>
             <u>Untimely Response in Opposition to Northwell's Motion to Quash</u>

Dear Judge Figueredo:

      Northwell Health, Inc. ("Northwell") hereby moves, pursuant to Local Civil Rules 5.2(b), 7.1(d), and Your Honor's Individual Rules, to strike Defendant American International Industries, Inc.'s ("AII") late response in opposition to Northwell's Motion to Quash. Given the untimeliness of AII's opposition, the Court should treat Northwell's Motion as unopposed, and thereby grant Northwell the relief it requests therein: (1) quash AII's subpoena, and (2) impose sanctions against AII. In the alternative, if the Court is inclined to excuse AII's untimely filing, Northwell requests an equal extension of its deadline for replying in support of its Motion to Quash.

      This is the second time in this litigation that Northwell—who is not a party to this case—has confronted an unduly burdensome subpoena from AII. After inflicting tens of thousands of dollars of expense and months of litigation on Northwell with its first unduly burdensome subpoena, AII served a second subpoena on Northwell on May 26, 2023 (the "Second Subpoena"). This Second Subpoena is likewise unduly burdensome, and as AII is well-aware, has an **even weaker** factual basis.

      Accordingly, on June 9, 2023, Northwell served objections to the Second Subpoena.[1] The bases for these objections are even broader than those in Northwell's later Motion to Quash.[2] **AII**

---

[1] A true and correct copy of the objections are attached hereto as "Exhibit A."

[2] In addition to objecting under Rule 45(d)(3), Northwell objected to the Second Subpoena as vague and ambiguous, based on a false premise, demanding documents outside of Northwell's control, disproportional to the needs of the case, and constituting an abuse of process. AII has never moved to overcome these objections and has now waived its right to do so.

K&L GATES LLP
POST OFFICE BOX 14210   RESEARCH TRIANGLE PARK   NC 27709-4210   430 DAVIS DRIVE   SUITE 400   MORRISVILLE   NC 27560
T +1 919 466 1190   F +1 919 831 7040   klgates.com

316307222.3

Judge Figueredo
August 8, 2023
Page 2 of 3

**never responded to these objections**.  In fact, AII failed to even mention these objections in the nominal "cross motion to enforce" tagged on to the end of its untimely response brief.  There is no motion before the Court to overcome those objections, and by failing to timely move to overcome Northwell's objections, AII has waived its right to challenge them.

In addition, on June 14, 2023, Northwell filed a Motion to Quash pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure.  (ECF Nos. 364-66)  Local Civil Rule 6.1(a) set the deadline for AII to respond to Northwell's motion for seven (7) days after, on June 21, 2023.  However, AII filed a letter motion on June 20, 2023 seeking a 23-day extension—through July 14, 2023—to respond.  (ECF No. 373)  The next day, the Court ordered AII's requested extension.  (ECF No. 374)

At the July 6th hearing on AII's motion to extend Dr. Moline's deposition, AII announced that it would move to exclude Dr. Moline's testimony.  The Court indicated that, **in that event**, it would entertain a motion from AII or proposed schedule from the parties that delayed further briefing on Northwell's Motion to Quash until after the resolution of the motion to exclude.  Thus far, there has been no motion to exclude; AII has not moved for an extension of its response deadline; it has not conferred with Northwell about any potential extension; and the parties to this case have not proposed an alternate briefing schedule.  Thus, AII's deadline to respond to the motion to quash remains July 14th (which has long since passed).

AII did not file its opposition until this past Friday, August 4, 2023.  (ECF No. 391)  Nor did AII seek leave of court to file out of time or even attempt to make a showing of good cause for its untimely filing.  Instead, notwithstanding the Court's Order,[3] AII unilaterally granted itself an additional 24 days (beyond the extra 23 allowed by the Court) to respond.

Given AII's noncompliance with this Court's June 21, 2023 Order, and its failure to respond to Northwell's objections, the Court should strike and/or not consider AII's response.  Instead, it should treat Northwell's Motion to Quash as unopposed, and (1) confirm that Northwell need not comply with AII's unduly burdensome Second Subpoena, and (2) impose sanctions on AII for failing to comply with Rule 45.  Alternatively, if the Court is inclined to excuse AII's late filing, Northwell respectfully requests that the Court grant it a six (6)-week extension for replying to AII's response—through and including September 19, 2023—to afford Northwell a full and fair opportunity to address the numerous falsehoods and legally deficient arguments in AII's untimely

---

[3] ECF No. 374 ("Defendant AII's response to non-party Northwell's Motion to Quash Subpoena is due by no later than July 14, 2023.  **SO ORDERED.**" (emphasis in original))

Judge Figueredo
August 8, 2023
Page 3 of 3

opposition.[4]   Such an extension would mirror that enjoyed by AII (considering the Court-sanctioned 23-day extension, plus AII's unilateral 24-day extension).

Thank you for your time and attention this matter.

**K&L GATES LLP**

/s/ Nathan A. Huff
Nathan A. Huff
North Carolina State Bar No. 40626
Anderson M. Shackelford
North Carolina State Bar No. 49510
430 Davis Dr., Suite 400
Morrisville, North Carolina 27560
Telephone: (919) 789-5703
Facsimile: (919) 789-5301
E-mail: nate.huff@klgates.com
E-mail: anderson.shackelford@klgates.com

Kodey M. Haddox
599 Lexington Ave.
New York, New York 10022
Telephone: (212) 536-3920
Facsimile: (212) 536-3901
E-mail: kodey.haddox@klgates.com

***Counsel for Non-Party Northwell Health, Inc.***

cc:   All counsel of record (via ECF)

---

[4] AII's Response also nominally contains a "cross-motion" to enforce the Second Subpoena. Not only is this "motion" untimely, it is nothing more than a thinly veiled attempt to secure an improper sur-reply where none is contemplated by law.  *See SEC v. Xia*, 2022 WL 2784871, at *1 (E.D.N.Y. July 15, 2022) ("Sur-replies are appropriate only in 'the exceptional though rare case' when a 'party demonstrates to the court that papers to which it seeks to file a reply raise new issues which are material to the disposition of the question before the court,' or when '[the court] determines . . . that it wishes further briefing . . . and orders the submission of additional papers.'" (quoting *United States v. Int'l Bus. Machines Corp.*, 66 F.R.D. 383, 384 (S.D.N.Y. 1975))).  Neither the Federal Rules of Civil Procedure, the Local Civil Rules, nor your Honor's Individual Practices contemplate AII's ability to make such a filing.

316307222.3