Application Granted

*[signature]*

Valerie Figueredo, U.S.M.J.
DATED: September 14, 2023
The request to stay Northwell's deadline to file a reply brief in support of its motion to quash is stayed pending resolution of the joint motion to preclude. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 401.

**K&L GATES**

September 13, 2023

Nathan A. Huff
Partner
Nate.Huff@klgates.com

T +1 919 314 5636
F +1 919 516 2045

**Via ECF**

Hon. Valerie Figueredo
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

> **Re:   *Brian Joseph Gref v. American International Industries, Inc.*, *et al.***
> **Case No.: 1:20-cv-05589-GBD-VF**
> **<u>Letter Motion to Stay Non-Party Northwell's Deadline for Replying in
> Support of its Motion to Quash</u>**

Dear Judge Figueredo:

Pursuant to Local Civil Rules 5.2(b), 7.1(d), Federal Rule of Civil Procedure 45(d), and Your Honor's Individual Rules, non-party Northwell Health, Inc. ("Northwell") hereby moves the Court for an Order staying Northwell's deadline for replying in support of its Motion to Quash. Because Defendant American International Industries, Inc. ("AII") joined the recent Joint Motion to Preclude Plaintiff's Supplemental Expert Disclosures ("Joint Motion to Preclude") filed by Defendants this past Thursday—and because that motion may potentially render Dr. Moline's 2023 article irrelevant to this litigation—Northwell requests that the Court stay Northwell's reply deadline pending a resolution of Defendants' Joint Motion to Preclude.  AII opposes this motion.

As you know, on May 26, 2023, AII issued a subpoena to Northwell—the third subpoena AII has served on non-party Northwell in this case (the "Third Subpoena").[1]  With this Third Subpoena, AII seeks to compel Northwell to "[p]rovide a list of names of the 166 litigation cases . . . used in the article 'Exposure to cosmetic talc and mesothelioma,' written by Jacqueline Moline . . . and published in the Journal of Occupational Medicine and Toxicology (2023) . . . ." (hereafter, Dr. Moline's "2023 Article").

In response to the Third Subpoena, Northwell (in addition to serving objections) filed a Motion to Quash pursuant to Rule 45(d)(3), which is currently pending before the Court.  (ECF Nos. 364-66)  Following AII's untimely response in opposition to Northwell's Motion to Quash, Northwell sought and received an extension to file a reply thereto.  (ECF Nos. 392, 396)

---

[1] In Northwell's August 8, 2023 letter motion, it referred to this May 26, 2023 subpoena as the "Second Subpoena." (ECF No. 392)  However, in preparing the instant filing, Northwell was reminded that it is actually the <u>third</u> subpoena AII has served on Northwell in this case; AII withdrew its January 23, 2023 subpoena after Northwell confronted AII with the fact that the subpoena was procedurally improper.  (*See* ECF No. 321-1)

K&L GATES LLP
POST OFFICE BOX 14210   RESEARCH TRIANGLE PARK   NC 27709-4210   430 DAVIS DRIVE   SUITE 400   MORRISVILLE   NC 27560
T +1 919 466 1190  F +1 919 831 7040   klgates.com

316536750.1

Judge Figueredo
September 13, 2023
Page 2 of 3

Accordingly, pursuant to the Court's August 11, 2023 Order, Northwell is presently under deadline to file a reply in support of its Motion to Quash on or before Tuesday, September 19.  (ECF No. 396)

As the Court is aware, contemporaneously with Northwell and AII's dispute regarding the Third Subpoena, AII and the other Defendants have quarreled with the Plaintiff as to the propriety of his expert, Dr. Moline's, supplemental opinions and disclosures.  During the course of that dispute, AII signaled its intent to seek to exclude some or all of Dr. Moline's expert opinions, including any reference to the 2023 Article, which article is the subject of AII's Third Subpoena. In the July 6, 2023 discovery conference, upon learning that AII might seek to limit Dr. Moline's opinions in this fashion, your Honor correctly noted that any such motion has the potential to "moot the issue of [Northwell's] motion to quash:"

> THE COURT: Yes.  I mean, I think, just from I guess an efficiency and cost perspective, if you're going to make the motion, then it makes sense to hold off on the deposition. . . . So I would start with plaintiffs updating their disclosures, providing -- identifying her opinion and the grounds for that opinion.  And then defendants can decide to, you know, move to exclude whatever they'd like.  **I'll give you a ruling on that.  Depending on the outcome of that, it might potentially moot . . . the motion by Northwell Health to quash the [Third] [S]ubpoena**.

(ECF No. 385, pp. 24-25 (emphasis added))

AII has now made that motion.  As referenced, on Thursday, September 7, 2023, AII joined the Joint Motion Preclude, pursuant to which Defendants seek, *inter alia*, to "exclude Dr. Moline's paper entitled 'Exposure to cosmetic talc and mesothelioma' (2023) as well as any reliance thereon . . . ."  (ECF No. 398, p. 1)  Because the Joint Motion to Preclude stands to potentially render the 2023 Article irrelevant—and thereby moot Northwell's Motion to Quash—non-party Northwell requests a stay of its reply deadline so that it might potentially dispense with incurring the time and expense necessary to formulate that filing.  Such an Order would mirror similar treatment the Court afforded AII, when it extended AII's deadline to file a Response in Opposition to Northwell's Motion to Quash:[2]

> THE COURT: Well, so why don't we do this? . . . If you [AII] want to move first on your motion to exclude the 2023 article[,] . . . depending on the answer that I give you there, you can then work on responding to Northwell Health's motion [to quash], because I'm not going to be able -- I'm going to take, obviously, the motion to exclude first.  And I'll decide that first and then move onto the motion to quash the [Third] [S]ubpoena.  So that way at least potentially on **the outcome of the motion to exclude might alleviate any need for you to respond to the other motion**.

---

[2] AII subsequently missed this deadline.  (*See* ECF No. 392)

Judge Figueredo
September 13, 2023
Page 3 of 3

        \*\*\*

        THE COURT: And, obviously, **I'll extend the deadline for the response**, and presumably, you'd have that time doing the other motion.

(ECF No. 385, pp. 23-24 (emphases added))

        Moreover, adhering to the present reply deadline of September 19, 2023 would require Northwell, a non-party, to expend additional resources preparing a reply brief in support of a Motion to Quash which might ultimately be mooted by AII's Joint Motion to Preclude. This would waste both the Court's and Northwell's precious time and resources. Additionally, it would be antithetical to the federal rules, which require AII to take steps to minimize the burden imposed on a non-party like Northwell. *See* Fed. R. Civ. P. 45(d)(1). Northwell notes that it requested AII's consent to the requested stay, and reminded AII of its duty under Rule 45(d)(1) to take care to ensure that it does not impose an undue burden on Northwell, a non-party to this litigation. AII has refused to consent, and opposes this Motion for Stay. Northwell and AII met and conferred in an attempt to resolve this dispute on the afternoon of September 11, but reached an impasse.

        To avoid the possibility that Northwell spends time, effort, and funds preparing a reply in support of a motion that might ultimately be mooted, Northwell respectfully moves the Court for an Order staying Northwell's deadline for replying in support of its Motion to Quash, pending the Court's resolution of the Joint Motion to Preclude.

        Thank you for your time and attention to this matter.

**K&L GATES LLP**

/s/ Nathan A. Huff
Nathan A. Huff
North Carolina State Bar No. 40626
Anderson M. Shackelford
North Carolina State Bar No. 49510
430 Davis Dr., Suite 400
Morrisville, North Carolina 27560
Telephone:  (919) 789-5703
Facsimile:  (919) 789-5301
E-mail: nate.huff@klgates.com
E-mail: anderson.shackelford@klgates.com

Kodey M. Haddox
599 Lexington Ave.
New York, New York 10022
Telephone:  (212) 536-3920
Facsimile:  (212) 536-3901
E-mail: kodey.haddox@klgates.com

***Counsel for Non-Party Northwell Health, Inc.***

cc:    All counsel of record (via ECF)

316536750.1