# LANDMAN CORSI BALLAINE & FORD P.C.

### A NEW YORK PROFESSIONAL CORPORATION

#### ATTORNEYS AT LAW

JANELLE N. WINTERS
MEMBER
EMAIL: jwinters@lcbf.com

ONE GATEWAY CENTER

22ND FLOOR

NEWARK, NJ 07102

TELEPHONE (973) 623-2700

FACSIMILE (973) 623-4496

www.lcbf.com

120 Broadway
13th Floor
New York, New York 10271
Tel: (212) 238-4800

One Penn Center
1617 JFK Boulevard, Suite 955
Philadelphia, PA 19103
Tel: (215) 561-8540

November 28, 2023

***Via ECF***
Hon. Valerie Figueredo
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

> **Re:  Brian Joseph Gref v. American International Industries, et al.**
> **Case No.: 1:20-cv-05589-GBD-DCF**

Dear Justice Figueredo:

Defendant American International Industries, Inc. ("A.I.I."), writes to request your **emergent intervention**, pursuant to Fed. R. Civ. P. 26(c), Local Rule 37.2, and Your Honor's Individual Practices, for a protective order **immediately staying** the production and/or manipulation of talc samples produced to and retained by A.I.I. consistent with the Order of Hon. Debra Freeman entered in this matter January 20, 2022. *See* **Exh. A**, January 20, 2022 Order.

### Relevant Factual Background

The Parties in this matter entered a stipulation concerning "the protocol for the inspection and split sampling of Plaintiff's sample of "Clubman" product." *Id*. The Stipulation was filed in this matter on January 19, 2022, and was entered by the Court on January 20, 2022. *Id*. The Stipulation provided in pertinent part that:

1. The talc contained in the Clubman container was to be split evenly between Plaintiff's expert and A.I.I.'s expert, with the "original bottle" "being securely stored" by A.I.I.'s expert. *Id*. at ¶ 4.a.

2. "At the conclusion of the discovery period in this matter, the bottle and its remaining contents will be returned to MAS." *Id*. at ¶ 4.b.

3. Following split of the samples and execution of chains of custody for the samples "[e]ach party is thereafter responsible for the portion of the sample provided to its representative." *Id*. at ¶ 10.

4. "Plaintiff and A.I.I. are each permitted to have the portions of the sample material provided to them at the Laboratory subjected to testing and analysis at another laboratory…of the party's choosing…" *Id*. at ¶ 11.

5. "If any party, through its expert, wishes to conduct a test that would involve dispersing powder into the air, then the party wishing to conduct such a test should provide the adverse party and its expert with the opportunity to observe and videotape the test so that the adverse party can later have a meaningful ability to challenge the method and amount of force used to disperse the powder; in addition, the party conducting the test should allow the adverse party and its expert to witness the measurement of the powder sample used for the air test." *Id*. at ¶ 12.

The initial "Clubman" container produced by Plaintiff in this matter was split consistent with this protocol, with the bottle and A.I.I.'s sample being retained by A.I.I.'s expert. Subsequently, Plaintiff identified a second "Clubman" container ("Gref Bottle Two"), which was also split consistent with this protocol, with the bottle and A.I.I.'s sample being retained by A.I.I.'s expert.

On November 20, 2023, Plaintiff's counsel moved for an order in the Supreme Court of New York, County of New York[1] seeking in part to compel production of Gref Bottle Two and A.I.I.'s sample, in spite of the fact that Gref Bottle Two is evidence in the instant matter and subject to the jurisdiction and Order of this Court. *See* **Exh. B**, Plaintiff Cardillo's motion to compel.

Today, November 28, 2023, in the state case in front of the Hon. Mary V. Rosado, Supreme Court of New York, the court heard argument on Plaintiff Cardillo's motion to compel. The court invited A.I.I. to seek relief related to *Gref* Bottle Two and the A.I.I. sample in the federal court where Gref's claims are pending, but otherwise ordered the production of the samples requested in the motion to compel. Importantly, during argument on the Motion to Compel, Plaintiff's counsel did not stipulate to refrain from conducting additional testing of the A.I.I. sample from Gref Bottle Two once it is provided. Without an express agreement to refrain from conducting further testing consistent with this Court's above-referenced Order, A.I.I seeks relief to prevent the production of this Gref sample and/or testing, which is nothing more than an effort by Plaintiffs' counsel to circumvent Order in place from this Court since January 2022 by going to state court in a separate matter.

## **LEGAL ARGUMENT**

Under Rule 26(c), the trial court has "broad discretion ... to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). The Party seeking a protective order must show good cause for entry of the order. *Gambale v. Deutsche Bank AG,* 377 F.3d 133, 142 (2d Cir.2004).

Courts have recognized that a Party should not be permitted to utilize discovery in one action to subvert the limitations on discovery in another proceeding. *Dove v. Atl. Capital*

---

[1] In the pending matter *Ronald Cardillo, Individually and as Voluntary Administrator of the Estate of Margaret Cardillo v. American International Industries, Inc.*, Index No. 190199/2020.

*Corp.,* 963 F.2d 15, 19 (2d Cir.1992); *Wilk v. Am. Med. Ass'n,* 635 F.2d 1295, 1300 (7th Cir.1980); *Cipollone v. Liggett Group, Inc.*, 113 F.R.D. 86, 91 (D.N.J.1986), *mandamus denied by* 785 F.2d 1108 3d Cir. App. 1987), *cert. denied by*, 484 U.S. 976 (1987). The courts have further acknowledged that a protective order is an appropriate mechanism for preventing this subversion of discovery limitations. *Dove v. Atl. Capital Corp.*, *supra*, 963 F.2d at 20; *see also Sperry Rand Corp. v. Rothlein*, 288 F.2d 245 (2d Cir. 1961) (affirming district court order prohibiting use of materials obtained in discovery in federal action in a parallel state court action.)

Subverting the discovery limitations in this matter is precisely what Plaintiff by and through his counsel is attempting to do here. Specifically, though there is an order governing the division, maintenance, and testing of Gref Bottle Two and A.I.I.'s sample, Plaintiff's counsel has sought possession of the A.I.I. sample in a separate State court matter *where the January 20, 2022, Order of Judge Freeman does not govern*. *See* **Exhs. A and B.** Moreover, Plaintiff's counsel made the motion in the State matter under the pretense of seeking the return of talc samples derived from and produced during discovery in the State matter. *Id.* In fact, today Justice Rosado noted her confusion on this point, indicating her impression that the plaintiff's (Cardillo's) motion to compel related only the Cardillo's talc samples, and that to the extent the motion relates to samples from another case in another court, A.I.I. should seek relief in that court.

During oral argument today, Plaintiff's counsel would not assure that no further testing would occur (destructive or otherwise) of the A.I.I. Gref sample. Though, any testing by Plaintiff of A.I.I.'s sample would be wholly inconsistent with this Court's Order. *See* Exh. A at ¶¶ 4.a, 10 & 11. Plaintiff's counsel also would not assure that the A.I.I. sample would not be used for air sampling, which is prohibited under this Court's Order without adhering to specific requirements and notice. *Id.* at ¶ 12.

As there is an explicit Order in place in this matter related to A.I.I.'s sample, Plaintiff should be precluded from using a separate State court action to take possession and/or manipulate, modify, or destroy evidence not otherwise permitted in this matter. Without a stay, Plaintiff would be able to take possession of the A.I.I. sample, which is the sole sample of Gref Bottle Two tested by and relied on by A.I.I.'s expert. Plaintiff would also be able to conduct testing of the sample relied on by A.I.I.'s expert in a manner that could destroy, alter or otherwise result in spoliation. The January 20, 2022, Order by this Court was entered with the intent of insuring fair access and transparency related to the "Clubman" bottles produced by Plaintiff and their testing. Plaintiff taking possession of the A.I.I. sample without being subject to the limitations in this Court's order would undermine that intent.

Further, allowing Plaintiff to take control of and manipulate A.I.I.'s only sample of Gref's "Clubman" product would prejudice A.I.I. and risk destruction of evidence A.I.I. may rely on at trial. Moreover, Plaintiff should not be permitted to use the State court action to conduct discovery beyond the scope of that permitted in this matter. There are currently motions pending before this Court related to Plaintiff's attempts at conducting expert discovery and supplementing expert disclosure beyond the deadlines originally established by this Court. Should Plaintiff take possession of A.I.I.'s sample and conduct additional testing pursuant to its motion to compel in *Cardillo*, it will result in further protracted discovery disputes and potentially further expert discovery well beyond the period contemplated by this Court.

Finally, Plaintiff will suffer no prejudice should this Court enter a stay preventing Plaintiff from taking possession of the A.I.I. sample and preventing Plaintiff from testing or otherwise manipulating that sample. Such an order would merely preserve the status quo, consistent with the January 20, 2022, Order. Further, to the extent Plaintiff believes there is a basis for Plaintiff to seek testing of the A.I.I. sample beyond that which was permitted by the January 20, 2022, Order of this Court, the appropriate venue for Plaintiff to pursue that discovery is before this Court and not in a separate action in State court, unrelated to the Gref "Clubman" bottles.

## **CONCLUSION**

For these reasons, A.I.I. respectfully requests this Court enter an Order staying the State court order concerning production of talc samples, as it relates to and effects the talc samples in Gref and/or precluding Plaintiff from testing, manipulating, or conducting air sampling of the A.I.I. sample should Plaintiff be permitted to take possession of it.

This 28th day of November 2023.

LANDMAN CORSI BALLAINE & FORD P.C.

By: *Janelle N. Winters*

Janelle N. Winters
Attorneys for Defendant
American International Industries, Inc.
One Gateway Center, 22nd Floor
Newark, NJ 07102
Tel:  973-623-2700
Fax: 973-623-4496

and

120 Broadway, 13th Floor
New York, New York 10271
Tel:  212-238-4800
Fax: 212-238-4848

4

4868-4369-0132v.1