UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
BRIAN JOSEPH GREF,

                                Plaintiff,

           -against-

AMERICAN INTERNATIONAL
INDUSTRIES, et al.,

                              Defendants.
----------------------------------------------------------------X

20-CV-5589 (GBD) (VF)

**OPINION & ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge**

      Plaintiff Brian Joseph Gref commenced this action in July 2020, alleging that his lifelong use of talcum-powder products exposed him to asbestos and caused him to develop a type of cancer known as peritoneal mesothelioma. See ECF Nos. 10-1, 42. Defendants manufactured and sold the asbestos-contaminated talcum-powder products that Gref alleges caused his cancer through his inhalation of asbestos dust and fibers. See, e.g., ECF No. 42 ¶¶ 1-3, 6-9. Before the Court is Defendants' joint motion to preclude Plaintiff's supplemental expert disclosures. See ECF No. 398. For the reasons explained below, the motion is **DENIED**.

## BACKGROUND

      On October 13, 2021, the Court ordered that Plaintiff's medical expert reports had to be served on Defendants by December 15, 2021. See ECF No. 163. On December 15, 2021, Plaintiff served on Defendants an October 28, 2021 expert report prepared by Plaintiff's expert, Dr. Jaqueline Moline. See ECF No. 400-2 (Moline expert report). Dr. Moline was deposed by Defendants on July 6, 2022, and September 23, 2022. See ECF Nos. 400-3, 400-4.

      During her first deposition, on July 6, 2022, Dr. Moline testified, consistent with her expert report, that she had not conducted any Defendant-specific dose calculations. See, e.g., ECF No. 400-3 at 133-36, 156, 171-72. Instead, Dr. Moline testified that she relied on a

1

document that was prepared and produced prior to the deposition that laid out the number of minutes Plaintiff had used each talc product. See id. at 135, 157, 170-71. Prior to her second deposition on September 23, 2022, however, Dr. Moline conducted a dose-estimate calculation. See ECF No. 400-4 at 273-74. Those dose calculations were not disclosed by Plaintiff's counsel prior to Dr. Moline's second deposition. On redirect examination of Dr. Moline, Plaintiff's counsel elicited testimony from Dr. Moline on her previously undisclosed dose calculations. See id. at 295-96.

On July 6, 2023, the Court held a conference with the parties. See ECF No. 385 ("7/6/23 Tr."). Prior to the conference, Plaintiff's counsel told Defendants that Dr. Moline would also be relying on a 2023 article she coauthored but had not previously disclosed to Defendants. See 7/6/23 Tr. at 11-12. At the time of the conference, Plaintiff had not yet supplemented his expert disclosures to include Dr. Moline's reliance on either her new dose calculations or her 2023 article. See id. at 17-18, 21. Because Plaintiff was required to have supplemented his expert disclosures under Federal Rule of Civil Procedure 26(e) and had not done so, the Court ordered Plaintiff to do so, so that Defendants could decide whether to ask for additional time to depose Dr. Moline or move to exclude her reliance on the previously undisclosed information. See id. at 22, 25.

On August 1, 2023, Plaintiff served Defendants with a supplemental expert report prepared by Dr. Moline and dated July 27, 2023. See ECF No. 400-6. In this supplemental report, Dr. Moline performed a "dose assessment" in which she calculated Plaintiff's lifetime exposure to asbestos from use of Defendants' products. See id. at 5-11. Plaintiff also served Defendants with a declaration from Dr. Moline in which she indicated her intent to rely on the 2023 article to support her expert opinion. See ECF No. 400-7 at ¶ 5. On August 4, 2023,

Plaintiff provided supplemental expert disclosures for other experts: (1) an August 1, 2023 declaration of Dr. William Longo to include five new tests not previously disclosed, see ECF No. 400-10; (2) an updated report by Dr. Arnold Brody dated November 14, 2022; and (3) a supplemental report from February 2023 prepared by Dr. Mark Krekeler, see ECF No. 399 at 22-23.

On September 7, 2023, Defendants jointly moved to preclude Plaintiff's reliance on his supplemental expert disclosures. See ECF Nos. 388-400. Plaintiff filed a brief in opposition on September 28, 2023. See ECF No. 405. Defendants filed a reply brief in further support of their motion on October 19, 2023. See ECF No. 408.

## DISCUSSION

A. Legal Standard

Federal Rule of Civil Procedure 26(a)(2) governs expert disclosures. Under Rule 26, an expert witness must provide a written report that includes, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them;" and "the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii). All expert witness disclosures must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). As explained in the Advisory Committee notes, Rule 26(a) "requires that persons retained or specially employed to provide expert testimony . . . must prepare a detailed and complete written report, stating the testimony the witness is expected to present during direct examination, together with the reasons therefor." Rule 26(a)(2)(B) Advisory Committee Notes on 1993 amend. ¶ (2)(B). "The purpose of the rule is to prevent the practice of 'sandbagging' an opposing party with new evidence." Ebewo v. Martinez, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004) (citations omitted).

Rule 26 also imposes a continuing obligation on parties to supplement or correct expert disclosures "in a timely manner." Fed. R. Civ. P. 26(e)(1)(A). Specifically, under Rule 26(e), "a party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Id. And, for an expert witness, the "duty to supplement extends both to information included in the report and to information given during the expert's deposition." Fed. R. Civ. P. 26(e)(2).

Federal Rule of Civil Procedure 37(c)(1) provides sanctions for failure to comply with the disclosure obligation in Rule 26(a), stating that a party that fails to provide information required by Rule 26(a) "is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); accord GeigTech East Bay LLC v. Lutron Elecs. Co., No. 18-CV-5290 (CM), 2023 WL 6614486, at *5 (S.D.N.Y. Sept. 20, 2023); Point Prods. A.G. v. Sony Music Ent., Inc., No. 93-CV-4001 (NRB), 2004 WL 345551, at *9 (S.D.N.Y. Feb. 23, 2004). Since "preclusion of an expert report can be a harsh sanction," in determining whether preclusion is warranted, courts consider: (1) "the reasons for the delay in providing the evidence"; (2) "the importance of the evidence precluded"; (3) "the prejudice to the opposing party from having to address the new evidence"; and (4) "the possibility of a continuance." Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co., 769 F. Supp. 2d 269, 278 (S.D.N.Y. 2011) (citation omitted).

Despite the seeming self-executing nature of the preclusion sanction contained in Rule 37, imposition of such sanction remains within the trial court's discretion; the text of the rule

4

provides that, after affording the dilatory party an opportunity to be heard, the Court has the discretion to impose less severe sanctions. See Design Strategy, Inc. v. Davis, 469 F.3d 284, 298 (2d Cir. 2006). Courts have "broad discretion" to determine the nature of any sanction that should be imposed under Rule 37, "based on all the facts of the case." AAIpharma Inc. v. Kremers Urban Dev. Co., No. 02-CV-9628 (BSJ) (RLE), 2006 WL 3096026, at *5 (S.D.N.Y. Oct. 31, 2006) (citation omitted). Further, as preclusion of evidence is a "harsh remedy," it "should be imposed only in rare situations." Izzo v. ING Life Ins. & Annuity Co., 235 F.R.D. 177, 186 (E.D.N.Y. 2005) (quoting Update Art, Inc. v. Modiin Publishing, Ltd., 843 F.2d 67, 71 (2d Cir. 1988)); see also, e.g., Ebewo, 309 F. Supp. 2d at 607 ("Courts in this Circuit recognize that preclusion of evidence pursuant to Rule 37(c)(1) is a drastic remedy and should be exercised with discretion and caution."). "Before [granting] the extreme sanction of preclusion," a court "should inquire more fully into the actual difficulties which the violation causes, and must consider less drastic responses." Outley v. City of New York, 837 F.2d 587, 591 (2d Cir. 1988).

B. Analysis

Defendants seek to preclude Plaintiff's supplemental expert disclosures as it relates to Dr. Moline. First, concerning Dr. Moline's 2023 article, Defendants argue that Plaintiff has no substantial justification for his failure to timely disclose Dr. Moline's reliance on that article and the untimely disclosure is not harmless.[1] See ECF No. 399 at 12-13. The article, which was published in January 2023, was not included as part of Dr. Moline's initial report from October 28, 2021, because her report preceded publication of the article. Second, Defendants argue that as it relates Dr. Moline's dose calculations, the calculations are an entirely new and untimely

---

[1] Defendants also attack the reliability of Dr. Moline's 2023 article, arguing that the article is not reliable expert reliance material. See ECF No. 399 at 14-18; see also ECF No. 408 at 5-6. That argument, however, goes to the admissibility of Dr. Moline's expert opinion. As such, the argument is premature because Defendants have not filed a Daubert motion.

5

opinion evidence. Id. at 20-21. Those dose calculations, by Dr. Moline's own admission, were not included in her initial report, as she performed the calculations only after the conclusion of her first day of her deposition. The dose calculations and the 2023 article are thus "new" material relied on by Dr. Moline to support her expert opinion. See Lujan v. Cabana Mgmt., Inc., 284 F.R.D. 50, 67-68 (E.D.N.Y. July 26, 2012) (quoting Am. Friends of Yeshivat Ohr Yerushalayim, Inc. v. United States, No. 04-C-1798 (CPS), 2009 WL 1617773, at *5 (E.D.N.Y. June 9, 2009) (explaining that the duty to supplement under Rule 26 "extends not only to newly discovered evidence, but to 'information that was not originally provided although it was available at the time of the initial disclosure . . . .'")); see also In re Terrorist Attacks on September 11, 2001, No. 03-MD-01570 (GBD) (SN), 2023 WL 2366854, at *3-4 (S.D.N.Y. Mar. 6, 2023).

    A court exercising its "considerable discretion" to order exclusion of evidence must consider the four Outley factors: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc., 118 F.3d 955, 961 (2d Cir. 1997) (citing Outley, 837 F.2d at 590-91). A review of those factors here weighs against the drastic remedy of preclusion.

    To begin, Plaintiff's August 1, 2023 disclosures pertaining to Dr. Moline were untimely. The deadline for Plaintiff's medical expert reports was December 15, 2021. See ECF No. 163. Although Dr. Moline's 2023 article was published in January 2023—after the December 15th deadline—Plaintiff did not indicate to Defendants Dr. Moline's reliance on that article until August 2023 and only *after* the Court had directed Plaintiff to supplement his initial expert disclosure, as required by Rule 26(e). By August 2023, however, Dr. Moline had already sat for

her deposition. Likewise, Plaintiff disclosed Dr. Moline's dose calculations after the first day of her deposition. Dr. Moline did not provide any defendant-specific dose calculations in her initial report and she testified during the first day of her deposition that she was not offering a dose opinion. Although Dr. Moline performed the calculations before the second day of her deposition, Plaintiff did not disclose those new calculations prior to the second day of the deposition and only supplemented Dr. Moline's expert report after being directed to do so by the Court.

A party's violation is "substantially justified," Fed. R. Civ. P. 37(c), if a "'reasonable person'" would believe that "'parties could differ'" as to whether the conduct violated the discovery rules. Kunstler v. City of New York, 242 F.R.D. 261, 264-65 (S.D.N.Y. 2007). No reasonable person would believe that Dr. Moline's supplemental report and declaration, see ECF No. 400-6, 400-7, were timely filed. Further, Plaintiff has not offered any justification for his failure to timely supplement Dr. Moline's expert report with either the 2023 article or the dose calculations, as required by Rule 26(e). Plaintiff thus has not shown that his late disclosure was substantially justified.

Nevertheless, Plaintiff's untimely disclosure is harmless and does not merit the extreme sanction of preclusion. As an initial matter, Dr. Moline's reliance on her 2023 article and dose estimates were both disclosed before the close of discovery in this case. Discovery has not closed, a schedule for any dispositive motions has not been ordered, and a trial date has not been set. Any prejudice to Defendants can be remedied by a continuance and the reopening of Dr. Moline's deposition.

Further, although Dr. Moline's supplemental report provides for the first time certain dose calculations, the information upon which those calculations are based was previously

7

disclosed by Dr. Moline and Defendant had an opportunity to review it. See, e.g., ECF No. 400-4 at 273-74, 282-83. Additionally, Plaintiff has offered Dr. Moline for a continued deposition to allow Defendants an opportunity to question her further on her dose estimates. See ECF No. 400-5. What's more, Defendants were aware of Dr. Moline's 2023 article prior to her supplemental declaration in this case, given that they questioned her about the article in other cases where she was an expert. See, e.g., ECF No. 400-13 at 4-6; ECF No. 400-14 at 4-7. And although Dr. Moline now indicates that she intends to rely on this article, her ultimate opinion has not changed from her initial report and the article is only one of numerous reference materials upon which she relies to support her opinion. To the extent Defendants require additional time to fully inquire about the dose calculations or the 2023 article, Defendants will be afforded an opportunity to reopen Dr. Moline's deposition.

Although the crux of Defendants' motion seeks exclusion of Dr. Moline's supplemental disclosures, Defendants also summarily request that the Court preclude Plaintiff's reliance on the new disclosures of Dr. Krekeler, Dr. Longo, and Dr. Brody. See ECF No. 399 at 21-23. As to these three experts, however, Defendants do not identify what portions of any of the reports is new opinion evidence. Nor do Defendants explain how they would be prejudiced absent preclusion of this information. Moreover, as to the reports of Dr. Longo and Dr. Krekeler, it appears that Defendants would have been aware of these reports through their litigation in other matters, prior to their disclosure here. See ECF No. 405 at 13-15. In short, Defendants' motion to preclude the disclosures of Dr. Longo, Dr. Krekeler, and Dr. Brody is also denied.

## **CONCLUSION**

For the reasons discussed, Defendants' joint motion to preclude Plaintiff's supplemental disclosures is **DENIED**. To address the continuation of Dr. Moline's deposition and any other relief warranted by Plaintiff's August 2023 supplemental disclosures, the Court will schedule a conference by separate order.

**SO ORDERED.**

DATED:    New York, New York
          April 24, 2024

_____
VALERIE FIGUEREDO
United States Magistrate Judge