**HOAGLAND LONGO MORAN, DUNST & DOUKAS, LLP**
ATTORNEYS at LAW

40 Paterson Street
P.O. Box 480
New Brunswick, NJ 08901
Tel: (732) 545-4717  Fax: (732) 545-4579
www.hoaglandlongo.com

Daniel R. Kuszmerski
Partner
dkuszmerski@hoaglandlongo.com

May 28, 2024

Honorable Valerie Figueredo
Daniel Patrick Moynihan
US District Court
500 Pearl Street
New York, New York 10007

   Re:  **Gref, Brian Joseph (NY) vs. Brenntag**
      Our File No.: 6380506 - DRK
      Claim No. (United States District Court - Southern District of New York): 1:20-cv-05589-GBD
      Docket No.: 190178/2020

Dear Justice Figueredo:

  The undersigned represents Defendant, Brenntag Specialties LLC f/k/a Brenntag Specialties Inc. (hereinafter "BSL") in the above-captioned matter. This matter is currently scheduled for a settlement conference before Your Honor on Wednesday, June 5, 2024.

  The only claim Plaintiff has asserted against BSL in this matter is a successor liability claim by which Plaintiff claims that BSL is a successor-in-interest to Whittaker, Clark & Daniels ("WCD"), a claim which BSL denies. A stipulation to bifurcate those successor liability claims was so ordered by the Court on March 29, 2021 (Document #84). As such, the claims against BSL are not ripe.

  Further, the claims against BSL are subject to the automatic stay under the bankruptcy code. On April 26, 2023, Whittaker, Clark & Daniels ("WCD") and three affiliated debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code. Their bankruptcy cases are jointly administered under Case No. 23-13575 and are pending before the Honorable Michael B. Kaplan in the United States Bankruptcy Court for the District of New Jersey. On September 7, 2023, WCD commenced an adversarial proceeding in its pending bankruptcy action against, *inter alia*, BSL, which states that suits such as this one are subject to the automatic stay under the Bankruptcy Code, including 11 U.S.C. § 362 because they constitute, *inter alia*, an attempted continuation of a proceeding before WCD, an act to assess or recover on a claim against WCD, and/or an act to control the property of WCD's estates. Alternatively, the claims asserted are subject to a pending motion for preliminary injunction before the bankruptcy court to extend the automatic stay to those claims. *See Whittaker, Clark & Daniels, Inc. v. Brenntag AG*, Adv. Proc. No. 23-01245 (MBK) (Bankr. D.N.J.). Because of the automatic stay, the pending bankruptcy, and adversarial proceeding, further prosecution of these claims outside of the bankruptcy court is improper. In addition to being subject to the automatic stay, BSL disputes that plaintiff has the standing or statutory authority to pursue these claims in

light of the WCD Bankruptcy and that such state law claims are preempted by the bankruptcy code. *See, e.g., In re Emoral, Inc.*, 740 F.3d 875 (3d Cir. 2014).

  For the aforementioned reasons, BSL respectfully requests to be excused from the scheduled settlement conference.

             Very truly yours,

             *Daniel R. Kuszmerski*

             DANIEL R. KUSZMERSKI

DRK:llr

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE
DATED: May 31, 2024

BSL's request is granted. BSL is excused from attending the scheduled settlement conference.