# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **BRIAN JOSEPH GREF,** | **No. 1:20-cv-005589-GBD-DCF** |
| **Plaintiff,** | |
| | **REPLY IN SUPPORT OF NON-PARTY** |
| **v.** | **NORTHWELL HEALTH, INC.'S** |
| | **MOTION TO QUASH SUBPOENA** |
| **AMERICAN INTERNATIONAL** | **SERVED BY DEFENDANT AMERICAN** |
| **INDUSTRIES,** *et al.*, | **INTERNATIONAL INDUSTRIES** |
| | |
| **Defendant.** | |

Pursuant to Federal Rule of Civil Procedure 45(d)(3), Local Civil Rules 6.1(a) and 7.1, and Your Honor's Individual Rules, non-party Northwell Health, Inc. ("Northwell") hereby replies in support of its Motion to Quash ("Motion to Quash," ECF Nos. 364-66) the May 26, 2023 subpoena (the "Third Subpoena")[1] served on it by Defendant American International Industries, Inc. ("AII"), and in response to AII's opposition thereto and cross-motion to enforce (ECF No. 391).

## ARGUMENT

Contrary to AII's repeated assertions, Northwell's Motion—and AII's Third Subpoena—is not about "litigation cases."  AII has strategically employed that misnomer in an attempt to distract

---

[1] AII's May 26, 2023 subpoena is the third subpoena AII has forced non-party Northwell to confront in this case.  AII served its first subpoena on Northwell on September 27, 2022 (the "First Subpoena").  After months of litigation, the Court disposed of the First Subpoena on May 19, 2023 (ECF No. 347 ("For the reasons stated at the conference held before the Court on May 19, 2023, non-party Northwell Health's motions to modify the [First Subpoena] . . . [is] GRANTED, and [AII's] cross-motion to compel . . . is DENIED."))  While the propriety of AII's First Subpoena was being litigated, AII served a second subpoena on January 23, 2023 (the "Second Subpoena").  The Second Subpoena sought to compel Northwell to produce witnesses to testify at (and bring documents to) the February 8, 2023 hearing on Northwell's motion to modify the First Subpoena (notwithstanding AII's awareness that this was not an evidentiary hearing).  (*See* ECF No. 321-1)  It was only after Northwell confronted AII with the fact that the Second Subpoena was procedurally improper that AII withdrew it. (*Id.*)

the Court from what this dispute is really about: AII's attempt to misuse the power of this Court to force Northwell, a non-party and HIPAA covered entity,[2] to disclose the identities of 116 people whose anonymous PHI appears in Dr. Moline's scholarly research article entitled "Exposure to Cosmetic Talc and Mesothelioma" (the "2023 Article").[3]  AII's spurious effort follows on the heels of its failed similar attempt to subpoena the identities from Northwell of 33 individuals referenced in Dr. Moline's 2020 article entitled "Mesothelioma Associated with the Use of Cosmetic Talc" (the "2020 Article").[4]  This Court granted Northwell's motion to modify AII's First Subpoena— and declined to force Northwell to produce the subject "HIPAA-protected information, information that's protected under the common rule" (ECF No. 352, p. 12)—because, under Rule 45, there was no way for AII to demonstrate that its purported interest in subpoena enforcement outweighed the undue burden the subpoena placed on Northwell after Plaintiff withdrew reliance on the 2020 Article,.  (ECF No. 347)  Now that Plaintiff has done the same with respect to the 2023 Article—the subject of AII's Third Subpoena—the Court should do the same here.

Throughout this litigation, Northwell has identified two avenues[5] for the Court to quash AII's Third Subpoena.  First, it should be quashed because Northwell would otherwise be required to disclose "privileged or other protected matter," or, at the very least, "confidential research."  *See* Fed. R. Civ. P. 45(d)(3)(A)(iii); (B)(i).  Second, the Third Subpoena should be quashed because,

---

[2] *See* 45 C.F.R. §§ 160.103; 164.502(a) (defining "covered entity" and prohibiting disclosure of PHI).  Significantly, the definition of "protected health information" (PHI) does not except publicly disclosed information from this prohibition.  (ECF No. 313, p. 5)

[3] "Exposure to Cosmetic Talc and Mesothelioma," Journal of Environmental Medicine and Toxicology, Vol. 18, No. 1, January 2023.

[4] "Mesothelioma Associated With the Use of Cosmetic Talc," Journal of Occupational and Environmental Medicine, Vol. 62, No. 1, January 2020.

[5] These two avenues are separate and apart from Northwell's objections to the Third Subpoena (ECF No. 392-1), which AII has ignored.

as this Court has already ruled, forcing Northwell to disclose the identities of research subjects would inflict an "undue burden" on Northwell. (*See id.* at 45(d)(3)(A)(iv); ECF No. 352, p. 21 ("Northwell Health has made an ample showing that it will be unduly burdensome for them to disclose the identities of these individuals.")) Either pathway, standing alone, is a sufficient basis to quash the Third Subpoena. And with respect to either pathway, the analysis boils down to the same question: Does AII's alleged need for the protected health information (PHI) of 116 people outweigh the burden imposed on non-party Northwell?[6] The answer is "no."

AII's alleged need to discover the identities of these 116 people was already minimal. The 2023 Article was published more than a year *after* Dr. Moline's expert report. It serves an entirely different purpose than the expert report.[7] And unlike the 2020 Article, the 2023 Article divulges on its face that there are known alternate asbestos exposures.[8] As such, AII can question the conclusions of the authors, including Dr. Moline, without the need for the names of the research subjects.

But now the Court's resolution of this matter is even easier. Plaintiff has withdrawn all reliance on the 2023 Article; thus, AII's need for the identities of the underlying subjects is zero.

---

[6] "To determine whether a subpoena imposes an undue burden, 'courts weigh the burden to the subpoenaed party against the value of the information to the serving party by considering factors such as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" *Cuomo v. New York State Assembly Judic. Comm.*, 683 F.Supp.3d 258, 268 (E.D.N.Y. July 21, 2023) (quoting *Citizens Union of N.Y.C. v. Att'y Gen. of N.Y.*, 269 F.Supp.3d 124, 138 (S.D.N.Y. 2017) (quotation marks omitted)).

[7] Dr. Moline's expert report concludes that "Mr. Gref's exposure to asbestos-contaminated talcum powder led to his diagnosis of peritoneal mesothelioma." (ECF No. 282-16, p. 24) In contrast, the 2023 Article merely concludes that "[a]ll individuals with mesothelioma should have a comprehensive history of asbestos exposure [taken], including cosmetic talc exposure." (ECF No. 366-1, p. 8)

[8] *Id.* ("In 122 cases, the only known exposure to asbestos was from cosmetic talc. For 44 cases, potential or documented alternate exposures in addition to the cosmetic talc were described.").

319524950.3

(*See* ECF No. 445 ("To be clear, this article will no longer play any role in this action.")) Accordingly, the burdens imposed on Northwell—which must be afforded "special weight"[9] and which are no longer subject to dispute[10]—clearly outweigh AII's purported need.  Thus, as it did when it confronted a nearly identical issue earlier in this case, this Court should rule that AII's Third Subpoena is unduly burdensome under Rule 45.[11]

As the Court will recall, after Plaintiff withdrew reliance on the 2020 Article (ECF No. 337), the Court granted Northwell's motion to modify AII's First Subpoena.  (ECF No. 347)  It did so "[f]or the reasons stated at the conference held before the Court on May 19, 2023."  (*Id.*)  And those reasons could not be any clearer:

- "[I]t's pretty clear, given [Plaintiff's] statements on the record, that they're not at all using or relying on Dr. Moline's 2020 article, that there just isn't a basis to conclude that the article is relevant.  And for the reasons we've discussed at length at two conferences, **the burden on Northwell Health here, there's no way defendants can overcome the showing of burden if there's no relevance hook.  And if Dr. Moline is not relying on her article, there is no relevance hook.**"  (ECF No. 352, p. 12 (emphasis supplied))

- "If [Dr. Moline is] no longer relying on this article in any way, . . . then there's no longer a basis for [AII] to claim the information is relevant.  And we're not just talking about any information.  Again, **we're talking about HIPAA-protected information, information that's protected under the common rule.**  And for the many reasons Northwell Health has outlined in their letter, **it would be a burden— unduly burdensome for them to produce that information**."  (*Id.*, pp. 13-14 (emphases supplied))

- "So again, for the reasons I've already indicated, **I'm going to grant Northwell Health's motion to quash or to modify the subpoenas** because I believe they

---

[9] *See In re Terrorist Attacks on Sept. 11, 2001*, 523 F. Supp. 3d 478, 489 (S.D.N.Y. 2021) ("'[C]oncern for the unwarranted burden thrust upon non-parties is a factor entitled to special weight' in evaluating the balance of competing needs' in [a] Rule 45 inquiry." (quoting *Cusumano*, 162 F.3d at 717)).

[10] ECF No. 352, p. 21 ("Northwell Health has made an ample showing that it will be unduly burdensome for them to disclose the identities of these individuals.").

[11] The Court granted Northwell's motion to modify AII's first subpoena "[f]or the reasons stated at the conference held before the Court on May 19, 2023."  ECF No. 347.

319524950.3

were willing to comply with some aspects of it.  I will enter an order indicating that.  But the reasoning will be the reasons I gave on the record just now." (*Id.*, p. 20 (emphasis supplied))

- "So, just to be clear, I'm not finding that it's moot.  I'm finding that defendants have not established that the information they seek is relevant to their claims here now, and that **given the very minimal relevance we're talking about**, which is basically that the 2020 article is somehow incorporated into a new article involving new individuals that she published in 2023, and given Mr. Kramer's indications that the 2020 article will not be used offensively in any way by plaintiffs.  **Again, because defendants haven't shown that the information they're seeking is relevant to their claims, and Northwell Health has made an ample showing that it will be unduly burdensome for them to disclose the identities of these individuals**.  So that's the basis of my reasoning that the undue burden on Northwell outweighs any potential relevancy here.  It's not mootness." (*Id.*, p. 21 (emphases supplied))

This reasoning applies with equal force with respect to the 2023 Article, and therefore with respect to AII's Third Subpoena and Northwell's resulting Motion to Quash.  Indeed, the Third Subpoena seeks nearly identical PHI as that sought by AII in its First Subpoena.  Because the subpoena is unduly burdensome and there is no need for the requested identities—especially in view of Plaintiff's withdrawal of reliance—this Court should grant Northwell's Motion Quash pursuant to pursuant to Rule 45(d)(3).[12]

Northwell now briefly addresses several select arguments AII asserted in its opposition brief:

- AII contends that "Northwell has acknowledged that the subpoenaed information is not 'protected health information' . . . or covered by HIPAA."  (ECF No. 391, p. 9)  This is demonstrably false.  As Northwell has explained, "[p]roviding examples of HIPAA authorizations is not a HIPAA violation because the authorizations do

---

[12] In addition to Rule 45, the Court could quash AII's Third Subpoena because AII has failed to timely move to overcome Northwell's objections.  (ECF No. 366-2)

319524950.3

not contain PHI [and is] distinct from providing the names of the patients whose anonymized health information appears in [a scholarly research] [a]rticle (thereby revealing PHI in violation of HIPAA)."  (ECF No. 321, p. 3)

- AII accuses Northwell of asserting "inconsistent positions" by not "explain[ing] how Moline could openly discuss details of these litigants' medical profiles in her expert reports if the information on which she relies is supposedly protected by HIPAA."  (ECF No. 391, pp. 10-11)  But it really is quite simple: Dr. Moline is discussing *de-identified* medical profiles in her reports, which is expressly permitted by HIPAA.  45 C.F.R. § 164.502(d)(2) ("Health information that meets the standard and implementation  specifications for  de-identification . . . is considered **not** to be individually identifiable health information, *i.e.,* de-identified. **The requirements of this subpart do not apply to information that has been de-identified** . . . provided that: (i) **Disclosure of a code or other means of record identification designed to enable coded or otherwise de-identified information to be re-identified constitutes disclosure of protected health information**; and (ii) If  de-identified  information  is  re-identified,  a covered  entity may use or disclose such re-identified information only as permitted or required by this subpart.

- AII asserts that "Northwell cannot claim a HIPAA privilege when a plaintiff and their counsel in the underlying case has waived those rights through releases, which allow use of medical information **in their lawsuit**."  (*Id.*, p. 12 (emphasis supplied))  This argument is self-defeating; the plaintiffs consented to the use of PHI "in their lawsuit[s];" not in **other lawsuits**.

319524950.3

Northwell believes it has sufficiently addressed AII's other retorts in prior briefing in this case, both with respect to the 2023 Article and the 2020 Article.

Finally, it bears mentioning that even after Plaintiff withdrew all reliance on the 2023 Article, AII continues to press its subpoena, thereby unduly burdening Northwell with substantial unnecessary litigation expenses.  In fact, following Plaintiff's withdrawal, Northwell twice requested that AII voluntarily withdraw its subpoena following Plaintiff's withdrawal of reliance on the 2023 Article.[13]  This would have obviated the need for Northwell to expend significant time and resources formulating this Reply (as AII is duty-bound to effectuate under Rule 45).  But AII refused—twice.[14]  Further, AII persists in its intransigence despite being on full notice since at least April 22, 2024 that Plaintiff intends to dismiss its case.  (ECF No. 431, p. 7 (". . . Plaintiff already offered AII a dismissal in this case . . . .")  Rule 45 imposes mandatory sanctions to deter— and to punish—this precise type of conduct.

## CONCLUSION

The Federal Rules of Civil Procedure are not permissive on the issue of quashing a subpoena.  Rather, "[o]n timely motion, the court . . . ***must quash*** . . . a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv) (emphasis supplied).  Northwell has clearly established that AII's Third Subpoena is unduly burdensome and "requires disclosure of privileged or other protected matter."  With respect to the 2020 Article—the subject of AII's First Subpoena—the Court has agreed.  Now that Plaintiff has withdrawn reliance on the 2023 Article, the Court should likewise grant Northwell's Motion and quash the Third Subpoena.  Once again,

---

[13] Shackelford Decl., Ex. A.

[14] *Id.*

AII has failed to demonstrate a need sufficient to overcome the undue burden of disclosure (it has no need) and has failed to take steps to minimize the burden on Northwell.  As such, Northwell respectfully requests that the Court grant its Motion to Quash, deny AII's cross motion to compel, and impose sanctions on AII.

This the 31st day of July, 2024.

**K&L GATES LLP**

/s/ Nathan A. Huff
Nathan A. Huff (*pro hac vice*)
North Carolina State Bar No. 40626
Anderson M. Shackelford (*pro hac vice*)
North Carolina State Bar No. 49510
430 Davis Dr., Suite 400
Morrisville, North Carolina 27560
Telephone:  (919) 789-5703
Facsimile:  (919) 789-5301
E-mail: nate.huff@klgates.com
E-mail: anderson.shackelford@klgates.com

Kodey M. Haddox
599 Lexington Ave.
New York, New York 10022
Telephone:  (212) 536-3920
Facsimile:  (212) 536-3901
E-mail: kodey.haddox@klgates.com

***Counsel for Non-Party Northwell Health, Inc.***