IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **BRIAN JOSEPH GREF,**<br><br>Plaintiff,<br><br>v.<br><br>**AMERICAN INTERNATIONAL INDUSTRIES,** *et al.*,<br><br>Defendant. | No. 1:20-cv-005589-GBD-DCF<br><br>**RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO FILE A SUR-REPLY** |

Pursuant to Federal Rule of Civil Procedure 45(d)(3), Local Civil Rules 6.1(a) and 7.1, and Your Honor's Individual Rules, non-party Northwell Health, Inc. ("Northwell") hereby responds in opposition to Defendant American International Industries, Inc.'s ("AII") Motion for Leave to File a Sur-Reply[1] and Sur-Reply in Support of American International Industries' Opposition to Northwell Health, Inc.'s Motion to Quash Subpoena and [AII's] Cross-Motion to Enforce Subpoena (ECF No. 452).

## ARGUMENT

Reliance on the 2023 Article has been withdrawn. And Plaintiff has moved to dismiss—with prejudice. Yet, AII continues to drag non-party Northwell through this litigation, knowingly inflicting undue burden and expense. AII's latest filing (ECF No. 452) should be the last straw.

---

[1] Sur-replies are heavily disfavored. *See generally Kapiti v. Kelly*, No. 07 CIV. 3782 RMB KNF, 2008 WL 754686, at *1 (S.D.N.Y. Mar. 12, 2008), *aff'd*, No. 07 CIV. 3782 RMBKNF, 2008 WL 1882652 (S.D.N.Y. Apr. 28, 2008) ("Allowing parties to submit sur[-]replies is not a regular practice that courts follow, because such a procedure has the potential for placing a court 'in the position of refereeing an endless volley of briefs.'" (*citing Byrom v. Delta Family Care-Disability and Survivorship Plan*, 343 F.Supp.2d 1163, 1188 (N.D. Ga. 2004) (cleaned up))).

319867696.3

It is untimely. It violates at least four (4) local rules.[2] It ignores this Court's prior ruling on this exact issue.[3] And it doesn't even address the applicable legal standard. Instead, it disparages Northwell as engaging in "gamesmanship," attempting to "burry [sic]" evidence, and being "disingenuous." Enough is enough.

Northwell is a non-party and entitled to protection under Rule 45. This Court should put its foot down. It should disregard AII's untimely, improper filing and immediately—without

---

[2] Specifically:

- AII filed its motion and sur-reply 15 days after Northwell's reply. *See* Local Civil Rule 6.1 (requiring that, "[o]n all motions . . . under Fed. R. Civ. P. 26 through 37 inclusive and 45(d)(3) . . . any reply papers must be served within two days after service of the answering papers," and further requiring that, "[o]n all civil motions . . . other than those . . . any reply papers must be served within seven days after service of the answering papers").

- AII failed to file a notice of motion. *See* Local Civil Rule 7.1(a) (requiring "[a] notice of motion . . . that specifies the rules or statutes under which the motion is brought and the relief sought . . . .").

- AII's filed its motion on ECF as if it were a "response," when it is actually a "motion." *See* Local Civil Rule 5.2 (requiring counsel to "serve and file papers by following the instructions regarding ECF published on the website of each respective court . . . .").

- AII filed its motion on ECF as if it were a "response," thereby filing it using the wrong ECF event. *See* ECF Rule 13.17 ("If you cannot find the appropriate event for your document <u>do not file it using the wrong event</u>" (emphasis in original)).

[3] At the May 19, 2023 hearing, the Court ruled, *inter alia*, as follows:

- "I'm not going to give you a written decision because it's pretty clear, given Mr. Kramer's statements on the record, that they're not at all using or relying on Dr. Moline's 2020 article, that there just isn't a basis to conclude that the article is relevant. And for the reasons we've discussed at length at two conferences, **the burden on Northwell Health here, there's no way defendants can overcome the showing of burden if there's no relevance hook**. And if Dr. Moline is not relying on her article, there is no relevance hook." (ECF No. 352, p. 12 (emphasis supplied))

- "So, just to be clear, I'm not finding that it's moot. I'm finding that defendants have not established that the information they seek is relevant to their claims here now, and that given the very minimal relevance we're talking about, which is basically that the 2020 article is somehow incorporated into a new article involving new individuals that she published in 2023, and given Mr. Kramer's indications that the 2020 article will not be used offensively in any way by plaintiffs. **Again, because defendants haven't shown that the information they're seeking is relevant to their claims, and Northwell Health has made an ample showing that it will be unduly burdensome for them to disclose the identities of these individuals**. So that's the basis of my reasoning that the undue burden on Northwell outweighs any potential relevancy here. It's not mootness." (*Id.*, p. 21 (emphasis supplied))

further briefing or proceedings—grant in full Northwell's Motion to Quash.[4]

This the 19th day of August, 2024.

**K&L GATES LLP**

/s/ Nathan A. Huff
Nathan A. Huff (*pro hac vice*)
North Carolina State Bar No. 40626
Anderson M. Shackelford (*pro hac vice*)
North Carolina State Bar No. 49510
430 Davis Dr., Suite 400
Morrisville, North Carolina 27560
Telephone:  (919) 789-5703
Facsimile:  (919) 789-5301
E-mail: nate.huff@klgates.com
E-mail: anderson.shackelford@klgates.com

Kodey M. Haddox
599 Lexington Ave.
New York, New York 10022
Telephone:  (212) 536-3920
Facsimile:  (212) 536-3901
E-mail: kodey.haddox@klgates.com

***Counsel for Non-Party Northwell Health, Inc.***

---

[4] *See generally Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 190 n.3 (4th Cir. 2019) ("The text of Rule 26 confirms that 'burden' means more than the financial costs of compliance: it speaks of the 'burden or expense' of discovery, . . .which implies that these terms are not coextensive."); *Fappiano v. City of New York*, 640 F. App'x 115, 121 (2d Cir. 2016) (affirming trial court's order incorporating the witness's "interest in maintaining her privacy" into the burden analysis); *Peninsula Pathology*, 2022 WL 19574484, at *2 (quashing AII's subpoena for information from another researcher for use in connection with this litigation, imposing sanctions, and explaining that "when assessing the burden to the recipient, courts should consider, among other things, the financial cost of producing the information as well as 'other cognizable burdens,' such as (1) the impact of production on privacy or confidentiality interests; (2) the interests—including business interests—of the recipient and others who might be affected; and (3) whether the subpoena is overbroad and would require 'tailoring' by the nonparty").

319867696.3