IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

BRIAN JOSEPH GREF,

**Plaintiff,**

Case No. 1:20-cv-05589-GBD

-against-

AMERICAN INTERNATIONAL
INDUSTRIES, INC., et al.,

**Defendants**

-----------------------------------------------------------X

## NOTICE OF ENTRY OF BANKRUPTCY COURT ORDER AFFECTING CLAIMS ASSERTED AGAINST BRENNTAG NORTH AMERICA, INC. AND BRENNTAG SPECIALTIES LLC IN THE ABOVE CAPTIONED ACTION

**PLEASE BE ADVISED** that, on August 28, 2024, the Honorable Michael B. Kaplan, United States Bankruptcy Judge for the District of New Jersey (the "**Bankruptcy Court**") entered an *Order Granting Summary Judgment in Favor of the Debtors on Counts I and IV of the Complaint* (the "**Order**") in the action captioned *Whittaker, Clark & Daniels, Inc. v. Brenntag AG, et al.*, Adv. Pro. No. 23-01245 (MBK), Doc. No. 292. A true and accurate copy of the Order is attached hereto as **Exhibit A**.

**PLEASE BE FURTHER ADVISED** that, pursuant to the Order, the continued prosecution of any Successor Liability Claim,[1] including all claims against Brenntag North America, Inc. or

---

[1] Under the Order, "Successor Liability Claims" include "any claim against a non-Debtor entity [including Brenntag North America, Inc. and Brenntag Specialties LLC] seeking to establish such entity's liability for Tort Claims on any grounds, including, without limitation, that such entities are successors to, or alter egos of, the [WCD] Debtors." Order, ¶ 4. For purposes of the Order, the term "Tort Claim" means: (1) claims alleging injuries resulting from exposure to products containing talc, asbestos, or chemical compounds processed or distributed by the [WCD] Debtors or their predecessors in interest; and (2) environmental litigation claims against the [WCD] Debtors relating to the production or handling of hazardous materials which allegedly contaminated certain properties." *Id.*

Brenntag Specialties LLC, or both, in the above-captioned action, or any amendment or alteration of any Successor Liability Claim in an attempt to circumvent the Order, is expressly prohibited at this time, absent further order of the Bankruptcy Court. *See* Order, ¶ 6. Should any dispute arise as to whether a claim against Brenntag North America, Inc. or Brenntag Specialties LLC in the above-captioned action does not constitute a Successor Liability Claim, such dispute shall be decided by the Bankruptcy Court and any further proceedings against Brenntag North America, Inc. or Brenntag Specialties LLC are prohibited while such dispute is pending. *See* Order, ¶ 8.[2]

                    **HOAGLAND LONGO MORAN DUNST & DOUKAS**
                    Attorneys for Defendants Brenntag North America, Inc. and
                    Brenntag Specialties LLC

              By:  *Daniel R. Kuszmerski*
                    Daniel R. Kuszmerski, Esq.

Dated: September 4, 2024

---

[2] Brenntag North America, Inc. or Brenntag Specialties LLC or both reserve all rights and waive none, including, but not limited to, all defenses and affirmative defenses available in this action. The filing of this Notice of Entry of Bankruptcy Court Order is not an acceptance of service or jurisdiction, or a waiver of the defenses related thereto, in this action.

## Exhibit A

*Order Granting Summary Judgment in Favor of the Debtors on Counts I and IV of the Complaint*



UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

-and-

**COLE SCHOTZ P.C.**
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Anthony De Leo, Esq.
1325 Avenue of the Americas, 19th Floor
New York, NY 10019
Telephone: (212) 752-8000
Facsimile: (212) 752-8393
svanaalten@coleschotz.com
adeleo@coleschotz.com

-and-

**COLE SCHOTZ P.C.**
G. David Dean, Esq. (admitted *pro hac vice*)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117
ddean@coleschotz.com

*Counsel for Debtors and
Debtors-in-Possession*

Order Filed on August 28, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

WHITTAKER, CLARK & DANIELS, INC., *et al.*,

Debtors.[1]

Chapter 11

Case No. 23-13575 (MBK)

(Jointly Administered)

# ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF THE DEBTORS ON COUNTS I AND IV OF THE COMPLAINT

DATED: August 28, 2024

Honorable Michael B. Kaplan
United States Bankruptcy Judge

(Page 2)
Debtors: Whittaker, Clark & Daniels, Inc., *et al.*
Case No. 23-01245 (MBK)
Caption of Order: Order Granting Summary Judgment in Favor of the Debtors on Counts I and IV of the Complaint

---

| | |
|---|---|
| WHITTAKER, CLARK & DANIELS, INC., BRILLIANT NATIONAL SERVICES, INC., L.A. TERMINALS, INC., and SOCO WEST, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>BRENNTAG AG, BRENNTAG CANADA INC., BRENNTAG GREAT LAKES, LLC, BRENNTAG MID-SOUTH, INC., BRENNTAG NORTH AMERICA, INC., BRENNTAG NORTHEAST, INC., BRENNTAG PACIFIC, INC., BRENNTAG SOUTHEAST, INC., BRENNTAG SOUTHWEST, INC., BRENNTAG SPECIALTIES, INC., BRENNTAG SPECIALTIES LLC, COASTAL CHEMICAL CO., LLC, MINERAL AND PIGMENT SOLUTIONS, INC., THOSE PARTIES LISTED ON APPENDIX A TO THE COMPLAINT, and JOHN AND JANE DOES 1-1,000,<br><br>Defendants. | Adv. Proc. No. 23-01245 (MBK) |

## ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF THE DEBTORS ON COUNTS I AND IV OF THE COMPLAINT

The relief set forth on the following pages, numbered three (3) through seven (7), is

**ORDERED.**

(Page 3)
Debtors: Whittaker, Clark & Daniels, Inc., *et al.*
Case No. 23-01245 (MBK)
Caption of Order: Order Granting Summary Judgment in Favor of the Debtors on Counts I and IV of the Complaint

This matter coming before the Court on the *Debtors' Motion for Summary Judgment With Respect to Counts I, II, and IV of the Complaint* [Adv. Proc. Docket No. 3] (the "**Motion**");[2] and the Court having found and determined that (i) the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334(b), (ii) this matter is a core proceeding under 28 U.S.C. § 157(b), and (iii) venue is proper in this District pursuant to 28 U.S.C. § 1409; and the Court having considered the submissions of the parties, the Motion, the Meghji Declaration (including the incorporated First Day Declaration), the responses, objections and replies in respect of the Motion, and the evidence submitted by the parties, including declarations, testimony and exhibits filed with or presented to the Court, and *The Official Committee of Talc Claimants' Motion to Strike Hearsay and Other Inadmissible Testimony in the First Day Declaration and the Declaration of Mohsin Y. Meghji* [Adv. Proc. Docket No. 91] (the "**Motion to Strike**") filed by the Official Committee of Talc Claimants (the "**Committee**"), and upon all of the proceedings had before the Court, and the Court having issued an opinion setting forth its reasoning in granting the Motion [Adv. Proc. Docket No. 268] (the "**Opinion**") and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND, DETERMINED AND CONCLUDED THAT:**

A.   The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

(Page 4)
Debtors: Whittaker, Clark & Daniels, Inc., *et al.*
Case No. 23-01245 (MBK)
Caption of Order: Order Granting Summary Judgment in Favor of the Debtors on Counts I and IV of the Complaint

---

as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.   This Order constitutes a final appealable order within the meaning of 28 U.S.C. § 158(a). Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054(a), the Court expressly finds that there is no just reason for delay in the implementation of this Order, and expressly directs entry of this Order as to Counts I and IV of the Complaint as set forth herein without regard to any stay or delay in its implementation.

**NOW, THEREFORE, BASED UPON ALL OF THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1.   The findings of fact and conclusions of law set forth in the Opinion are incorporated into this Order by reference as if fully set forth herein.

2.   Summary judgment is **GRANTED** in favor of the Debtors with respect to Counts I and IV of the Complaint filed in the Adversary Proceeding for the reasons set forth in the Opinion. All objections to the relief granted herein are **OVERRULED**.

3.   The Motion to Strike is hereby **DENIED**.

4.   The Court finds and declares that Successor Liability Claims constitute property of the Debtors' estates pursuant to sections 541(a)(1) and 541(a)(7) of the Bankruptcy Code. For purposes of this Order, the term **"Successor Liability Claim"** shall mean, consistent with the Complaint, Motion and Opinion, any claim against a non-Debtor entity seeking to establish such entity's liability for Tort Claims on any grounds, including, without limitation, that such entities are successors to, or alter egos of, the Debtors. For purposes of this Order, the term **"Tort Claim"** shall mean, consistent with the Opinion: (1) claims alleging injuries resulting from exposure to

(Page 5)
Debtors: Whittaker, Clark & Daniels, Inc., *et al.*
Case No. 23-01245 (MBK)
Caption of Order: Order Granting Summary Judgment in Favor of the Debtors on Counts I and IV of the Complaint

---

products containing talc, asbestos, or chemical compounds processed or distributed by the Debtors or their predecessors in interest; and (2) environmental litigation claims against the Debtors relating to the production or handling of hazardous materials which allegedly contaminated certain properties.

5. The Debtors have exclusive standing to prosecute and seek to compromise Successor Liability Claims, absent further order of this Court.

6. Pursuant to the automatic stay set forth in section 362(a)(3) of the Bankruptcy Code, the commencement, continued prosecution, or settlement of any Successor Liability Claims, or any amendment or alteration of any Successor Liability Claims in an attempt to circumvent this Order, by a party other than the Debtors is expressly prohibited during the pendency of the Chapter 11 Cases, absent further order of this Court.

7. The Debtors and/or any Protected Party that is a party to an action asserting a Successor Liability Claim are authorized to file this Order on the docket in such action.

8. In the event of a dispute as to whether a claim in an action outside this Court constitutes a Successor Liability Claim or whether any action or conduct is otherwise prohibited by the automatic stay, any party in interest may file and serve a motion seeking this Court's resolution of such dispute on counsel for each of the Debtors, the Committee, the FCR, the Protected Parties, the United States Trustee, and the applicable Tort Claimant. Any further proceedings against any Protected Party in such action shall be prohibited while such dispute is pending.

9. In the event of an appeal of this Order, the Debtors, the Committee, the Berkshire Entities, the Orange County Water District, and Brenntag shall negotiate and file an agreed upon

(Page 6)
Debtors: Whittaker, Clark & Daniels, Inc., *et al.*
Case No. 23-01245 (MBK)
Caption of Order: Order Granting Summary Judgment in Favor of the Debtors on Counts I and IV of the Complaint

---

joint certification for a direct appeal to the Third Circuit Court of Appeals pursuant to 28 U.S.C. § 158(d)(2)(A) and Rule 8006(c) of the Federal Rules of Bankruptcy Procedure in connection with such appeal. If the parties cannot reach an agreement on a form of certification, the Court shall resolve the parties' dispute(s) upon the filing of an appropriate pleading.

10. The Debtors shall cause a copy of this Order to be served via e-mail or first class mail on counsel for the known Defendants, counsel for the Committee, counsel for the Protected Parties, the Office of the United States Trustee, and the parties listed on the Core Service List (as defined in the Case Management Order entered in the Chapter 11 Cases [Docket No. 67]) within three business days of its entry on the Court's docket.

11. The requirement set forth in D.N.J. LBR 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

13. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

14. The terms and conditions of this Order shall be effective immediately upon its entry.

15. This Court shall have exclusive jurisdiction over this Order and any and all matters arising from or relating to the implementation, interpretation, or enforcement of this Order, including, without limitation, any and all determinations as to whether a claim constitutes a

(Page 7)
Debtors: Whittaker, Clark & Daniels, Inc., *et al.*
Case No. 23-01245 (MBK)
Caption of Order: Order Granting Summary Judgment in Favor of the Debtors on Counts I and IV of the Complaint

---

Successor Liability Claim and whether an action in respect of a Successor Liability Claim is subject to the automatic stay.