IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIAN JOSEPH GREF,<br><br>　　　　Plaintiff,<br><br>v.<br><br>AMERICAN INTERNATIONAL INDUSTRIES, individually and as successor-in-interest for the CLUBMAN BRAND, and to THE NESLEMUR COMPANY and PINAUD COMPANY, et al.,<br>　　　　Defendants. | §<br>§<br>§<br>§  Case No. 1:20-CV-05589-GBD<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**DEFENDANT AMERICAN INTERNATIONAL INDUSTRIES' MEMORANDUM IN SUPPORT OF OBJECTION TO RECOMMENDATION FILED JANUARY 15, 2025, CONCERNING PLAINTIFF'S MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C § 636(b)(1), Defendant American International Industries ("A-I-I"), by counsel, respectfully submits this Memorandum of Law in support of its Objection to Magistrate Judge Figueredo's Report and Recommendation ("the Recommendation") filed January 15, 2025 (ECF No. 459), which recommends granting Plaintiff's Motion to Dismiss with prejudice and without an award of fees or costs to A-I-I.

**I.　　PROCEDURAL HISTORY**

On July 31, 2024, Plaintiff Brian Joseph Gref filed a motion to dismiss A-I-I with prejudice under Federal Rule of Civil Procedure 41(a)(2). *See* ECF No. 448. A-I-I opposed on September 15, 2024. *See* ECF 456 at 6-7. Plaintiff replied on October 9, 2024 (ECF No. 457), and Magistrate Judge Figueredo issued a Report and Recommendation on January 15, 2025. *See* ECF No. 459.

In the Recommendation, Magistrate Judge Figueredo suggests granting Plaintiff's Motion to Dismiss without any conditions. *See* ECF 459. A-I-I objects to the Recommendation solely with respect to the issue of costs as it is the prevailing party.

1

## II.  SUMMARY OF ARGUMENT

A dismissal with prejudice is tantamount to a judgment on the merits and renders a defendant the prevailing party for the purpose of allocating costs. Federal Rule of Civil Procedure 54(d) creates a presumption that district courts will award costs to the prevailing party. If costs are not to be awarded to the prevailing party, the district court must provide a valid reason.

In her Recommendation, the Magistrate agrees that, by granting Plaintiff's motion to dismiss with prejudice, A-I-I "will obtain a judgment on the merits of Gref's claims." ECF No. 459 at 7. She does not, however, provide any valid reason for denying costs to the prevailing party. Indeed, she relies on case law discussing attorneys' fees rather than costs:

> … A-I-I asks that it be awarded its attorney's fees and costs. "'[W]hen a lawsuit is voluntarily dismissed with prejudice under [Rule] 41(a)(2), <u>attorney's fees</u>' are 'almost never . . . awarded' absent 'independent statutory authority for such an award.'" *Bright Kids NYC Inc.*, 2021 WL 3931876, at *1 (quoting *Colombrito v. Kelly*, 764 F.2d 122, 133-34 (2d Cir. 1985)). This is because "the defendant, unlike a defendant against whom a claim has been dismissed without prejudice, has been freed of the risk of relitigation of the issues just as if the case had been adjudicated in his favor after a trial, in which event (absent statutory authorization) the American Rule would preclude such an award" of fees and costs. *Colombrito*, 764 F.2d at 134. A-I-I points to no independent statutory authority that would allow it to receive its fees and costs in this case. I thus recommend that A-I-I's request for attorney's fees and costs be denied.

ECF No. 459 at p. 11 (emphasis added).

*Colombrito* explains that, "when a lawsuit is voluntarily dismissed with prejudice under Fed.R.Civ.P. 41(a)(2), <u>attorney's fees</u> have almost never been awarded. Several courts have held that a Rule 41(a)(2) award of <u>fees</u> in such a situation is appropriate only when there is independent statutory authority for such an award. [] This Circuit has previously assumed as much. *See Larchmont Engineering, Inc. v. Toggenberg Ski Center, Inc.*, 444 F.2d 490, 491 (2d Cir.1971) (assuming that a <u>fee</u> award was only proper under the terms of the applicable patent law)." *Colombrito*, 764 F.2d at 133-134 (emphasis added; internal citations omitted). Importantly, the

2

*Colombrito* language cited in the Recommendation does <u>not</u> reference costs: "The reason for denying a <u>fee</u> award upon dismissal of claims with prejudice is simply that the defendant, unlike a defendant against whom a claim has been dismissed without prejudice, has been freed of the risk of relitigation of the issues just as if the case had been adjudicated in his favor after a trial, in which event (absent statutory authorization) the American Rule would preclude such an award." *Colombrito*, 764 F.2d at 134.

Additionally, *Colombrito* (and *Nemeroff v. Abelson*, 620 F.2d 339, 29 Fed. R. Serv. 2d 243 (2d Cir. 1980), which was not cited in the Recommendation), was decided before *Cantrell v. International Broth. of Elec. Workers, AFL-CIO, Local 2021*, 69 F.3d 456, 33 Fed. R. Serv. 3d 13 (10th Cir. 1995) overruled *Mobile Power Enterprises, Inc. v. Power Vac., Inc.*, 496 F.2d 1311 (10th Cir. 1974). In *Cantrell*, the 10th Circuit explained:

> We … overrule *Mobile Power* to the extent that it distinguishes between voluntary dismissals with and without prejudice. Thus, in cases not involving a settlement, when a party dismisses an action with or without prejudice, the district court has discretion to award costs to the prevailing party under Rule 54(d). However, we note that the district court's discretion is not unlimited. Rule 54 and those cases interpreting it limit a district court's discretion in two ways. First, it is well established that Rule 54 creates a presumption that the district court will award costs to the prevailing party. *Serna v. Manzano,* 616 F.2d 1165, 1167 (10th Cir.1980); *see also In re San Juan Dupont Plaza Hotel Fire Litigation,* 994 F.2d 956, 962 (1st Cir.1993) ("the power to deny recovery of costs that are categorically eligible for taxation under Rule 54(d) ... operates in the long shadow of a background presumption favoring cost recovery for prevailing parties."); *Baez v. United States Dep't of Justice,* 684 F.2d 999, 1004 (D.C.Cir.1982) (en banc) (per curiam); 10 Charles A. Wright, Arthur R. Miller & Mary Kay Kane § 2668, at 201 (collecting cases and observing that a district court "is not likely to exercise its discretion to deny costs to the prevailing party in the absence of a persuasive reason for doing so.... The burden is on the ... [nonprevailing party] to overcome the presumption in favor of the prevailing party."). The second restraint on a district court's discretion is that it must provide a valid reason for not awarding costs to a prevailing party. *Serna,* 616 F.2d at 1167–68; *see also In re San Juan Dupont Plaza Hotel Fire Litigation,* 994 F.2d at 963; *Schwarz,* 767 F.2d at 131; *Baez,* 684 F.2d at 1004 and n. 28 (collecting cases).

*Cantrell*, 69 F.3d at 458-459.

3

Thus, this Court should not feel constrained by the *Colombrito* limitation on recovery of attorneys' fees or the fact that Plaintiff is seeking a dismissal "with prejudice." In cases not involving a settlement, as here, when a party dismisses an action with or without prejudice, the district court has discretion to award costs to the prevailing party under Federal Rule of Civil Procedure 54(d).

### III. LEGAL ARGUMENT

#### A. A-I-I's Dismissal with Prejudice Is Tantamount to a Judgment on the Merits.

The dismissal of this case with prejudice effectively constitutes a judgment on the merits and renders A-I-I the prevailing party for the purpose of allocating costs. Courts consistently recognize that a defendant is the prevailing party when a dismissal with prejudice prevents any future litigation on the same claims. *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) (noting that dismissal with prejudice is tantamount to judgment on the merits for purposes of awarding costs).

Given Plaintiff seeks—and the Magistrate recommends—voluntary dismissal with prejudice, A-I-I qualifies as a prevailing party entitled to recover its costs under Federal Rule of Civil Procedure 54(d).

#### B. Presumption in Favor of Awarding Costs to the Prevailing Party.

Federal Rule of Civil Procedure 54(d)(1) creates a strong presumption that the district court will award costs to the prevailing party. *Marisol A. v. Giuliani*, 111 F. Supp. 2d 381, 383 (S.D.N.Y. 2000). This presumption is grounded in the equitable principle that the prevailing party should not bear the expenses of litigation when it has successfully defended against claims. *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 351 (1981). This presumption applies with equal force in cases resolved by dismissal with prejudice—as such dismissals confer "prevailing-party" status.

By suggesting dismissal without costs to A-I-I, the Recommendation undermines the established presumption of cost recovery.

### C. Requirement for the District Court to Provide a Valid Reason for Denying Costs.

Under Rule 54(d)(1), district courts must articulate valid reasons for denying costs to a prevailing party. *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001) (holding that a district court must provide an explanation when deviating from the presumption favoring cost awards). Failure to do so constitutes an abuse of discretion. The Recommendation provides no valid justification for refusing A-I-I its costs—relying instead on generalized assertions that Plaintiff's request for dismissal was made in good faith and without undue prejudice to A-I-I. These considerations are irrelevant to the allocation of costs under Rule 54(d). Absent specific and compelling rationale, A-I-I is entitled to recover its litigation costs as the prevailing party.

## IV. CONCLUSION

For the foregoing reasons, Defendant American International Industries respectfully requests that the Court reject the portion of the Recommendation denying costs to A-I-I. A-I-I further requests that the Court permit A-I-I to pursue its recoverable litigation costs under Rule 54(d), and grant such other relief as the Court deems just and proper.

Respectfully submitted this 29th day of January, 2025.

> */s/ Robert E. Thackston*
> Robert E. Thackston (*pro hac vice*)
> **NELSON MULLINS RILEY & SCARBOROUGH, LLP**
> 3333 Lee Parkway, Suite 750
> Dallas, Texas 75219
> Telephone: 469-484-6100
> Facsimile: 469-828-7217
> robert.thackston@nelsonmullins.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of January 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all parties.

/s/ Robert E. Thackston