UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

BRIAN JOSEPH GREF,

        Plaintiff,

-against-

AMERICAN INTERNATIONAL INDUSTRIES, et al.,

        Defendant.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

20 Civ. 05589 (GBD) (VF)

GEORGE B. DANIELS, United States District Judge:

  Plaintiff Brian Joseph Gref ("Gref") filed suit in New York state court against Defendant American International Industries ("AII"), alleging negligence, breach of warranty, strict liability, and negligent failure to warn. (Second Amended Complaint ("SAC"), ECF No. 102.) Gref sought damages for his alleged harm. (*Id.* at 32.) This case was removed to federal court, and Gref now seeks to dismiss this action pursuant to Federal Rule of Procedure 41. Before this Court is Magistrate Judge Valerie Figueredo's January 15, 2025 Report and Recommendation that Gref's motion to dismiss be granted and his claims against AII be dismissed with prejudice. (Report and Recommendation to Hon. George B. Daniels (the "Report"), ECF No. 459.) Magistrate Judge Figueredo advised the parties that failure to file timely objections to the Report would constitute a waiver of objections and preclude appellate review. (*Id.* at 12.) The parties made no objections to Magistrate Judge Figueredo's recommendation that the claims be dismissed with prejudice, but AII did object to Magistrate Judge Figueredo's recommendation that this Court deny AII's request for attorney's fees and costs. (Obj. to Recommendation ("Obj."), ECF No. 462, at 2.) Having reviewed the parts of the Report with no objections for clear error and finding

1

none, and having reviewed the objected-to parts of the Report *de novo*, this Court ADOPTS the Report in full.

## I. BACKGROUND[1]

Gref filed this action against AII in 2020, alleging that AII manufactured and sold talcum-powder products that contained asbestos that exposed him to asbestos and ultimately caused him to develop peritoneal mesothelioma, a type of cancer. (SAC at ¶ 3–13.) AII did not file any counterclaims against Gref.

### A. Dr. Moline's 2020 Article

To help prove that his mesothelioma was caused by his exposure to talcum powder, Gref retained Dr. Jacqueline Moline, the co-author of an article titled "Mesothelioma Associated With the Use of Cosmetic Talc," as an expert witness. (*See* Moline Article, ECF No. 263–1 at 1; *see generally* Moline Expert Report, ECF No. 263-2.) Dr. Moline is a physician employed by Northwell Health, Inc. ("Northwell."). (Moline Expert Report at 2.) In her expert report, dated October 28, 2021, Dr. Moline concluded that "Mr. Gref's exposure to asbestos-contaminated talcum powder led to his diagnosis of peritoneal mesothelioma"; she cited to her article in support of that conclusion. (*Id.* at 21–22 n.2; 23.)

In September 2022, AII served a subpoena on Northwell, Dr. Moline's employer, requesting various documents related to Dr. Moline's 2020 article and the identities of 33 individuals studied in Dr. Moline's article. (*See* Subpoena, ECF No. 265–1, at 5–6.) Northwell requested that AII be barred from compelling Northwell to identify the 33 individuals or otherwise provide identifying information; AII filed a cross-motion to compel a response. (Mem. of L. in Support of Northwell's Mot. to Modify Subpoena, ECF No. 266, at 1; Mem. of L. in Opp. to Northwell Mot. to Modify Subpoena, ECF No. 281.)

---

[1] The factual and procedural background of this case has been discussed at length in the Report. Besides any distinctions made in this Decision, this Court appropriately incorporates such background by reference.

2

Before the Court ruled on Northwell's motion, Gref withdrew Dr. Moline's reliance on the 2020 article. (May 1, 2023 Letter to J. Figueredo, ECF No. 337.) AII argued that it was still entitled to the information requested in its subpoena and that its cross-motion to compel Northwell's response was not moot. (May 4, 2024 Letter to J. Figueredo, ECF No. 340.) Given that the information at issue was no longer relevant to the case due to Gref's withdrawal of Dr. Moline's reliance on her article, the Court granted Northwell's motion to modify the subpoena and denied AII's cross-motion to compel a response. (Order, ECF No. 347.)

### B. Dr. Moline's 2023 Article

Gref then indicated that Dr. Moline would rely on a new article she wrote in January 2023. (*See id.*). AII filed a motion to preclude her reliance on the article; that motion was denied. (Op. and Order, ECF No. 432.) AII then served a second subpoena on Northwell seeking the identities of the study participants in this new article; Northwell filed a motion to quash the subpoena. (Subpoena, ECF No. 366-1 at 12; Mot. to Quash, ECF No. 365.) AII also served a subpoena on Paul Hess, a non-party who had previously worked for another one of Gref's experts. (Subpeona, ECF No. 431-2.) Hess filed a motion to quash in the Northern District of Georgia; Gref filed a motion to quash in this district arguing that the subpoena was untimely and improper. (Mot. to Quash, ECF No. 431-1; Apr. 22, 2024 Letter to J. Figueredo, ECF No. 431.) The District Court for the Northern District of Georgia denied Hess's motion to quash and permitted AII to move forward with Hess's deposition, which did not occur. (*See* Mem. of L. in Opp. to Mot. to Dismiss ("Opp."), ECF No. 456, at 3, 11, 12.)

On May 1, 2024, Gref informed Magistrate Judge Figueredo that he "wishe[ed] to dismiss this case, given the resolution with all other defendants in the matter." (Conf. Tr., ECF No. 441, 4:23–25.) AII told the Court that it did not want a dismissal contingent on a waiver of all fees and costs. (*Id.* at 6:5–15.)

3

After an unsuccessful settlement conference, Gref withdrew Dr. Moline's reliance on her 2023 article. (*See* Order, ECF No. 444; July 22, 2024 Letter to J. Figueredo, ECF No. 445.)

On July 31, 2024, Gref filed the instant motion. He seeks dismissal with prejudice under Rule 41(a)(2) on the grounds that he has obtained "reasonable compensation" from other former Defendants in this case and does not want spend the rest of his life in litigation, given his diagnosis. (Mem. of L. in Support of Mot. to Dismiss ("Mot."), ECF No. 448-21, at 1, 2, 11.) AII opposed this motion, arguing that it was made in bad faith, that AII had spent substantial time and expense defending itself, that it would be unduly prejudiced if it cannot resolve its subpoena to obtain information about Dr. Moline's 2023 article or it cannot complete Hess's deposition. (Opp. at 8–12.) AII also sought an award of attorneys' fees and costs. (*Id.* at 17.)

AII did not object to Magistrate Judge Figueredo's recommendation that this case be dismissed with prejudice. It did object to Magistrate Judge Figueredo's recommendation that the dismissal be without fees and costs, and seeks an award of unspecified costs only. (Obj. at 2.)

## II. LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). When there are no objections to a magistrate judge's report, a district judge reviews the report for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation and internal quotation marks omitted). The court must review *de novo* the portions of a report to which a party properly objects. *Id.* However, "[w]hen a party makes only conclusory or general objections, or simply reiterates the original

4

arguments, the Court will review the Report strictly for clear error." *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009).

After an opposing party serves a responsive pleading, Federal Rule of Civil Procedure 41(a) requires that a dismissal be "by court order, on terms that the court considers proper." *Paysys Int'l, Inc. v. Atos IT Servs. Ltd.*, 901 F.3d 105, 108 (2d Cir. 2018). "'[A] motion for voluntary dismissal *with* prejudice is generally subject to far less scrutiny' [than a motion for dismissal without prejudice] and 'should be denied only where voluntary dismissal will be unduly prejudicial to the defendants.'" *Bright Kids NYC Inc. v. Kelly*, No. 19-CV-1175 (JMF), 2021 WL 3931876, at *1 (S.D.N.Y. Sept. 2, 2021) (quoting *Farmer v. Indyke*, No. 19-CV-10475 (LGS), 2021 WL 516865, at *2 (S.D.N.Y. Feb. 10, 2021)).

### III. GREF'S CLAIMS ARE DISMISSED BECAUSE DISMISSAL WILL NOT UNDULY PREJUDICE AII

Magistrate Judge Figueredo correctly concluded that a voluntary dismissal of this case with prejudice will not cause AII to suffer undue prejudice. In this context, legal prejudice requires "the impairment of some legal interest, some legal claim, or some legal argument." *Brown v. Nat'l R.R. Passenger Corp.*, 293 F.R.D. 128, 131 (E.D.N.Y. 2013) (quoting *Coffaro v. Crespo*, No. 08-CV-2025, 2013 WL 623577 *2 (E.D.N.Y.2013)).

First, a dismissal with prejudice constitutes a final judgment on the merits, which means it has preclusive effect with respect to all issues and matters that were or could have been litigated in this suit. *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). In other words, Gref will not be able to bring this lawsuit against AII again. Moreover, AII will not suffer prejudice as a result of being unable to recover on any of its own claims, since it did not assert any counterclaims against Gref. (*See* Report at 8.)

AII's main argument against dismissal is that it will be unduly prejudiced if it cannot take Hess's deposition or receive a ruling on Northwell's motion to quash its subpoena. (*See* Opp. at 8–12.) This is unavailing because AII would not even use that discovery in the instant case; rather, it might attempt to

5

use that discovery in defending other lawsuits unrelated to this one. (*See* Opp. at 10, 11.) In fact, even the prospect of having to incur further expenses to relitigate the actual case being dismissed is not enough to warrant the denial of a Rule 41 motion. *See Brown*, 293 F.R.D. at 131; (Opp. at 9.) AII is not entitled to compel Gref to continue litigating this case simply because it does not want to incur litigation expenses in a different case, especially when there is no risk of AII having to relitigate this case after dismissal. (*See* Report at 9.)

AII also argues that this Court should deny Gref's motion because Gref brought it in bad faith. (*See* Opp. at 6–7.) AII claims that this lawsuit is "frivolous" and that Gref is simply trying to avoid inquiry into the details of his expert's findings. (*Id.*) But AII cites to no evidence of this bad faith, and it is reasonable to believe that Gref has obtained sufficient compensation from other defendants, and is choosing to live the rest of his life without bearing the costs—financial and otherwise—of continuing to pursue litigation. (*See* Report at 9–10.)

In the alternative, AII requests that this Court only grant dismissal with the conditions that it is allowed to take Hess's deposition and that Northwell is compelled to disclose the identities of Dr. Moline's study participants. (*See* Opp. at 16–17.) These requests are not proper for each of the reasons Magistrate Judge Figueredo outlines. First, conditional dismissals are only proper when the condition is required to avoid undue prejudice to the defendant. *See, e.g., Farmer v. Indyke*, No. 19 CIV. 10475, 2021 WL 516865, at *2 (S.D.N.Y. Feb. 10, 2021) (denying a request for a condition because she did not present "the type of prejudice the rule was intended to prevent"). As discussed above, AII has not shown that it would unduly suffer because of a dismissal with prejudice. In addition, it is far from certain that Northwell's motion to quash its subpoena would be denied, which means it may ever be required to disclose the study participants' identities anyway. Given Gref's withdrawal of Dr. Moline's reliance on the 2023 article, that information is no longer relevant to this case, so there is no guarantee AII would be entitled to that

6

information at all—especially in light of the Court's disposition of AII's first Northwell subpoena under similar circumstances. (*See* Report at 10–11.) Finally, AII's requests are grounded in the desire to obtain information that it does not even intend to use in this case. Instead, AII seeks this discovery to use in *other* cases, which is not a good enough reason to impose it as a condition on dismissal in this case. *See Farmer*, 2021 WL 516865, at *2 ("[I]f she wants information to use in her defense in the criminal case, then she should try to obtain the information using the procedures available in that case."); (Report at 11.)

## IV. AII HAS NOT MADE THE REQUIRED SHOWING FOR AN AWARD OF COSTS

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54. The term "costs" in Rule 54(d)(1) refers to the items enumerated in 28 U.S.C. § 1920. *India.com, Inc. v. Dalal*, No. 02 CIV 0111 DLC, 2010 WL 2758567, at *1 (S.D.N.Y. July 13, 2010) (citing *Whitfield v. Scully*, 241 F.3d 264, 269 (2d Cir. 2001), *abrogated by Bruce v. Samuels*, 577 U.S. 82, 136 S. Ct. 627 (2016)). Such costs include "[f]ees for printed or electronically recorded transcripts" and "[f]ees for exemplification and the costs of making copies of any materials," where such transcripts and copies are "necessarily obtained for use in the case." 28 U.S.C.A. § 1920.

Importantly, the initial burden "is on the prevailing party to establish to the court's satisfaction that the taxation of costs is justified." *Nat. Organics, Inc. v. Nutraceutical Corp.*, No. 01 CIV. 0384, 2009 WL 2424188, at *2 (S.D.N.Y. Aug. 6, 2009) (quoting *John & Kathryn G. v. Bd. of Educ. of Mount Vernon Pub. Sch.*, 891 F.Supp. 122, 123 (S.D.N.Y.1995)). To meet this burden, the prevailing party must "demonstrate[] the amount of its costs and that they fall within an allowable category of taxable costs." *Id.* (quoting *Patterson v. McCarron*, No. 99 Civ. 11078, 2005 WL 735954, at *1 (S.D.N.Y. Mar.30, 2005)). A prevailing party is only entitled to the presumption of costs if they meet this burden. *See id.*

AII has not met this burden and is therefore not entitled to the presumption of cost recovery. Nowhere in its briefing, in front of the Magistrate Judge or in front of this Court, does it point to a specific amount it seeks to recover in costs—let alone provide this Court or Gref with an itemized list of costs that fall into the categories listed in 28 U.S.C. § 1920.[2] (*See* Opp. at 17–18; *see generally* Obj.) This is even after Gref specifically requested such an itemized list of costs from AII; AII did not provide that information then, and it still has not done so now. (*See* Pl.'s Opp. to AII's Obj., ECF No. 464, at 3.) Nor has AII provided any justification for awarding costs. AII has had multiple opportunities to provide this Court with an accounting of the costs it has incurred during this litigation and the categories in which they fall, and it has not. Thus, AII has failed to meet its burden and is not entitled to recover costs.

## V. CONCLUSION

Plaintiff's motion to dismiss this case with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) is GRANTED. This dismissal is to be without an award of fees or costs to AII. The Clerk of the Court is directed to close the motion at ECF No. 448.

Dated: MAR 0 5 2025
New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

---

[2] AII did not request an award of costs individually in front of Magistrate Judge Figueredo; instead, it asked for fees and costs together. (*See* Opp. at 17–18.)

8