# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIAN JOSEPH GREF,<br><br>   Plaintiff,<br><br>v.<br><br>AMERICAN INTERNATIONAL INDUSTRIES, *et al.*,<br><br>   Defendants. | No. 1:20-cv-005589-GBD<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR RULE 45 SANCTIONS** |

# TABLE OF CONTENTS

SUMMARY ........................................................................................................................ 1

FACTS ............................................................................................................................... 2

LAW ................................................................................................................................... 6

ANALYSIS ......................................................................................................................... 9

    I.    AII Imposed an Undue Burden on Northwell. ................................................ 9

    II.    AII Failed to Take Reasonable Steps to Avoid Imposing an Undue Burden on Northwell. ...................................................................................................... 10

    III.    Northwell's Reasonable Attorney Fees and Costs from March 2024 through April 1, 2025 ....................................................................................................... 12

CONCLUSION ................................................................................................................. 14

Pursuant to Rule 45(d)(1) of the Federal Rules of Civil Procedure, nonparty Northwell Health, Inc. ("Northwell"), by and through its undersigned counsel, provides this brief in further support of its prior motion for an Order awarding it its reasonable attorneys' fees and costs from Defendant American International Industries ("AII"). ECF Nos. 364, 365, and 366. Rule 45(d) mandates an appropriate sanction—which may include an award of reasonable attorneys' fees and costs—upon a finding that a party failed to take reasonable steps to avoid imposing undue burden when serving a subpoena. Fed. R. Civ. P. 45. AII so failed. For the reasons set forth below, this Court should award Northwell its reasonable attorneys' fees and costs as required by Rule 45(d)(1).

**SUMMARY**

Northwell is not a party to this case. Yet over the course of this litigation, AII served it with three separate subpoenas. As a result of substantial motion practice, none of them was successful. In its overzealousness, AII dragged nonparty Northwell through years of litigation: unnecessarily imposing fees and costs and forcing Northwell to expend time and energy combatting a flurry of subpoenas, at least one of which AII knew was unwarranted by facts and controlling law. AII did so knowing full well that it was inflicting a burden on Northwell. And at a certain point, AII knew the burden it was inflicting was undue. But it persisted in its unreasonable third-party discovery anyway.

By December 2023, AII was the last defendant remaining in this case. And by March 2024, Plaintiff offered it a dismissal with prejudice. It was clear then that the case was ending. There was no need for AII to defend claims that would be dismissed with prejudice, the outcome AII had fought for all along. At that juncture, there was no longer any need—if there ever was at all—for the subpoenaed information. But AII refused the offer of dismissal with prejudice. It chose to keep litigating, and it chose to continue pressing the Northwell subpoena—not because it had a

1

need for the subpoenaed information in this case, but because it hoped to use the information in future cases around the country.

Then, in July 2024, it became even more obvious that AII had no need for the subpoenaed information (if it ever did). Plaintiff notified the Court and all parties that it was withdrawing reliance on Dr. Moline's 2023 article, and by extension the subpoenaed information. Thus, AII knew there was no need to defend against claims the plaintiff was offering to dismiss with prejudice, and it knew that even if there was such a need, the subpoenaed information was no longer relevant.

At that same time, AII knew that its subpoena imposed an undue burden on Northwell—because this Court had already said so, and because Northwell notified AII in writing of the burden. But AII continued to press. It needlessly dragged Northwell through at least eight more months of litigation. Northwell's pending motion for Rule 45 sanctions is a request for protection from that undue burden and expense. It is a request to shift that burden back where it belongs: with AII. As explained below, this Court should award Northwell its reasonable attorney fees and costs—beginning in March 2024, when AII learned that it need not defend the claims against it any longer, and continuing through the present.

## FACTS

| Date | Event |
|---|---|
| September 27, 2022 | AII issues its first subpoena to nonparty Northwell, seeking the identities of anonymous individuals referenced in a 2020 article (the "2020 Article") authored by Plaintiff's expert, Dr. Jacqueline Moline, and others (the "First Subpoena"). ECF No. 265-1. |
| November 4, 2022 | Northwell files a Motion to Modify the First Subpoena. ECF Nos. 264-66. |

| | |
|---|---|
| January 23, 2023 | AII issues a second subpoena to Northwell, seeking to compel the appearance of Northwell witnesses to testify—not at an evidentiary hearing—but at a motion hearing on Northwell's Motion to Modify the First Subpoena (the "Second Subpoena"). ECF No. 321-1. |
| January 25, 2023 | AII withdraws its Second Subpoena after Northwell confronts it with the fact that the subpoena was procedurally improper. ECF No. 321-1. |
| February 8, 2023 | The Court conducts a hearing on Northwell's Motion to Modify AII's First Subpoena. ECF No. 310. It does not rule on the Motion pending further briefing by Northwell and the parties. *Id.* pp. 145-47. |
| May 19, 2023 | Following supplemental briefing, the Court conducts a telephonic hearing on Northwell's Motion to Modify the First Subpoena. The Court grants Northwell's Motion to Modify, holding that the First Subpoena imposes an undue burden on Northwell and that Plaintiff's withdrawal of reliance on the 2020 Article negates any need for the information requested. ECF Nos. 347; 352, pp. 12, 21 ("Northwell Health **has made an ample showing that it will be unduly burdensome** for them to disclose the identities of these individuals." (emphasis added)). |
| May 26, 2023 | AII issues a third subpoena to nonparty Northwell (the "Third Subpoena"). The subpoena seeks the identities of anonymous individuals referenced in Dr. Moline's 2023 article (the "2023 Article"). ECF No. 366-1. |
| June 14, 2023 | Northwell moves to quash the Third Subpoena. ECF Nos. 364-66. |
| August 4, 2023 | AII (untimely) responds in opposition to Northwell's Motion to Quash the Third Subpoena and cross-moves to enforce the subpoena. ECF No. 391. |
| September 7, 2023 | AII and the other defendants file a Joint Motion to Preclude Plaintiff's Supplemental Expert Disclosures. ECF Nos. 398-400. Pursuant to this motion, AII seeks, *inter alia*, to "preclude all evidence, argument, and reference to Dr. Moline's 2023 Article . . . ." ECF No. 399, p. 18. |
| September 13, 2023 | Northwell moves to stay its deadline for replying in support of its Motion to Quash because AII "joined the recent Joint Motion to Preclude Plaintiff's Supplemental Expert Disclosures . . . [which] may potentially render Dr. Moline's 2023 article irrelevant to this litigation." ECF No. 401, p. 1. AII opposes this motion despite the potential for AII's Joint Motion to Preclude to moot Northwell's Motion to Quash (and therefore obviate the need for any additional briefing by Northwell). *Id.*, pp. 1-3. |
| September 14, 2023 | Over AII's objection, the Court stays Northwell's deadline to file a reply brief in support of its Motion to Quash pending resolution of the Joint |

3

| | |
|---|---|
| | Motion to Preclude Plaintiff's Supplemental Expert Disclosures.  ECF No. 403. |
| November 11, 2023 | Plaintiff files a Notice of Settlement as to Certain Defendants indicating it has resolved its claims with all defendants except AII.  ECF No. 410. |
| March 2024 | Plaintiff offers to dismiss his claims against AII with prejudice and without fees or costs.  ECF No. 448-21, p. 7; ECF No. 431, p. 7. |
| April 24, 2024 | The Court denies the Joint Motion to Preclude Plaintiff's Supplemental Expert Disclosures.  ECF No. 432. |
| July 22, 2024 | Plaintiff files a letter motion with the Court withdrawing all reliance on the 2023 Article.  ECF No. 445 ("To be clear, this article will no longer play any role in this action."). |
| July 22, 2024 | Undersigned counsel emails counsel for AII noting the lack of need for the subpoenaed information, the undue burden being imposed, and the law of the case:<br><br>As you know, given the parties' unsuccessful settlement conference, the Court has ordered Northwell to file its reply brief in support of its motion to quash on or before August 1[,] [2024]. However, earlier this morning, [Plaintiff] filed a letter motion with the Court withdrawing his reliance on Dr. Moline's 2023 article (the subject of AII's extant [Third] [S]ubpoena and Northwell's motion to quash).  In our view, this withdrawal moots the motion to quash and [AII's] cross motion to compel.  With that, will AII voluntarily withdraw its [Third] [S]ubpoena to Northwell?<br><br>ECF No. 447-1. |
| July 23, 2024 | Counsel for AII refuses to withdraw the Third Subpoena. ECF No. 447-1. |
| July 24, 2024 | Undersigned counsel again emails counsel for AII:<br><br>I would be remiss if I did not point out that the Court has already soundly rejected the arguments you make below in connection with AII's [First] [S]ubpoena to Northwell (in this same case, no less).  As you will recall, after Gref withdrew reliance on Dr. Moline's 2020 article (the subject of the [First] [S]ubpoena), the Court granted Northwell's motion to modify the subpoena and denied AII's cross motion to compel.  After hearing the parties' |

4

| | |
|---|---|
| | respective positions in the May 19, 2023 hearing—including the same arguments you make in your email below—the Court rejected AII's arguments. The Court specifically found that under Rule 45, Northwell had made an ample showing that responding to the subpoena would be unduly burdensome, and that absent Dr. Moline's reliance on the article, the article had no relevance. With that, the Court concluded that the Rule 45 calculus did not work in AII's favor.<br><br>Given the Court's view as to the effect of [Plaintiff]'s withdrawal of reliance on the 2020 article on AII's [First] [S]ubpoena, Northwell does not believe there is any good faith basis for AII to continue pursuing its extant [Third] [S]ubpoena now. We reiterate our request that AII voluntarily withdraw the subpoena. Please indicate if AII will persist in its refusal to withdraw.<br><br>ECF No. 447-1. |
| July 26, 2024 | Counsel for AII again refuses to withdraw the Third Subpoena. ECF No. 447-1. |
| July 31, 2024 | Plaintiff files a motion to dismiss its claims against AII with prejudice. ECF No. 448. The filing includes the following proposed order:<br><br>IT IS HEREBY ORDERED, that the above-captioned action, including all claims and crossclaims asserted therein, are hereby dismissed as to Defendant American International Industries, Individually and as successor-in-interest for the Clubman brand, and to the Neslemur Company and the Pinaud Company, et al., with prejudice and without fees or costs, pursuant to the Federal Rules of Civil Procedure Rule 41(a)(2).<br><br>ECF No. 448-22. |
| July 31, 2024 | Northwell files its reply brief in support of its Motion to Quash. ECF No. 446. |
| August 15, 2024 | AII files a Motion for Leave to File a Sur-Reply and Sur-Reply in Support of American International Industries' Opposition to Northwell Health, Inc.'s Motion to Quash Subpoena and [AII's] Cross-Motion to Enforce Subpoena. ECF No. 452. |

5

| | |
|---|---|
| August 19, 2024 | Northwell files a Response in Opposition to Motion for Leave to File a Sur-Reply. ECF No. 454. |
| January 15, 2025 | The Court issues a Report and Recommendations, recommending that Plaintiff's motion to dismiss its claims against AII with prejudice be granted. ECF No. 459. The Court notes that AII opposes its own dismissal because it "seeks to continue this suit to obtain discovery for use in other lawsuits brought by other plaintiffs." *Id.* at 8. The Court also confirms that Plaintiff's withdrawal of reliance on the 2023 Article negates any need for the subpoenaed information:<br><br>    [Plaintiff], however, already indicated that he would withdraw his expert's reliance on Dr. Moline's 2023 article. *See* ECF No. 445. **As occurred with AII's first subpoena [to Northwell], the information AII seeks is now no longer relevant to a claim in this case, even if [Plaintiff] had elected to continue pursuing his claims (which he has not)**.<br><br>*Id.* at 10-11 (emphasis added). |
| January 30, 2025 | AII files objections to the Report and Recommendations. ECF No. 463. |
| March 5, 2025 | The District Court grants Plaintiff's motion to dismiss all claims against AII with prejudice. ECF No. 467. The Court notes that AII's opposition to dismissal is "rooted in the desire to obtain information that it does not even intend to use in this case." *Id.* at 7. The Court also holds that Plaintiff's withdrawal of reliance on the 2023 Article negates any need for the information AII seeks in its Third Subpoena to Northwell. *Id.* at 6 ("Given [Plaintiff's] withdrawal of Dr. Moline's reliance on the 2023 article, that information is no longer relevant to this case. . . ."). *Id.* at 6. |

## LAW

Rule 45 directs that a "party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). "The court for the district where compliance is required *must enforce this duty and impose an appropriate sanction*—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." Fed. R. Civ. P. 45(d)(1)

6

(emphasis added); *see also Breaking Media, Inc. v. Jowers*, No. 21 MISC. 194 (KPF), 2021 WL 1299108, at *7 (S.D.N.Y. Apr. 7, 2021) (recognizing that Rule 45 requires sanctions where undue burden is imposed and awarding attorneys' fees and expenses incurred in responding to a subpoena).

The Court retains jurisdiction to impose sanctions irrespective of the status of the underlying case because the imposition of sanctions is an issue collateral to and independent from the underlying case. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-396 (1990) (recognizing that "a federal court may consider collateral issues after an action is no longer pending," including motions for costs, attorney's fees, contempt sanctions, and Rule 11 sanctions because they are "not a judgment on the merits of an action"); *White v. New Hampshire Department of Employment Security*, 455 U.S. 445, 452 (1982) (holding that attorneys' fees entail collateral matters "uniquely separable from the cause of action to be proved at trial"); *see also Willy v. Coastal Corp.*, 503 U.S. 131, 137-139 (1992); *Chemiakin v. Yefimov*, 932 F.2d 124, 127 (2d Cir. 1991); *cf. Valley Disposal, Inc. v. Central Vermont Solid Waste Management Dist.*, 71 F.3d 1053, 1056 (2d Cir. 1995) (addressing motion for attorney's fees after voluntary dismissal of underlying case); *see also Compass, Inc. et al v. Real Estate Board of New York, Inc.*, 1:21CV02195 (Motion for Attorneys' Fees and Costs under Rule 45(d)(1) filed by non-party in SDNY a month and a half after Order voluntarily dismissing the case in the same court).

"Courts typically undertake a two-part inquiry to determine whether sanctions are warranted under Rule 45(d)(1): [i] whether the challenged subpoena imposed an undue burden or expense on the persons subject thereto; and [ii] if so, what, if any, reasonable steps the subpoenaing party and its counsel took to avoid imposing such a burden." *Breaking Media, Inc. v. Jowers*, No. 21 MISC. 194 (KPF), 2021 WL 1299108, at *7 (S.D.N.Y. Apr. 7, 2021) (citation omitted).

"Whether a subpoena imposes an 'undue burden' depends upon such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, and particularity with which the documents are described and the burden imposed." *Id*. at *5; *see also Night Hawk Ltd. v. Briarpatch Ltd., L.P.*, No. 03 Civ. 1382, 2003 WL 23018833, at *9 (S.D.N.Y. 2003) ("Sanctions are properly imposed and attorneys' fees are awarded where, as here, the party improperly issuing the subpoena refused to withdraw it, requiring the non-party to institute a motion to quash.") (citing *Am. Int'l Life Assur. Co. of New York v. Vazquez*, No. 02 Civ. 141, 2003 WL 548736, at *2 (S.D.N.Y. 2003) (holding that Rule 45 sanctions were properly imposed when an attorney conveyed to the subpoenaing party that the testimony sought was covered by privilege which the client refused to waive but the subpoena was still issued)). "Undue burden is to be assessed in a case-specific manner[.]" *In re: Mod. Plastics Corp.*, 890 F.3d 244, 251 (6th Cir. 2018), *cert. denied*, 139 S. Ct. 289, 202 L. Ed. 2d 136 (2018) (upholding magistrate judge's "finding that sanctions were warranted under Rule(d)(1)").

Furthermore, a finding of bad faith on the part of the subpoenaing party is not necessary for an award of attorney's fees under Rule 45(d)(1). *Id*. "Although party witnesses must generally bear the burden of discovery costs, the rationale for the general rule is inapplicable where the discovery demands are made on nonparties. Nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party." *United States v. Columbia Broad. Sys., Inc.*, 666 F.2d 364, 371-72 (9th Cir. 1982).

## ANALYSIS

**I.     AII Imposed an Undue Burden on Northwell.**

AII's Third Subpoena imposes an undue burden on Northwell. ECF No. 313, p. 6; ECF No. 266 § III A.[1] And as a non-party, that burden is entitled to special weight and consideration. *See In re Terrorist Attacks on Sept. 11, 2001*, 523 F. Supp. 3d 478, 489 (S.D.N.Y. 2021) ("'[C]oncern for the unwarranted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs' in [a] Rule 45 inquiry."). In granting Northwell's Motion to Modify AII's First Subpoena, which was nearly identical to the Third Subpoena, this Court ruled that "Northwell Health has made an ample showing that it will be unduly burdensome for [it] to disclose the identities of these individuals." ECF 352 p. 21. That holding is the law of this case.

Just one week after the Court's ruling on the First Subpoena, AII issued the Third Subpoena, seeking a nearly identical category of information as the First Subpoena: the disclosure of the identities of anonymous individuals referenced in an article by Dr. Moline.[2] AII did so with full knowledge of the Court's ruling on the First Subpoena and of the undue burden it was

---

[1] *See generally Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 190 n.3 (4th Cir. 2019) ("The text of Rule 26 confirms that 'burden' means more than the financial costs of compliance: it speaks of the 'burden or expense' of discovery, . . .which implies that these terms are not coextensive."); *Fappiano v. City of New York*, 640 F. App'x 115, 121 (2d Cir. 2016) (affirming trial court's order incorporating the witness's "interest in maintaining her privacy" into the burden analysis); *Peninsula Pathology*, 2022 WL 19574484, at *2 (quashing AII's subpoena for information from another researcher for use in connection with this litigation, imposing sanctions, and explaining that "when assessing the burden to the recipient, courts should consider, among other things, the financial cost of producing the information as well as 'other cognizable burdens,' such as (1) the impact of production on privacy or confidentiality interests; (2) the interests—including business interests—of the recipient and others who might be affected; and (3) whether the subpoena is overbroad and would require 'tailoring' by the nonparty").

[2] The subject of the First Subpoena was the identities of the individuals anonymously referenced in Dr. Moline's 2020 Article, and the subject of the Third Subpoena was the identities of the individuals anonymously referenced in Dr. Moline's 2023 Article.

9

imposing.  In response to the Third Subpoena, Northwell filed a Motion to Quash, reiterating the undue burden being imposed, reminding AII of the Court's prior ruling, and noting the lack of need for the subpoenaed information.  ECF No. 365 pp. 6, 13-15 (explaining that the burden imposed by the Subpoena and comparing that against the total lack of need for the subpoenaed information).  That was in June 2023.  AII continued to press the subpoena, thereby dragging Northwell through litigation for nearly two more years.

II. **AII Failed to Take Reasonable Steps to Avoid Imposing an Undue Burden on Northwell.**

At the time it served its Third Subpoena in May of 2023, AII knew this Court had already ruled that forcing the disclosure of the identities of anonymous subjects imposed an "undue burden" on Northwell.  ECF No. 352, p. 21.  After Northwell objected to the subpoena and separately moved to quash, AII persisted in pressing for the subpoenaed information.

Then, in March of 2024, Plaintiff offered AII a dismissal with prejudice.  Such a dismissal "constitutes a final judgment on the merits, which means it has preclusive effect with respect to all issues and matters that were or could have been litigated in th[e] suit."  ECF No. 467, p 5.  With that offer in-hand in March 2024, AII had no need to defend Plaintiff's claims.  Plaintiff was offering it total victory.  As a result, there was no longer any possible need for the subpoenaed information (if there ever was).  The fact that AII *chose* to reject Plaintiff's offer because it wanted to keep litigating, *voluntarily*, did not create a need for the subpoenaed information.  And it did not relieve AII of its obligation to take reasonable steps to avoid imposing undue burden on nonparty Northwell.  When AII chose to ignore that obligation in favor of its desire to continue litigating despite the offered dismissal with prejudice, it knowingly exposed itself to the sanctions mandated by Rule 45.

AII's conduct became even more egregious in July 2024. That month, Plaintiff served a letter on the Court and all parties—including AII—formally withdrawing reliance on Dr. Moline's 2023 Article. ECF No. 445 ("To be clear, this article will no longer play any role in this action."). Thus, even setting aside that Plaintiff was offering to dismiss all claims against AII with prejudice such that litigation on the merits would no longer be necessary, any further litigation would not involve the Article or the subpoenaed information. Fourteen months earlier, when it granted Northwell's motion to modify AII's First Subpoena, this Court recognized that such a withdrawal of reliance negates any possible need for the subpoenaed information:

> "I'm not going to give you a written decision because it's pretty clear, given [Plaintiff's counsel's] statements on the record, that [Plaintiff is] not at all using or relying on Dr. Moline's 2020 article, that there just isn't a basis to conclude that the article is relevant. And for the reasons we've discussed at length at two conferences, **the burden on Northwell Health here, there's no way defendants can overcome the showing of burden if there's no relevance hook. And if Dr. Moline is not relying on her article, there is no relevance hook**."

ECF No. 352 p 12 (emphasis added).[3] Since that ruling in May of 2023, AII has been aware that a withdrawal by Plaintiff of reliance on a Dr. Moline article eliminates the relevance of the subpoenaed information about the article. Thus, when Plaintiff filed its letter withdrawing reliance on Dr. Moline's 2023 Article in July 2024, Plaintiff knew that that reliance eliminated any remaining need for the subpoenaed information. Northwell even flagged the issue for AII in a series of emails in July 2024 emphasizing the law of the case, the lack of need, and the undue

---

[3] This conclusion was later confirmed by the District Court, which held that Plaintiff's July 2024 withdrawal of reliance on the 2023 Article negated the 2023 Article's relevance to this case. ECF No. 467, p. 6 ("Given [Plaintiff's] withdrawal of Dr. Moline's reliance on the 2023 article, that information is no longer relevant to this case. . . .").

11

burden being imposed. ECF No. 447, Ex A. Referring to the law of the case as established by the Court's May 19, 2023 ruling, Northwell said:

> The Court specifically found that under Rule 45, Northwell had made an ample showing that responding to the [First] [S]ubpoena would be unduly burdensome, and that absent Dr. Moline's reliance on the article, the article had no relevance. With that, the Court concluded that the Rule 45 calculus did not work in AII's favor.
>
> Given the Court's view as to the effect of [Plaintiff]'s withdrawal of reliance on the 2020 article on AII's previous subpoena, Northwell does not believe there is any good faith basis for AII to continue pursuing its extant subpoena now. We reiterate our request that AII voluntarily withdraw the subpoena. Please indicate if AII will persist in its refusal to withdraw.

*Id.* Later in the same email chain, Northwell reiterated that it was continuing to incur unnecessary fees and expenses: "We continue to devote time and resources to the briefing necessitated by AII's [Third] [S]ubpoena, and expect those efforts to accelerate as we approach our August 1, 2024 reply deadline." *Id.* Despite knowledge of the burden, lack of need, and law of the case, AII continued to press for a response to its subpoena, thereby inflicting additional undue burden and expense on Northwell. Thus, AII continued to drag Northwell through litigation to which Northwell is not a party for at least the next eight months.

### III. Northwell's Reasonable Attorney Fees and Costs from March 2024 through April 1, 2025

Courts in the Second Circuit determine attorney fees using the lodestar test. The test results in a "presumptively reasonable fee" by calculating the number of hours reasonably expended by counsel on the litigation and multiplying that number of hours by reasonable hourly rates. *See Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir.2011). To determine the reasonable hourly rate, the Court's analysis is guided by the market rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v.*

*Stenson*, 465 U.S. 886, 895n.11 (1984). The relevant community is the district in which the district court sits. *Lcs Group Llc v. Shire Llc*, No. 18 Civ. 02688, 2020 U.S. Dist. LEXIS 3817, at *8 (S.D.N.Y. Jan. 8, 2020) (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008)). Courts evaluate the "evidence proffered by the parties" and may take "judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district."*Farbotko v. Clinton County of N.Y.*, 433 F.3d 204, 209 (2d Cir. 2005).

"The determination of fees 'should not result in a second major litigation.'" *Lcs Group Llc*, 2020 U.S. Dist. LEXIS 3817, at *9 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437(1983)). Indeed, "trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

Northwell seeks an award of its reasonable attorney fees and costs from March 2024—when AII first learned that litigation was no longer necessary because it had been offered a full dismissal with prejudice and without costs—through present. From March 2024 through April 1[4], 2024, Northwell incurred a total of no less than $68,663.70 in attorney fees, corresponding to at least 116.3 hours of legal work. Huff decl. Northwell incurred total costs during that time of $477.14. A detailed breakdown of the fees, rate, and hours billed by each lawyer is included in the attached declaration of lead counsel Nathan A. Huff. As indicated therein, the rates charged

---

[4] This time period represents the data available as of the time of drafting this brief. The accrual of unnecessary legal expense is ongoing. Undersigned counsel can submit revised totals and any necessary supporting documents upon request.

13

by undersigned counsel in this case are well below market average for the Southern District of New York for attorneys of similar skill, experience, and reputation. *See generally Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *accord, e.g.*, *SEC v. Yorkville Advisors, LLC*, No. 12 Civ. 7728, 2015 U.S. Dist. LEXIS 24578 (S.D.N.Y. Feb. 27, 2015) (2015 decision holding that "The prevailing market rates for attorneys and paralegals in the Southern District of New York for fees incurred on discovery motions range from $450 to $600 for partners, $220 to $400 for associates and $100 to $200 for paralegals."); *A.V.E.L.A., Inc. v. Estate of Monroe*, No. 12 Civ. 4828, 2014 U.S. Dist. LEXIS 98083, at *9 (S.D.N.Y. July 18, 2014) (2014 decision finding that $600 per hour is reasonable for partner rates for motion to compel fee awards).

## CONCLUSION

For the foregoing reasons, Northwell respectfully requests that the Court grant its Motion, and award it its reasonable attorneys' fees and costs incurred from March 15, 2024 through the present.

This the 10th day of April, 2025.

                                         **K&L GATES LLP**

                                         /s/ Nathan A. Huff
                                         Nathan A. Huff (*admitted pro hac vice*)
                                         North Carolina State Bar No. 40626
                                         Anderson M. Shackelford (*admitted pro hac vice*)
                                         North Carolina State Bar No. 49510
                                         430 Davis Dr., Suite 400
                                         Morrisville, North Carolina 27560
                                         Telephone:  (919) 789-5703
                                         Facsimile:  (919) 789-5301
                                         E-mail: nate.huff@klgates.com
                                         E-mail: anderson.shackelford@klgates.com

                                         *Counsel for Non-Party Northwell Health, Inc.*