

| | |
|---|---|
| Robert Thackston<br>T 469.484.4790<br>robert.thackston@nelsonmullins.com | NELSON MULLINS RILEY & SCARBOROUGH LLP<br>ATTORNEYS AND COUNSELORS AT LAW<br><br>3333 Lee Pkwy \| SUITE 750<br>Dallas, TX 75219<br>T 469.484.4790   F 469.828.7217<br>nelsonmullins.com |

June 19, 2025

**VIA ECF**
The Honorable Valerie Figueredo
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY  10007-1312

      **RE:**   *Gref v. American International Industries, et al.* **- Case No. 20-cv-05589**

Dear Justice Figueredo,

      In Northwell Health Inc.'s ("Northwell") Memorandum in Support of Motion for Rule 45 Sanctions (ECF 469), Northwell referenced a District Court order in Peninsula Pathology Associates v. American International Industries (2022 WL 19574484), which was subsequently appealed by A-I-I. Please see the attached order and judgment issued by the Fourth Circuit Court of Appeals yesterday.

                                        Regards,

                                        Lathrop GPM LLP

                                        Robert E. Thackston, Partner

/Encl.

FILED: June 18, 2025

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-1972
(4:22-mc-00001-AWA-DEM)

PENINSULA PATHOLOGY ASSOCIATES,

        Petitioner - Appellee,

v.

AMERICAN INTERNATIONAL INDUSTRIES,

        Respondent - Appellant,

------------------------------

AMERICAN TORT REFORM ASSOCIATION,

        Amicus Supporting Appellant.

O R D E R

American International Industries appeals the district court's August 14, 2023, order affirming the magistrate judge's December 23, 2022, order granting Peninsula Pathology Associates's motion to quash a third-party subpoena that AII issued to PPA in connection with *Gref v. American International Industries*, No. 20-cv-5589

(S.D.N.Y.). In its order, the district court ruled both that AII's subpoena unduly burdened PPA and that PPA was entitled to sanctions under Federal Rule of Civil Procedure 45(d). The magistrate judge later entered an order calculating the sanctions amount, to which AII objected. AII's objections remain outstanding in the district court.

While this appeal was pending, the United States District Court for the Southern District of New York granted the *Gref* plaintiff's motion to voluntarily dismiss his lawsuit with prejudice. *Gref*, No. 20-cv-5589, 2025 WL 712812, at *4 (S.D.N.Y. Mar. 5, 2025). PPA moves to dismiss this appeal as moot based on that intervening circumstance. AII "does not oppose dismissal of its appeal *if* such dismissal also includes vacating the district court's order finding sanctions were warranted." Resp. to Mot. to Dismiss at 1, ECF No. 61. In reply, PPA opposes vacatur of the district court's order.

We conclude that AII's appeal from the district court's undue burden ruling is moot given the *Gref* lawsuit's dismissal with prejudice. Because "a Rule 45 subpoena issues in aid of a trial proceeding," "the termination of that trial proceeding voids the subpoena and moots any ongoing litigation regarding it." *In re Apollo Grp., Inc. Sec. Litig.*, 329 F. App'x 283, 284 (D.C. Cir. 2009); *see Fleet Feet, Inc. v. NIKE, Inc.*, 986 F.3d 458, 463 (4th Cir. 2021).

2

On the other hand, we are satisfied that the district court's sanctions ruling in its August 14, 2023, order is not moot.* The parties actively dispute the amount of PPA's fees, and that "fee-shifting issue" remains justiciable even though "the substantive question underlying the fee award" is not. *J.S. v. Westerly Sch. Dist.*, 910 F.3d 4, 9 (1st Cir. 2018); *see Ctr. for Biological Diversity v. Marina Point Dev. Co.*, 566 F.3d 794, 804-06 (9th Cir. 2009).

But that sanctions ruling isn't properly before us. The district court never decided how much AII should pay. If "the amount of [a] fee award has not been determined, a district court order granting attorney's fees is not final." *MetLife Life & Annuity Co. of Conn. v. Akpele*, 886 F.3d 998, 1008 (11th Cir. 2018) (cleaned up). And the magistrate judge's order awarding fees isn't appealable in its own right. *See LoSacco v. City of Middletown*, 71 F.3d 88, 91 (2d Cir. 1995).

Finally, we must consider whether to vacate any part of the district court's decision. "Our customary practice when a case is rendered moot on appeal is to vacate the moot aspects of the lower court's judgment." *Omeish v. Kincaid*, 86 F.4th 546, 554 (4th Cir. 2023) (cleaned up). Because AII has been "frustrated from securing appellate review" of the district court's decision to quash AII's subpoena

---

* Although the district court's sanctions ruling isn't moot, that alone can't rescue this appeal. An "interest in attorney's fees is . . . insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 480 (1990).

3

through no fault of its own, we will vacate that part of the district court's judgment. *Id.*; *see Hirschfeld v. Bureau of Alcohol, Firearms, Tobacco & Explosives*, 14 F.4th 322, 327 (4th Cir. 2021).  Because "we are a court of review, not first view," we leave to the district court to decide how, if it all, our vacatur affects its sanctions ruling.  *United States v. Frank*, 8 F.4th 320, 333 (4th Cir. 2021).

Accordingly, we grant PPA's motion to dismiss and dismiss the appeal.  We also vacate the district court's judgment quashing AII's subpoena.

Entered at the direction of the panel: Chief Judge Diaz, Judge Wilkinson, and Judge Berner.

    For the Court

    /s/ Nwamaka Anowi, Clerk

FILED: June 18, 2025

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-1972,   Peninsula Pathology Associates v. American International Industries
4:22-mc-00001-AWA-DEM

_____

NOTICE OF JUDGMENT
_____

Judgment was entered on this date in accordance with Fed. R. App. P. 36. Please be advised of the following time periods:

**PETITION FOR WRIT OF CERTIORARI:** The time to file a petition for writ of certiorari runs from the date of entry of the judgment sought to be reviewed, and not from the date of issuance of the mandate. If a petition for rehearing is timely filed in the court of appeals, the time to file the petition for writ of certiorari for all parties runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment. See Rule 13 of the Rules of the Supreme Court of the United States; www.supremecourt.gov.

**VOUCHERS FOR PAYMENT OF APPOINTED OR ASSIGNED COUNSEL:** Vouchers must be submitted within 60 days of entry of judgment or denial of rehearing, whichever is later. If counsel files a petition for certiorari, the 60-day period runs from filing the certiorari petition. (Loc. R. 46(d)). If payment is being made from CJA funds, counsel should submit the CJA 20 or CJA 30 Voucher through the CJA eVoucher system. In cases not covered by the Criminal Justice Act, counsel should submit the Assigned Counsel Voucher to the clerk's office for payment from the Attorney Admission Fund. An Assigned Counsel Voucher will be sent to counsel shortly after entry of judgment. Forms and instructions are also available on the court's website, www.ca4.uscourts.gov, or from the clerk's office.

**BILL OF COSTS:** A party to whom costs are allowable, who desires taxation of costs, shall file a Bill of Costs within 14 calendar days of entry of judgment. (FRAP 39, Loc. R. 39(b)).

**PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC:** A petition for rehearing must be filed within 14 calendar days after entry of judgment, except that in civil cases in which the United States or its officer or agency is a party, the petition must be filed within 45 days after entry of judgment. A petition for rehearing en banc must be filed within the same time limits and in the same document as the petition for rehearing and must be clearly identified in the title. The only grounds for an extension of time to file a petition for rehearing are the death or serious illness of counsel or a family member (or of a party or family member in pro se cases) or an extraordinary circumstance wholly beyond the control of counsel or a party proceeding without counsel.

Each case number to which the petition applies must be listed on the petition and included in the docket entry to identify the cases to which the petition applies. A timely filed petition for rehearing or petition for rehearing en banc stays the mandate and tolls the running of time for filing a petition for writ of certiorari. In consolidated criminal appeals, the filing of a petition for rehearing does not stay the mandate as to co-defendants not joining in the petition for rehearing. In consolidated civil appeals arising from the same civil action, the court's mandate will issue at the same time in all appeals.

A petition for rehearing must contain an introduction stating that, in counsel's judgment, one or more of the following situations exist: (1) a material factual or legal matter was overlooked; (2) a change in the law occurred after submission of the case and was overlooked; (3) the opinion conflicts with a decision of the U.S. Supreme Court, this court, or another court of appeals, and the conflict was not addressed; or (4) the case involves one or more questions of exceptional importance. A petition for rehearing, with or without a petition for rehearing en banc, may not exceed 3900 words if prepared by computer and may not exceed 15 pages if handwritten or prepared on a typewriter. Copies are not required unless requested by the court. (FRAP 40, Loc. R. 40(c)).

**MANDATE**: In original proceedings before this court, there is no mandate. Unless the court shortens or extends the time, in all other cases, the mandate issues 7 days after the expiration of the time for filing a petition for rehearing. A timely petition for rehearing, petition for rehearing en banc, or motion to stay the mandate will stay issuance of the mandate. If the petition or motion is denied, the mandate will issue 7 days later. A motion to stay the mandate will ordinarily be denied, unless the motion presents a substantial question or otherwise sets forth good or probable cause for a stay. (FRAP 41, Loc. R. 41).

# U.S. COURT OF APPEAL FOR THE FOURTH CIRCUIT BILL OF COSTS FORM
(Civil Cases)

**Directions:** Under FRAP 39(a), the costs of appeal in a civil action are generally taxed against appellant if a judgment is affirmed or the appeal is dismissed. Costs are generally taxed against appellee if a judgment is reversed. If a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed as the court orders. A party who wants costs taxed must, within 14 days after entry of judgment, file an itemized and verified bill of costs, as follows:
• Itemize any fee paid for docketing the appeal. The fee for docketing a case in the court of appeals is $600 (effective 12/1/2023). The $5 fee for filing a notice of appeal is recoverable as a cost in the district court.
• Itemize the costs (not to exceed $.15 per page) for copying the necessary number of formal briefs and appendices. (The court typically orders 4 copies when tentatively calendared; 0 copies for service unless brief/appendix is sealed.). The court bases the cost award on the page count of the electronic brief/appendix. Costs for briefs filed under an informal briefing order are not recoverable.
• Cite the statutory authority for an award of costs if costs are sought for or against the United States. See 28 U.S.C. § 2412 (limiting costs to civil actions); 28 U.S.C. § 1915(f)(1) (prohibiting award of costs against the United States in cases proceeding without prepayment of fees).
Any objections to the bill of costs must be filed within 14 days of service of the bill of costs. Costs are paid directly to the prevailing party or counsel, not to the clerk's office.

Case Number & Caption: _____

Prevailing Party Requesting Taxation of Costs: _____

| Appellate Docketing Fee (prevailing appellants): | | Amount Requested: _____ | | | Amount Allowed: _____ | |
|---|---|---|---|---|---|---|
| **Document** | **No. of Pages** | | **No. of Copies** | | **Page Cost (≤$.15)** | **Total Cost** | |
| | Requested | Allowed (court use only) | Requested | Allowed (court use only) | | Requested | Allowed (court use only) |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| **TOTAL BILL OF COSTS:** | | | | | | $0.00 | $0.00 |

1. If copying was done commercially, I have attached itemized bills. If copying was done in-house, I certify that my standard billing amount is not less than $.15 per copy or, if less, I have reduced the amount charged to the lesser rate.
2. If costs are sought for or against the United States, I further certify that 28 U.S.C. § 2412 permits an award of costs.
3. I declare under penalty of perjury that these costs are true and correct and were necessarily incurred in this action.

**Signature:** _____   **Date:** _____

### Certificate of Service

I certify that on this date I served this document as follows:

**Signature:** _____   **Date:** _____

FILED: June 18, 2025

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 23-1972
(4:22-mc-00001-AWA-DEM)

_____

PENINSULA PATHOLOGY ASSOCIATES

      Petitioner - Appellee

v.

AMERICAN INTERNATIONAL INDUSTRIES

      Respondent - Appellant

------------------------------

AMERICAN TORT REFORM ASSOCIATION

      Amicus Supporting Appellant

_____

J U D G M E N T
_____

In accordance with the decision of this court, this appeal is dismissed and judgment entered 08/14/2023, is vacated.

This judgment shall take effect upon issuance of this court's mandate in accordance with Fed. R. App. P. 41.

/s/ NWAMAKA ANOWI, CLERK